IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORACLE CORPORATION and ORACLE AMERICA, INC., | ) ) ) ) |
| Plaintiffs, | ) ) ) C.A. No. _____ |
| v. | ) ) ) |
| OASIS RESEARCH, LLC, | ) ) ) |
| Defendant. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Oracle Corporation and Oracle America, Inc. (hereinafter, collectively "Oracle") file this complaint for declaratory judgment against Defendant Oasis Research, LLC ("Oasis Research") and allege as follows:

### NATURE OF THE ACTION

1. This is an action for declaratory judgment of noninfringement and invalidity of six (6) United States Patents pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, and for such other relief as the Court deems just and proper.

### PARTIES

2. Plaintiff Oracle Corporation is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 500 Oracle Parkway, Redwood Shores, California, 94065, and is doing business in this District.

3. Plaintiff Oracle America, Inc. is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 500 Oracle Parkway, Redwood Shores, California, 94065, and is doing business in this District.

4. On information and belief, defendant Oasis Research, LLC, is a limited liability company organized and existing under the laws of the State of Delaware and claiming to have a place of business at 104 E. Houston St., Suite 190, Marshall, Texas 75670.

5. As alleged herein, Oasis Research has engaged in acts in and directed to Delaware.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

7. Oasis Research is subject to personal jurisdiction in Delaware by virtue of its incorporation under Delaware law.

8. Oasis Research purports to own rights in six United States Patents: U.S. Patent Nos. 5,771,354; 5,901,228; 6,014,651; 6,327,579; 6,411,943; and 7,080,051 (collectively, the "Patents-in-Suit"). On May 26, 2011, counsel for Oasis Research sent a letter to Oracle alleging that Oasis Research "owns several online services and technology patents," referring to an "attached table" which identifies and describes the six Patents-in-Suit, and further alleging "that Oracle Corporation ('Oracle') is actively utilizing and benefiting from technologies and features covered by Oasis' patents." The letter went on to provide an "example" of what Oasis Research referred to as Oracle's "utilization" of the Patents-in-Suit, alleging "that Oracle is offering for sale, selling, maintaining, and supporting various online fee-based SAAS products, including but not limited to Oracle on Demand and Oracle CRM on Demand" and that "[s]uch activities by Oracle infringe at least Oasis' U.S. Patent Nos. 6,327,579 and 7,080,051." The letter in conclusion made clear that, in the view of Oasis Research, Oracle must take "a license

from Oasis" "to allow Oracle [sic] continue its use of these patents." A copy of the May 26, 2011 letter is attached as Exhibit 1.

9. On information and belief, Oasis Research is a patent holding company that does not practice any of the Patents-in-Suit and that attempts to obtain licensing revenues in connection with its assertions of those patents.

10. Oasis Research has previously filed a patent infringement action against other companies, involving some but not all of the Patents-in-Suit, confirming its ability and willingness to file suit.

11. Oasis Research did not invent the technology claimed in the Patents-in-Suit. Instead, Oasis Research claims to have acquired the Patents-in-Suit from Intellectual Ventures Computing Platforce Assets LLC and now seeks to extract royalties by demanding that Oracle take a license.

12. Oasis Research is not entitled to any royalties from Oracle and Oracle does not need a license to the Patents-in-Suit. Oracle has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of any of the Patents-in-Suit, either literally or under the doctrine of equivalents.

13. A substantial controversy exists between Oracle and Oasis Research of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## THE PATENTS

14. U.S. Patent No. 5,771,354 ("the '354 patent") is entitled "Internet online backup system provides remote storage for customers using IDs and passwords which were interactively established when signing up for backup services," and bears an issuance date of June 23, 1998. A copy of the '354 patent is attached hereto as Exhibit 2.

15. U.S. Patent No. 5,901,228 ("the '228 patent") is entitled "Commercial online backup service that provides transparent extended storage to remote customers over telecommunications links," and bears an issuance date of May 4, 1999. A copy of the '228 patent is attached hereto as Exhibit 3.

16. U.S. Patent No. 6,014,651 ("the '651 patent") is entitled "Commercial online software distribution systems and methods using encryption for security," and bears an issuance date of January 11, 2000. A copy of the '651 patent is attached hereto as Exhibit 4.

17. U.S. Patent No. 6,327,579 ("the '579 patent") is entitled "Online computer services including help desk, anti-virus and/or application service features," and bears an issuance date of December 4, 2001. A copy of the '579 patent is attached hereto as Exhibit 5.

18. U.S. Patent No. 6,411,943 ("the '943 patent") is entitled "Internet online backup system provides remote storage for customers using IDs and passwords which were interactively established when signing up for backup services," and bears an issuance date of June 25, 2002. A copy of the '943 patent is attached hereto as Exhibit 6.

19. U.S. Patent No. 7,080,051 ("the '051 patent") is entitled "Internet download systems and methods providing software to internet computer users for local execution," and bears an issuance date of July 18, 2006. A copy of the '051 patent is attached hereto as Exhibit 7.

