IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORACLE CORPORATION and<br>ORACLE AMERICA, INC., | )<br>)<br>) | C.A. No. 1:11-cv-00679-ER |
| Plaintiffs, | )<br>) | **PUBLIC VERSION** |
| v. | )<br>) | |
| OASIS RESEARCH, LLC, | )<br>)<br>) | |
| Defendant. | )<br>) | |

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, OR ALTERNATIVELY TRANSFER TO THE EASTERN DISTRICT OF TEXAS**

Brian E. Farnan (Bar No. 4089)
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

Of Counsel:
Alan S. Kellman
Tamir Packin
Jason Berrebi
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)
akellman@desmaraisllp.com
tpackin@desmaraisllp.com
jberrebi@desmaraisllp.com

Date: September 27, 2011

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1
II. NATURE AND STAGE OF THE PROCEEDINGS .................................................... 2
III. SUMMARY OF THE ARGUMENT ............................................................................ 2
IV. FACTUAL BACKGROUND ........................................................................................ 3
 A. Oasis And The Patents-In-Suit ............................................................................. 3
 B. The Oasis Patents Are Already Being Litigated In The Eastern District Of Texas ........... 3
 C. Oasis Attempted To License The Patents ............................................................. 4
 D. Oracle's Complaint Does Not Identify The Bases For Its Allegations ................. 4
V. ARGUMENT .................................................................................................................. 6
 A. Oracle's Declaratory Judgment Claims Should Be Dismissed Pursuant To Rule 12(b)(6). ........................................................................................................ 6
  1. To Survive A Rule 12(b)(6) Motion, A Complaint Must Allege Facts Sufficient To Support The Legal Allegations. .......................................... 6
  2. Oracle's Complaint Fails To State A Plausible Claim Of Invalidity Because It Recites Statutory Elements Without Alleging Supporting Facts. ........... 7
 B. This Case Should Be Transferred To The Eastern District of Texas Pursuant to 28 U.S.C. § 1404(a). ....................................................................................... 10
  1. Transfer Of This Case To The Eastern District Of Texas Will Serve The Public Interest. ........................................................................................ 11
  2. The Private Factors Do Not Weigh In Favor Of Or Against Transfer. .... 13
  3. No Delay or Prejudice Will Result From Transfer. ................................. 14
VI. CONCLUSION ............................................................................................................ 15

# TABLE OF AUTHORITIES

**Cases**

*Advanced Display Sys., Inc. v. Kent State Univ.*,
  212 F.3d 1272 (Fed. Cir. 2000) .................................................................................. 7

*Ashcroft v. Iqbal*,
  129 S. Ct. 1937 (2009) ................................................................................... 6, 9, 10

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................ 6

*Boehringer Ingelheim Vetmedica, Inc. v. Merial, Ltd.*,
  Civ. No. 3:09CV212, 2010 WL 174078 (D. Conn. 2010) ..................................... 8, 9

*Brunswick Corp. v. Precor Inc.*,
  No. 00-691, 2000 WL 1876477 (D. Del. Dec. 12, 2000) ........................................ 12

*Cashedge, Inc. v. Yodlee, Inc.*,
  No. 06-170, 2006 WL 2038504 (D. Del. Jul. 19, 2006) ......................................... 12

*Cisco Sys., Inc. v. Synqor, Inc.*,
  No. 11-0086, 2011 WL 1326062 (D. Del. Apr. 1, 2011) ........................................ 12

*Dish Network Corp. v. TIVO, Inc.*,
  No. 08-327, 2009 WL 1529836 (D. Del. May 28, 2009) ....................................... 12

*Fowler v. UPMC Shadyside*,
  578 F.3d 203 (3d Cir. 2009) ............................................................................ 6, 7, 10

*In re Vistaprint Ltd.*,
  628 F.3d 1342 (Fed. Cir. 2010) ............................................................................. 12

*In re Volkswagon of Am., Inc.*,
  566 F.3d 1349 (Fed. Cir. 2009) ........................................................................ 11, 12

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d Cir. 1995) .................................................................................. 10, 11

*Medicis Pharma. Corp. v. Nycomed US, Inc.*,
  No. 10-1099, 2011 WL 2457598 (D. Del. Jun. 16, 2011) ............................ 12, 13, 14

*PB Farradyne, Inc. v. Peterson*,
  No. C 05-03447, 2006 WL 132182 (N.D. Cal. 2006) .............................................. 8