## COUNT I
### DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,771,354

20. Oracle repeats and realleges the allegations in paragraphs 1-19 as though fully set forth herein.

21. Oracle has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '354 patent, in connection with the services described in

Oasis's May 26, 2011 letter including both the Oracle On Demand and Oracle CRM On Demand services.

22. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

23. A judicial declaration is necessary and appropriate so that Oracle may ascertain its rights regarding the '354 patent.

## COUNT II
### DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,771,354

24. Oracle repeats and realleges the allegations in paragraphs 1-23 as though fully set forth herein.

25. The '354 patent is invalid for failure to meet the conditions of patentability of and to otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112. Claims of the '354 patent are invalid under 35 U.S.C. §§ 102 and 103 because such claims are anticipated and/or rendered obvious by prior art to the '354 patent under Oasis Research's apparent application of the claims of that patent. Additionally, under Oasis Research's apparent application of the claims of the '354 patent, the '354 patent is invalid for failing to meet the requirements of 35 U.S.C. § 112 including the requirements that the patent particularly point out and distinctly claim the subject matter which the applicant allegedly regarded as his invention and that the patent contain sufficient written description of the claimed subject matter under Oasis Research's apparent application of the claims. Additionally, under Oasis Research's apparent application of the claims, the patent claims subject matter not patentable under 35 U.S.C. § 101.

26. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

27. A judicial declaration is necessary and appropriate so that Oracle may ascertain its rights regarding the '354 patent.

## COUNT III
### DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,901,228

28. Oracle repeats and realleges the allegations in paragraphs 1-27 as though fully set forth herein.

29. Oracle has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '228 patent, in connection with the services described in Oasis's May 26, 2011 letter including both the Oracle On Demand and Oracle CRM On Demand services.

30. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

31. A judicial declaration is necessary and appropriate so that Oracle may ascertain its rights regarding the '228 patent.

## COUNT IV
### DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,901,228

32. Oracle repeats and realleges the allegations in paragraphs 1-31 as though fully set forth herein.

33. The '228 patent is invalid for failure to meet the conditions of patentability of and to otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and

112. Claims of the '228 patent are invalid under 35 U.S.C. §§ 102 and 103 because such claims are anticipated and/or rendered obvious by prior art to the '228 patent under Oasis Research's apparent application of the claims of that patent. Additionally, under Oasis Research's apparent application of the claims of the '228 patent, the '228 patent is invalid for failing to meet the requirements of 35 U.S.C. § 112 including the requirements that the patent particularly point out and distinctly claim the subject matter which the applicant allegedly regarded as his invention and that the patent contain sufficient written description of the claimed subject matter under Oasis Research's apparent application of the claims. Additionally, under Oasis Research's apparent application of the claims, the patent claims subject matter not patentable under 35 U.S.C. § 101.

34. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

35. A judicial declaration is necessary and appropriate so that Oracle may ascertain its rights regarding the '228 patent.

### COUNT V
### DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,014,651

36. Oracle repeats and realleges the allegations in paragraphs 1-35 as though fully set forth herein.

37. Oracle has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '651 patent, in connection with the services described in Oasis's May 26, 2011 letter including both the Oracle On Demand and Oracle CRM On Demand services.

38. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

39. A judicial declaration is necessary and appropriate so that Oracle may ascertain its rights regarding the '651 patent.

## COUNT VI
### DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,014,651

40. Oracle repeats and realleges the allegations in paragraphs 1-39 as though fully set forth herein.

41. The '651 patent is invalid for failure to meet the conditions of patentability of and to otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112. Claims of the '651 patent are invalid under 35 U.S.C. §§ 102 and 103 because such claims are anticipated and/or rendered obvious by prior art to the '651 patent under Oasis Research's apparent application of the claims of that patent. Additionally, under Oasis Research's apparent application of the claims of the '651 patent, the '651 patent is invalid for failing to meet the requirements of 35 U.S.C. § 112 including the requirements that the patent particularly point out and distinctly claim the subject matter which the applicant allegedly regarded as his invention and that the patent contain sufficient written description of the claimed subject matter under Oasis Research's apparent application of the claims. Additionally, under Oasis Research's apparent application of the claims, the patent claims subject matter not patentable under 35 U.S.C. § 101.

42. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

43.     A judicial declaration is necessary and appropriate so that Oracle may ascertain its rights regarding the '651 patent.

## COUNT VII
### DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,327,579

44.     Oracle repeats and realleges the allegations in paragraphs 1-43 as though fully set forth herein.

45.     Oracle has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '579 patent, in connection with the services described in Oasis's May 26, 2011 letter including both the Oracle On Demand and Oracle CRM On Demand services.

46.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

47.     A judicial declaration is necessary and appropriate so that Oracle may ascertain its rights regarding the '579 patent.