*Sun Valley Bronze, Inc. v. Nobilus, LLC*,
  No. CV 08-345, 2008 WL 5234055 (D. Idaho 2008) ............................................ 8, 9

*Tyco Fire Prods. LP v. Victaulic Co.*,
  No. 10-4645, 2011 U.S. Dist. LEXIS 40012 (E.D. Pa. Apr. 12, 2011) ..................... 8

*Wordtech Sys., Inc. v. Integrated Networks Solutions Inc.,*
   609 F.3d 1308 (Fed. Cir. 2010) ........................................................................................8

*Xilinx, Inc. v. Invention Inv. Fund I LP,*
   No. C 11–0671, 2011 WL 3206686 (N.D. Cal. Jul. 27, 2011) ....................................8, 9

**Statutes**

28 U.S.C. § 1404(a) ........................................................................................................10

35 U.S.C. § 101 ............................................................................................................5, 7

35 U.S.C. § 102 ............................................................................................................5, 7

35 U.S.C. § 103 ............................................................................................................5, 7

35 U.S.C. § 112 ............................................................................................................5, 7

Pursuant to Federal Rule of Civil Procedure 12(b)(6), declaratory-judgment defendant Oasis Research, LLC ("Oasis") moves to dismiss all counts of the Complaint filed by Oracle Corporation and Oracle America Inc. (collectively, "Oracle") because they fail to comply with the pleading standards set forth by the Supreme Court in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal*. In the alternative, in the interest of judicial efficiency and consistency, Oasis requests that the Court transfer this case pursuant to 28 U.S.C. § 1404(a) to the Eastern District of Texas, because that court is already familiar with the patents-in-suit.

## I. INTRODUCTION

Two days before the parties' scheduled licensing meeting regarding two of Oasis' patents, Oracle filed this preemptive lawsuit seeking a declaration that all claims of all six of Oasis' patents are invalid. But Oracle's shot-gun complaint contains nothing more than boiler plate legal conclusions. It states the legal standards for patent invalidity, but ***does not provide any factual allegations*** to support those legal conclusions. The Complaint fails to put Oasis on notice as to why Oracle believes each one of the 378 claims in Oasis' six patents is invalid. Moreover, apparently doubting its ability to invalidate all 378 claims in Oasis' patents, Oracle seeks a declaration that it does not infringe any valid and enforceable claim of any of Oasis' patents. But because Oracle alleges that every claim is invalid, it is unclear which claims Oracle believes it does not infringe. Simply put, Oracle's Complaint fails to put Oasis on notice of what it must defend. This Court should not let Oracle proceed with its claims against Oasis without any meaningful, factual pleading.

To the extent this Court does not dismiss the Complaint in its entirety (or permits Oracle to amend its Complaint), any remaining allegations should be transferred to the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a). While venue and personal jurisdiction are proper in

this Court—Oasis and Oracle are both incorporated in Delaware—burdening this Court with factual and legal issues that are already being resolved by another district court is an unnecessary waste of judicial resources. Accordingly, in the interest of judicial efficiency and consistency, this Court should transfer any remaining allegations to the court that is already dealing with four of the six patents at issue here—the Eastern District of Texas. That court has jurisdiction over Oasis, and granting that transfer would avoid requiring two federal judges to delve into the approximately 100-page patent specification—which is common to all six of the patents Oracle seeks to invalidate—to resolve overlapping questions of law and fact.

## II. NATURE AND STAGE OF THE PROCEEDINGS

Oracle filed its complaint on August 2, 2011, seeking a declaration that U.S. Patent Nos. 5,771,354 ("the '354 patent"), 5,901,228 ("the '228 patent"), 6,014,651 ("the '651 patent"), 6,327,579 ("the '579 patent"), 6,411,943 ("the '943 patent"), and 7,080,051 ("the '051 patent") (collectively the "patents-in-suit") are not infringed by its products and that the patents are invalid. Oasis files this motion in lieu of an answer.

## III. SUMMARY OF THE ARGUMENT

1. Because Oracle's declaratory judgment claims fail to state a claim for which relief can be granted, they should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Oracle fails to support its claims with the factual allegations required by the Supreme Court in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal*. Accordingly, Oracle's Complaint should be dismissed pursuant to Rule 12(b)(6).