## COUNT VIII
### DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,327,579

48.     Oracle repeats and realleges the allegations in paragraphs 1-47 as though fully set forth herein.

49.     The '579 patent is invalid for failure to meet the conditions of patentability of and to otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112. Claims of the '579 patent are invalid under 35 U.S.C. §§ 102 and 103 because such claims are anticipated and/or rendered obvious by prior art to the '579 patent under Oasis Research's apparent application of the claims of that patent. Additionally, under Oasis Research's apparent

application of the claims of the '579 patent, the '579 patent is invalid for failing to meet the requirements of 35 U.S.C. § 112 including the requirements that the patent particularly point out and distinctly claim the subject matter which the applicant allegedly regarded as his invention and that the patent contain sufficient written description of the claimed subject matter under Oasis Research's apparent application of the claims. Additionally, under Oasis Research's apparent application of the claims, the patent claims subject matter not patentable under 35 U.S.C. § 101.

50. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

51. A judicial declaration is necessary and appropriate so that Oracle may ascertain its rights regarding the '579 patent.

## COUNT IX
### DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,411,943

52. Oracle repeats and realleges the allegations in paragraphs 1-51 as though fully set forth herein.

53. Oracle has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '943 patent, in connection with the services described in Oasis's May 26, 2011 letter including both the Oracle On Demand and Oracle CRM On Demand services.

54. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

55. A judicial declaration is necessary and appropriate so that Oracle may ascertain its rights regarding the '943 patent.

### COUNT X
### DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,411,943

56. Oracle repeats and realleges the allegations in paragraphs 1-55 as though fully set forth herein.

57. The '943 patent is invalid for failure to meet the conditions of patentability of and to otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112. Claims of the '943 patent are invalid under 35 U.S.C. §§ 102 and 103 because such claims are anticipated and/or rendered obvious by prior art to the '943 patent under Oasis Research's apparent application of the claims of that patent. Additionally, under Oasis Research's apparent application of the claims of the '943 patent, the '943 patent is invalid for failing to meet the requirements of 35 U.S.C. § 112 including the requirements that the patent particularly point out and distinctly claim the subject matter which the applicant allegedly regarded as his invention and that the patent contain sufficient written description of the claimed subject matter under Oasis Research's apparent application of the claims. Additionally, under Oasis Research's apparent application of the claims, the patent claims subject matter not patentable under 35 U.S.C. § 101.

58. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

59. A judicial declaration is necessary and appropriate so that Oracle may ascertain its rights regarding the '943 patent.

## COUNT XI
### DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,080,051

60. Oracle repeats and realleges the allegations in paragraphs 1-59 as though fully set forth herein.

61. Oracle has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '051 patent, in connection with the services described in Oasis's May 26, 2011 letter including both the Oracle On Demand and Oracle CRM On Demand services.

62. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

63. A judicial declaration is necessary and appropriate so that Oracle may ascertain its rights regarding the '051 patent.

## COUNT XII
### DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,080,051

64. Oracle repeats and realleges the allegations in paragraphs 1-63 as though fully set forth herein.

65. The '051 patent is invalid for failure to meet the conditions of patentability of and to otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112. Claims of the '051 patent are invalid under 35 U.S.C. §§ 102 and 103 because such claims are anticipated and/or rendered obvious by prior art to the '051 patent under Oasis Research's apparent application of the claims of that patent. Additionally, under Oasis Research's apparent application of the claims of the '051 patent, the '051 patent is invalid for failing to meet the requirements of 35 U.S.C. § 112 including the requirements that the patent particularly point out

and distinctly claim the subject matter which the applicant allegedly regarded as his invention and that the patent contain sufficient written description of the claimed subject matter under Oasis Research's apparent application of the claims. Additionally, under Oasis Research's apparent application of the claims, the patent claims subject matter not patentable under 35 U.S.C. § 101.

66. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

67. A judicial declaration is necessary and appropriate so that Oracle may ascertain its rights regarding the '051 patent.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Oracle respectfully requests that judgment be entered in favor of Oracle and prays that the Court grant the following relief to Oracle:

1. A declaration that Oracle has not infringed, either directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the Patents-in-Suit;

2. A declaration that one or more claims of the Patents-in-Suit is invalid for failing to meet the conditions of patentability required by 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112;

3. An order declaring that Oracle is a prevailing party and that this is an exceptional case, awarding Oracle its costs, expenses, disbursements and reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and

4. Such other and further relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

Mary B. Graham (#2256)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
mgraham@mnat.com
   *Attorneys for Oracle Corporation*
   *and Oracle America, Inc.*

OF COUNSEL:

Steven Cherny
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
(212) 446-4800

Mike W. De Vries
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA 90071
(213) 680-8400

Kimberly Schmitt
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA 94104
(415) 439-1400

Harper Batts
Roy Wang
KIRKLAND & ELLIS LLP
950 Page Mill Road
Palo Alto, CA 94304
(650) 859-7000

August 2, 2011
4405555