2. To the extent the Complaint is not dismissed in its entirety, this case should be transferred to the Eastern District of Texas, because a case involving four of the same patents (all within the same patent family) is already pending in that district. The Texas court's familiarity

with the patents and the underlying technology will permit that court to try the case efficiently and expeditiously. Allowing one court to resolve common issues will also avoid judicial inconsistency.

## IV. FACTUAL BACKGROUND

### A. Oasis And The Patents-In-Suit.

On July 30, 2010, Oasis acquired the patents-in-suit, which describe and claim novel approaches for using online and Internet-based services to enhance the capabilities of personal computers. Those patents all share a common specification—which spans approximately 100 pages, and contains 27 figures—and are based on work done by inventor Christopher Crawford in the early 1990s. (D.I. 1, Complaint, Exs. 2-7.) All together, the six patents contain 378 claims.

Oasis is a Delaware limited liability company, run by Gordon Jumonville, a long-time resident of Texas. Oasis previously maintained an office in Marshall, Texas, but now receives business communications through a post office box in Fort Worth, Texas, near a residence that Mr. Jumonville recently purchased. (Ex. A, Amended Complaint, *Oasis Research, LLC v. Adrive, LLC et al.*, at ¶ 1.)

### B. The Oasis Patents Are Already Being Litigated In The Eastern District Of Texas.

On August 30, 2010, Oasis filed a patent-infringement suit in the United States District Court for the Eastern District of Texas against thirteen companies that infringe four of the six patents-in-suit. (Ex. B, Complaint, *Oasis Research, LLC v. Adrive, LLC et al.*) The case was assigned to U.S. District Court Judge Michael H. Schneider and Magistrate Judge Amos L. Mazzant. (*See* Ex. C, Docket Report, *Oasis Research, LLC v. Adrive, LLC et al.*) The parties in that case are now engaged in the claim-construction process, and opening *Markman* briefs are

due shortly, on November 11, 2011. (Ex. D, First Amended Scheduling/Docket Control Order, *Oasis Research, LLC v. Adrive, LLC et al.*) Judge Schneider and Judge Mazzant have also requested a tutorial as well as proposed technical advisors. Those must be submitted to the court by October 26, 2011. (Ex. E, Order Granting Joint Motion To Extend Certain Claim Construction Deadlines, *Oasis Research, LLC v. Adrive, LLC et al.*) Additionally, both Judge Schneider and Judge Mazzant have already had the opportunity to familiarize themselves with the patents-in-suit, having ruled on the defendants' Rule 12(b)(6) motions to dismiss and several motions to transfer the case, all of which were denied. (*See* Ex. C, at docket entries 200-204 and 242-246.) A final pre-trial conference is set for October 1, 2012. (Ex. D.)

### C. Oasis Attempted To License The Patents.

In the time since Oasis filed its Texas lawsuit, it has reached out to other infringing companies in an effort to license the patents without court intervention. To that end, Oasis sent Oracle a letter on May 26, 2011, identifying itself as the owner of the six patents-in-suit, and inviting Oracle to engage in licensing discussions. (D.I. 1, Ex. 1.) Oasis specifically alleged that Oracle infringed two of the patents—the '579 and '051 patents. (*Id.*) Oasis did not allege that Oracle infringed the other four patents. (*Id.*)

Oracle accepted Oasis' invitation to discuss the two patents that Oasis claimed were infringed, and the parties scheduled a meeting for August 4, 2011. But just two days before that meeting was scheduled to take place, Oracle filed this declaratory judgment action. (D.I. 1.)

### D. Oracle's Complaint Does Not Identify The Bases For Its Allegations.

Oracle now seeks a declaratory judgment of non-infringement and invalidity of all six of Oasis' patents. But Oracle's Complaint does not identify any factual basis for its claims. For example, for its invalidity claims, Oracle simply states that each patent-in-suit is invalid under every possible statutory provision: "The [patent] is invalid for failure to meet the conditions of

4

patentability of and to otherwise comply with *one or more of 35 U.S.C. §§ 100 et seq., 101, 102, 103, and 112.*" (Compl., D.I. 1 ¶¶ 25, 33, 41, 49, 57, 65, emphasis added.) Oracle then goes on to recite the legal standards for those provisions:

> Claims of the [patent] are invalid under 35 U.S.C. §§ 102 and 103 because such claims are anticipated and/or rendered obvious by prior art to the [patent] under Oasis Research's apparent application of the claims of that patent. Additionally, under Oasis Research's apparent application of the claim of the [patent], the [patent] is invalid for failing to meet the requirements of 35 U.S.C. § 112 including the requirements that the patent particularly point out and distinctly claim the subject matter which the applicant allegedly regarded as his invention and that the patent contain sufficient written description of the claimed subject matter under Oasis Research's apparent application of the claims. Additionally, under Oasis Research's apparent application of the claims, the patent claims subject matter not patentable under 35 U.S.C. § 101.

(Compl., D.I. 1 ¶¶ 25, 33, 41, 49, 57, 65.) Aside from setting forth the legal standards for invalidity—*see* 35 U.S.C. §§ 101, 102, 103, 112—Oracle identifies no facts that support its claim. Indeed, Oracle does not identify even a single claim that it believes is invalid, nor does it identify any of the prior art that allegedly renders the patent claims invalid. (*Id.*)

Oracle's non-infringement allegations suffer from the same defect because Oracle ties its non-infringement allegations to its invalidity allegations. Specifically, for each patent, Oracle asserts that it "has not infringed and does not infringe, directly or indirectly, *any valid and enforceable claim* of the [patent], in connection with the services described in Oasis's May 26, 2011 letter, including both the Oracle On Demand and Oracle CRM On Demand services." (D.I. 1 ¶¶ 21, 29, 37, 45, 53, 61, emphasis added.)

With close to 400 claims in the patents-in-suit and no identified prior art, it is impossible for Oasis to divine the bases for Oracle's claims. Nor does the Complaint set forth a plausible claim for invalidity. If Oracle truly believes that all of the 378 claims of the patents-in-suit are invalid, Oracle should be able to articulate at least some factual basis for that allegation.

5

## V. ARGUMENT

### A. Oracle's Declaratory Judgment Claims Should Be Dismissed Pursuant To Rule 12(b)(6).

#### 1. To Survive A Rule 12(b)(6) Motion, A Complaint Must Allege Facts Sufficient To Support The Legal Allegations.

To avoid dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must allege sufficient facts to state a claim that is plausible on its face. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. ... The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

In ruling on a motion pursuant to Rule 12(b)(6), a court may begin by first identifying allegations that are mere legal conclusions, which are not entitled to an assumption of truth. *Iqbal*, 129 S. Ct. at 1950 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (holding that while a court must accept well-pleaded facts as true, it may disregard any legal conclusions). Next, a court should accept as true any well-pleaded factual allegations, and then determine whether those facts plausibly give right to relief. *Iqbal*, 129 S. Ct. at 1950; *Fowler*, 578 F.3d at 211. A court need not, however, accept as true mere legal conclusions that are couched as factual allegations. *Twombly*, 550 U.S. at 555 ("[A] formulaic recitation of the elements of a cause of action will not do."). The plaintiff's factual allegations need to push the claims "across the line from conceivable to plausible." *Iqbal*, 129 S. Ct. at 1951. To do so, the allegations must show entitlement to relief, not just claim it. *See*

*Fowler*, 578 F.3d at 211 ("[A] complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.").

### 2. Oracle's Complaint Fails To State A Plausible Claim Of Invalidity Because It Recites Statutory Elements Without Alleging Supporting Facts.

Applying the first step of the analysis, and stripping the Complaint of allegations that are mere legal conclusion leaves little of Oracle's Complaint. Oracle's Complaint alleges that the patents-in-suit are invalid under one or more of 35 U.S.C. §§ 100 *et seq.* and recites elements the statute requires for invalidity. (Compl., D.I. 1 ¶¶ 25, 33, 41, 49, 57, 65.) First, for each of the patents, Oracle alleges that the patent is anticipated and obvious, without identifying any of the alleged invalidating prior art. (*Id.*); *see* 35 U.S.C. §§ 102, 103; *accord Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1283, 1285 (Fed. Cir. 2000) (stating the standards for anticipation and obviousness). Because there are no facts in those allegations, they should be disregarded. Next, Oracle alleges that each patent's claims are not definite and that each patent does not include a written description of the invention—again, a mere recitation of the statute without any facts to support the allegations. *See* 35 U.S.C. § 112. Last, Oracle alleges that each patent claims subject matter that is not patentable—another requirement taken directly from the statute. *See* 35 U.S.C. § 101.

Oracle's Complaint does not allege any facts to raise the plausibility of its contentions against the patents-in-suit above the speculative level; instead, it merely sets forth various circumstances under which a court *could* declare a patent invalid. It does not identify any factual bases for its allegations. It does not identify any prior art. 35 U.S.C. §§ 102 and 103. It does not identify indefinite language in a claim. 35 U.S.C. § 112. It does not identify any part of a claim that the specification fails to sufficiently describe. 35 U.S.C. § 112. And it does not identify any claims to unpatentable subject matter. 35 U.S.C. § 101. Nor does it identify any specific claims

that it alleges are invalid. Rather, Oracle merely recites various bases for invalidity under 35 U.S.C. §§ 101, 102, 103, and 112, without alleging any supporting factual basis to meet the requirements stated in *Iqbal* and *Twombly*.

Without any factual support, claims like Oracle's provide "little notice" to Oasis. *See Wordtech Sys., Inc. v. Integrated Networks Solutions Inc.*, 609 F.3d 1308, 1322 (Fed. Cir. 2010) (discussing an allegation that "the claims of the Patents are invalid for failure to comply with the requirements of 35 U.S.C. §§ 102, 103, and/or 112"). Accordingly, courts routinely dismiss such threadbare declaratory judgment complaints. *See, e.g., Xilinx, Inc. v. Invention Inv. Fund I LP*, No. C 11-0671, 2011 WL 3206686, at *6 (N.D. Cal. Jul., 27, 2011); *Boehringer Ingelheim Vetmedica, Inc. v. Merial, Ltd.*, Civ. No. 3:09CV212, 2010 WL 174078, at *17–18 (D. Conn. 2010); *Sun Valley Bronze, Inc. v. Nobilus, LLC*, No. CV 08-345-S-EJL, 2008 WL 5234055, at *3 (D. Idaho 2008); *PB Farradyne, Inc. v. Peterson*, No. C 05-03447, 2006 WL 132182, at *3 (N.D. Cal. 2006); *see also Tyco Fire Prods. LP v. Victaulic Co.*, No. 10-4645, 2011 U.S. Dist. LEXIS 40012, at *31-34 (E.D. Pa. Apr. 12, 2011) (dismissing declaratory judgment ***counterclaim*** for failing to comply with the pleading requirements of Rule 8).

For example, in *PB Farradyne* the court dismissed general, conclusory allegations of invalidity even before *Iqbal* and *Twombly* were decided. 2006 WL 132182 at *3. Relying on a previous decision that deemed such pleadings "radically insufficient," the court likewise found the plaintiff's allegations insufficient to provide fair notice. *PB Farradyne*, 2006 WL 132182 at *3 (discussing *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046 (N.D. Cal. 2004), *Advanced Cardiovascular Sys., Inc. v. Medtronic, Inc.*, 41 U.S.P.Q.2d 1770 (N.D. Cal. 1996) and *Grid Sys. Corp. v. Texas Instruments, Inc.*, 771 F. Supp. 1033, 1042 (N.D. Cal. 1991)).

Two years later, the *Sun Valley* court dismissed nearly identical claims in light of *PB Farradyne* and *Twombly*. 2008 WL 5234055 at *2-3. The *Sun Valley* court stated that "[m]erely citing to the sections of Title 35 that may or may not ultimately deem [defendant's] Patent valid or invalid fails to allege sufficient facts to state a claim for relief that is plausible on its face." *Id.* at *3.

Following the Supreme Court's decision in *Iqbal*, the *Boehringer* court compared the plaintiff's allegations to those found in *Sun Valley* and found them similarly deficient. 2010 WL 174078 at *17-18. Specifically, the court determined that there were no factual allegations in the claims regarding the basis for invalidity. *Id.*

In *Xilinx*, the defendants argued that the plaintiff "should be required to link each challenged patent with a particular defect as well as some factual basis for each alleged defect." 2011 WL 3206686 at *6. After examining the claim at issue—which merely recited the legal standards for invalidity—that court found that the claim did not meet the requirements stated in *Iqbal* and *Twombly*. *Id.*

Though the complaints in *Boehringer*, *Sun Valley*, *PB Farradyne*, and *Xilinx* included fewer words than Oracle's complaint, Oracle's allegations do not include any additional factual allegations and are likewise insufficient. *Compare, e.g., Xilinx*, 2011 WL 3206686 at *6 ("the patents fail 'to comply with one or more of the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.'"), *with* (Compl., D.I. 1 ¶¶ 25, 33, 41, 49, 57, 65) (quoted above). Simply repeating the elements of the patent statute does not meet the requirements for a factual allegation. *See Iqbal*, 129 S. Ct. at 1949 (stating that a "formulaic recitation of the elements" was not a factual allegation) (internal citations omitted).

Because Oracle has not pled any factual allegations supporting invalidity, its claims are not plausible and cannot survive a motion to dismiss. *See id.* at 1940 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."); *Fowler*, 578 F.3d at 210 (stating that, "[t]o prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible."). And because Oracle's non-infringement claims depend on its invalidity claims, those claims should be dismissed as well.

### B. This Case Should Be Transferred To The Eastern District of Texas Pursuant to 28 U.S.C. § 1404(a).

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). It is undisputed that this action could have been brought in the Eastern District of Texas, because after having an office in that district, and filing suit in that district, Oasis has already conceded that it is subject to personal jurisdiction in that district. (*See, e.g.*, Ex. F, Oasis Research, LLC'S Answer To Defendant Carbonite, Inc.'s Counterclaims, *Oasis Research, LLC v. Adrive, LLC et al.*, at ¶¶ 4-5.) Accordingly, this Court must determine "whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995) (internal citations omitted).

The Court of Appeals for the Third Circuit has set forth a list of public and private factors for district courts to consider when deciding whether or not to transfer venue. The private interests include: (1) plaintiff's forum preference; (2) defendant's forum preference; (3) whether the claims arose elsewhere; (4) the convenience of the parties; (5) the convenience of witnesses to the extent they may be unavailable for trial in one of the fora; and (6) the location of sources

of proof such as books and records to the extent that records could not be produced in the alternative forum. *Id.* 879. The public interests to consider include: (1) the enforceability of the judgment; (2) practical considerations that could make trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local disputes; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.*

This Court should transfer the case to the Eastern District of Texas not because of the private factors, but because of the public interest factors. The private factors do not weigh strongly in favor of transfer or strongly against transfer. But the co-pending case in the Eastern District of Texas, involving four of the six patents at issue here, tips the public interest strongly in favor of transfer. Transfer to the Eastern District of Texas will save this Court the time that already will be invested by that court in understanding the technology invented by Mr. Crawford, analyzing the approximately 100-page specification, performing claim construction, and weeding through alleged prior art. There is no need to burden two district courts with suits that seek to invalidate the same patents. Not only is it extremely inefficient, but it could result in inconsistent judicial findings.

### 1. Transfer Of This Case To The Eastern District Of Texas Will Serve The Public Interest.

As the Federal Circuit has recognized, "the existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice." *In re Volkswagon of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). In *Volkswagon*, the Federal Circuit held that a case should be litigated in the same district as another related case because "although these cases may not involve precisely the same issues, there will be significant overlap and a familiarity with the patents could preserve time and

11

resources." *Id.*; *see also In re Vistaprint Ltd.*, 628 F.3d 1342, 1345-47 (Fed. Cir. 2010) (holding that a judge may properly base a §1404(a) transfer decision on judicial economy even when other convenience factors favor the opposite result.)

Courts in this District routinely take the same approach. For example, most recently in *Medicis Pharma. Corp. v. Nycomed US, Inc.*, No. 10-1099, 2011 WL 2457598 (D. Del. Jun. 16, 2011), the Court transferred a case from Delaware to the district where a related patent was already being litigated. *Id.* at *3. The Court reasoned that transfer was appropriate because "it is in the interest of judicial economy to transfer the current lawsuit . . . so that both courts may avoid redundant efforts and the possibility of inconsistent results." *Id.* Similarly, where the facts between two cases—one in Delaware and a previously filed case in another jurisdiction—involve significant overlap, this District has consistently held that "judicial efficiency regarding the ease, speed, or expense of trial strongly weigh in favor of transfer." *Cashedge, Inc. v. Yodlee, Inc.*, No. 06-170, 2006 WL 2038504, at *2 (D. Del. Jul. 19, 2006) (granting transfer where a concurrent case involving "similar technologies, and related patents-in-suit" had already progressed to the point of conducting discovery and claim construction); *see also Brunswick Corp. v. Precor Inc.*, No. 00-691, 2000 WL 1876477, at *3 (D. Del. Dec. 12, 2000) (granting transfer where a concurrent case in the transferee district involved a parent of the patent-in-suit); *Dish Network Corp. v. TIVO, Inc.*, No. 08-327, 2009 WL 1529836, at *2 (D. Del. May 28, 2009) (transferring a patent case to the Eastern District of Texas based on prior experience of the court with the patent and the technology); *Cisco Sys., Inc. v. Synqor, Inc.*, No. 11-0086, 2011 WL 1326062, at *3 (D. Del. Apr. 1, 2011) (transferring a patent case to the Eastern District of Texas because the judge in Texas "possesses far greater expertise with respect to the patents at issue

than does any judge in this court" and "it would be an inefficient use of judicial resources not to have this case before him").

The Court should take the same approach here. The Eastern District of Texas is already familiar with four of the six patents-in-suit because of the litigation that has been pending for more than a year before Judge Schneider. The two additional patents that are present in this case, but not currently in front of Judge Schneider, share the same inventor and 100-page specification as the other four patents. (Compare D.I. 1, Exs. 2-7.) Moreover, while Oracle has not yet made specific claims of invalidity, it likely will seek to piggy-back off of the invalidity positions already disclosed by the defendants in the Texas litigation, arguments with which the Texas court will become intimately familiar. Because the Texas court has already begun to and will continue to invest significant time in learning about the patents, parsing their specifications, analyzing their history in the Patent Office, and construing their claims, it does not make sense to waste the judicial resources of this Court to undertake the same exercises.

Not only do simultaneous related litigations in different courts result in inefficiency, they can also result in judicial inconsistency. *See Medicis Pharma. Corp.*, 2011 WL 3457598, at *3. Transferring this action to Texas will ensure that rulings on the same issues are consistent. Moreover, the Texas court will be in a far better position to expedite resolution of Oracle's claims against Oasis due to its familiarity with the patents, the specification and the state of the prior art. In sum, the public interests strongly favor transferring this action to the Eastern District of Texas.

### 2. The Private Factors Do Not Weigh In Favor Of Or Against Transfer.

The first factor—Oracle's choice of forum—weighs against transfer because the Third Circuit and District of Delaware have placed a strong emphasis on a plaintiff's choice of forum and the parties' incorporation in Delaware. However, despite Oracle's Delaware incorporation,

13

its forum preference does not trump the fact that the public interest factors strongly favor transfer. *See Medicis Pharma. Corp.*, 2011 WL 2457598, at *3 (transferring the action to the district where the parent of the patent at issue was already being litigated despite the fact that the plaintiff was a Delaware corporation and noting that the plaintiff did not maintain a place of business in Delaware).

The second factor—Oasis' choice of forum—weighs in favor of transfer as demonstrated by Oasis' choice of the Eastern District of Texas to resolve its similar disputes with other parties regarding the validity and infringement of four of the six patents at issue in this case. The convenience of the parties weighs neither in favor nor against transfer.[1] Oracle's principal place of business is in California (D.I. 1 at ¶ 2). And Oracle makes no allegations that it has any tie to Delaware other than its incorporation.

Moreover, one of the primary third party witnesses—Christopher Crawford, the inventor of the patents-in-suit, who resides in Colorado—has already agreed to subject himself to the subpoena power of the Eastern District of Texas. (Ex. G, Crawford Decl., at ¶ 5.) This factor may weigh slightly in favor of transfer. And Oasis is unaware of records that could not equally be produced in both fora.

### 3. No Delay or Prejudice Will Result From Transfer.

Because Oasis is filing this motion at the outset of the case, no delay will result. In fact, it is likely that the Eastern District of Texas, which has familiarity with the patents, will be able to more efficiently progress this case, as it need not be delayed by learning the patents and the technology. Moreover, because Oracle's base of operations is in California—not Delaware—a Texas forum will not be more inconvenient for Oracle than Delaware.

---

[1] While Oasis does have a presence in Texas, it does not rely on that presence as a basis for alleging convenience for the purposes of transfer pursuant to 28 U.S.C. § 1404(a).

## VI.  CONCLUSION

For all of the foregoing reasons, Oasis respectfully requests that this Court dismiss Oracle's Complaint in its entirety. In the alternative, or to the extent Oracle amends its Complaint, Oasis respectfully requests that the Court transfer this case to the Eastern District of Texas.

Dated: September 27, 2011

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

*Counsel for Defendant*

Of Counsel:

Alan S. Kellman
Tamir Packin
Jason Berrebi
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)
akellman@desmaraisllp.com
tpackin@desmaraisllp.com
jberrebi@desmaraisllp.com