IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORACLE CORPORATION and ORACLE AMERICA, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | C.A. No. 11-679 (ER) |
| v. | ) ) | |
| OASIS RESEARCH, LLC, | ) ) | |
| Defendant. | ) | |

## AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Oracle Corporation and Oracle America, Inc. (hereinafter, collectively "Oracle") file this complaint for declaratory judgment against Defendant Oasis Research, LLC ("Oasis Research") and allege as follows:

## NATURE OF THE ACTION

1.      This is an action for declaratory judgment of non-infringement and invalidity of six (6) United States Patents pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*., and for such other relief as the Court deems just and proper.

## PARTIES

2.      Plaintiff Oracle Corporation is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 500 Oracle Parkway, Redwood Shores, California, 94065, and is doing business in this District.

3.      Plaintiff Oracle America, Inc. is a corporation organized and existing under the laws of the State of Delaware and having its principal place of business at 500 Oracle Parkway, Redwood Shores, California, 94065, and is doing business in this District.

4.      On information and belief, defendant Oasis Research, LLC, is a limited liability company organized and existing under the laws of the State of Delaware and is claiming to have a place of business at 104 E. Houston St., Suite 190, Marshall, Texas 75670.

5.      As alleged herein, Oasis Research has engaged in various acts in and directed to Delaware.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

7.      Oasis Research is subject to personal jurisdiction in Delaware by virtue of its incorporation under Delaware law.

8.      Oasis Research purports to own rights in six United States Patents: U.S. Patent Nos. 5,771,354; 5,901,228; 6,014,651; 6,327,579; 6,411,942; and 7,080,051 (collectively, the "Patents-in-Suit").  On May 26, 2011, counsel for Oasis Research sent a letter to Oracle alleging that Oasis Research "owns several online services and technology patents," referring to an "attached table" which identifies and describes the six Patents-in-Suit, and further alleging "that Oracle Corporation ('Oracle') is actively utilizing and benefiting from technologies and features covered by Oasis' patents."  The letter went on to provide an "example" of what Oasis Research referred to as Oracle's "utilization" of the Patents-in-Suit, alleging "that Oracle is offering for sale, selling, maintaining, and supporting various online fee-based SAAS products, including but not limited to Oracle on Demand and Oracle CRM on Demand" and that "[s]uch activities by Oracle infringe at least Oasis' U.S. Patent Nos. 6,327,579 and 7,080,051."  The letter in conclusion made clear that, in the view of Oasis Research, Oracle must take "a license

from Oasis" "to allow Oracle [sic] continue its use of these patents."   A copy of the May 26, 2011 letter is attached as Exhibit 1.

9.      On information and belief, Oasis Research is a patent holding company that does not practice any of the Patents-in-Suit and that attempts to obtain licensing revenues in connection with its assertions of those patents.

10.      Oasis Research has previously filed a patent infringement action against other companies, involving some but not all of the Patents-in-Suit, confirming its ability and willingness to file suit.

11.      Oasis Research did not invent the technology claimed in the Patents-in-Suit.   Instead, Oasis Research claims to have acquired the Patents-in-Suit from Intellectual Ventures Computing Platforce Assets LLC and now seeks to extract royalties by demanding that Oracle take a license.

12.      Oasis Research is not entitled to any royalties from Oracle and Oracle does not need a license to the Patents-in-Suit.   Oracle has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of any of the Patents-in-Suit, either literally or under the doctrine of equivalents.

13.      A substantial controversy exists between Oracle and Oasis Research of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

## THE PATENTS

14.      U.S. Patent No. 5,771,354 ("the '354 patent") is entitled "Internet online backup system provides remote storage for customers using IDs and passwords which were interactively established when signing up for backup services," and bears an issuance date of June 23, 1998.  A copy of the '354 patent is attached hereto as Exhibit 2.

15.      U.S. Patent No. 5,901,228 ("the '228 patent") is entitled "Commercial online backup service that provides transparent extended storage to remote customers over telecommunications links," and bears an issuance date of May 4, 1999.  A copy of the '228 patent is attached hereto as Exhibit 3.

16.      U.S. Patent No. 6,014,651 ("the '651 patent") is entitled "Commercial online software distribution systems and methods using encryption for security," and bears an issuance date of January 11, 2000.  A copy of the '651 patent is attached hereto as Exhibit 4.

17.      U.S. Patent No. 6,327,579 ("the '579 patent") is entitled "Online computer services including help desk, anti-virus and/or application service features," and bears an issuance date of December 4, 2001.  A copy of the '579 patent is attached hereto as Exhibit 5.

18.      U.S. Patent No. 6,411,943 ("the '943 patent") is entitled "Internet online backup system provides remote storage for customers using IDs and passwords which were interactively established when signing up for backup services," and bears an issuance date of June 25, 2002.  A copy of the '943 patent is attached hereto as Exhibit 6.

19.      U.S. Patent No. 7,080,051 ("the '051 patent") is entitled "Internet download systems and methods providing software to internet computer users for local execution," and bears an issuance date of July 18, 2006.  A copy of the '051 patent is attached hereto as Exhibit 7.

## COUNT I
### DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,771,354

20.      Oracle repeats and realleges the allegations in paragraphs 1–19 as though fully set forth herein.

21.      Oracle has not infringed and does not infringe, directly or indirectly, or under the doctrine of equivalents, any valid and enforceable claim of the '354 patent, in

connection with the services described in Oasis Research's May 26, 2011 letter including both the Oracle On Demand and Oracle CRM On Demand services ("Identified Oracle Products").

22. For example, the Identified Oracle Products do not infringe, directly or indirectly, or under the doctrine of equivalents, claims 1–24 of the '354 patent for at least the following reasons: the Identified Oracle Products do not meet the element of "allowing the customer to sign up for backup services over the first online Internet session, including the step of establishing a customer identifier and associated password for the customer" and do not meet the element of "conditioned at least in part on validating step (f), allowing the customer to access the remote storage area over the second Internet session substantially as if the remote storage area was a backup storage device physically and/or locally attached to the customer's computer, including the steps of: (1) encrypting backup data provided by the customer's computer, (2) transmitting the encrypted backup data to the online backup service provider over the second online Internet and (3) storing the backup data in the remote storage area provided by the online backup service provider."

23. As a further example, Oracle does not indirectly infringe claims 1–24 of the '354 patent for at least the additional reasons that Oracle does not have specific intent to encourage alleged infringement of those claims and there is no direct infringement of those claim limitations described above induced by Oracle. As another example, Oracle does not indirectly infringe claims 1–24 of the '354 patent for at least the additional reason that the Identified Oracle Products have substantial non-infringing uses that do not meet the above described elements.

24. As an additional example, the Identified Oracle Products do not infringe, directly or indirectly, or under the doctrine of equivalents, claims 25–27 of the '354 patent for at least the following reasons: the Identified Oracle Products do not comprise "a first

communications handler operatively coupled to the processor, the first communications handler establishing a first online Internet session with a customer's computer and, in cooperation with the processor, allowing the customer to sign up for backup services over the first online Internet session, the first communications handler and the processor cooperating to establish a customer identifier and associated password for the customer" and do not comprise "a second communications handler operatively coupled to at least the remote storage area, the second communications handler establishing a second online Internet session with the customer's computer, the second communications handler requesting the customer to input said customer identifier and associated password, the second communications handler at least in part validating the requested customer identifier and password, the second communications handler allowing the customer to access, conditioned at least in part on said validation, the remote storage area over the second Internet session substantially as if the remote storage area was a backup storage device physically and/or locally attached to the customer's computer, wherein the second communications handler receives the customer computer backup data in securely protected form via the second online Internet session, and the remote storage area stores the received backup data."

25.     As a further example, Oracle does not indirectly infringe claims 25–27 of the '354 patent for at least the additional reasons that Oracle does not have specific intent to encourage alleged infringement of those claims and there is no direct infringement of those claim limitations described above induced by Oracle.  As another example, Oracle does not indirectly infringe claims 25–27 of the '354 patent for at least the additional reason that the Identified Oracle Products have substantial non-infringing uses that do not meet the above described elements.

26.      These examples of non-infringement are intended to be illustrative and not exhaustive, and Oracle reserves the right to assert other specific claims of non-infringement.

27.      As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

28.      A judicial declaration is necessary and appropriate so that Oracle may ascertain its rights regarding the '354 patent.

**COUNT II**
**DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,771,354**

29.      Oracle repeats and realleges the allegations in paragraphs 1–28 as though fully set forth herein.

30.      The claims of the '354 patent are invalid at least because claims 1–27 of the patent fail to meet the conditions of patentability of and to otherwise comply with 35 U.S.C. §§ 101, 102, 103, and 112.

31.      Claims 1–27 of the '354 patent are invalid under 35 U.S.C. § 101 for failing to fall under any categories of subject mater eligible for patent protection.  For example, claims 1–27 of the '354 patent claim abstract ideas ineligible for patent protection, including remote storage over a telecommunications connection.  Furthermore, at least claims 1–24 of the '354 patent are not tied to a particular machine or apparatus, but instead purport to cover the use of a non-specific computer with an Internet connection.  Claims 1–27 of the '354 patent do not transform a particular article into a different state or thing, but merely claim abstract ideas.  Like the risk hedging claims rejected in *Bilski*, claims 1–27 of the '354 patent are not tailored narrowly enough to encompass only a particular application of a principle, rather they attempt to pre-empt the principle itself.

32.       Claims 1–27 of the '354 patent are invalid under 35 U.S.C. §§ 102 and 103 based upon prior art to the '354 patent given Oasis Research's apparent attempt to read the claims onto the Identified Oracle Products.  At a minimum, the claims of the '354 patent are invalid under 35 U.S.C. §§ 102 and 103 based upon at least the following pieces of prior art: America Online, the Andrew File System, Asigra backup software, Compuserve, Harbor backup software, The Norton Backup, User-Access backup software, RBackup backup software, Secure Data Network backup software, The WELL, an article by Lisa Carnahan entitled "A Local Area Network Security Architecture National Computer Security Conference Proceedings" (Oct 13–16, 1992), European Patent No. 0537925 ("Bar-On"), U.S. Patent No. 4,982,324 ("McConaughy"), U.S. Patent No. 5,008,936 ("Hamilton"), U.S. Patent No. 5,133,065 ("Cheffetz"), U.S. Patent No. 5,187,750 ("Behera"), U.S. Patent No. 5,276,860 ("Fortier"), U.S. Patent No. 5,550,976 ("Henderson"), and U.S. Patent No. 5,764,972 ("Crouse").  These examples of prior art are intended to be illustrative and not exhaustive, and Oracle reserves the right to assert other specific pieces of prior art.

33.       For example, claims 1–27 are invalidated under 35 U.S.C. §§ 102 and 103 by America Online, which was publicly available in the United States at least as early as November 14, 1992, because the claims are at least obvious in light of America Online.  Under Oasis Research's apparent attempt to read the claims onto the Identified Oracle Products, America Online provided a backup means with at least one remote storage area for use in storing customer backup information.  America Online charged a monthly subscription fee and allowed a customer to establish a first online session with a customer's computer, including the step of establishing a customer identifier and associated password.  The customer could establish a second online session, and after the customer inputted the customer's identifier and associated

password, the customer could access a remote storage area and transmit backup data to the remote storage area.   In light of these exemplary aspects of America Online under Oasis Research's apparent application of the claims, and the knowledge and experience of one of ordinary skill in the art at the time of the alleged invention, claims 1–27 are invalid under 35 U.S.C. §§ 102 and 103.   To the extent that Oasis Research contends that any limitation of claims 1–27 is not expressly disclosed by America Online, Oracle alleges that it would have been obvious to one of ordinary skill in the art at the time of the alleged invention to arrive at such limitations.

34.      The claims of the '354 patent are invalid under 35 U.S.C. § 112.   For example, the claims are invalid under 35 U.S.C. § 112(1) for lack of a written description of the alleged invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the alleged invention.

35.      Additionally, under Oasis Research's apparent attempt to read the claims onto the Identified Oracle Products, claims 1–27 of the '354 patent are invalid as indefinite for failing to particularly point out and distinctly claim the subject matter which the applicant allegedly regarded as his  invention.   The claims do not reasonably apprise a person of ordinary skill in the art of the claims' scope, and thus are invalid under 35 U.S.C. § 112(2).

36.      For example, claim 1 of the '354 patent is invalid as indefinite because it attempts to claim an improper mixture of an apparatus and method.   For the same reason, claims that depend on claim 1 (claims 2–24) are invalid.   As another example, claim language such as "substantially as if the remote storage area was a backup storage device physically and/or locally attached to the customer's computer" does not reasonably apprise a person of ordinary skill in

the art of its scope, and thus is invalid under 35 U.S.C. § 112(2).  For the same reasons, the claims that depend on claim 1 and claim 25 (claims 2–24, 26 and 27) are invalid.

37.     These examples of invalidity are intended to be illustrative and not exhaustive, and Oracle reserves the right to assert other specific claims of invalidity.

38.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

39.     A judicial declaration is necessary and appropriate so that Oracle may ascertain its rights regarding the '354 patent.

**COUNT III**
**DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,901,228**

40.     Oracle repeats and realleges the allegations in paragraphs 1–39 as though fully set forth herein.

41.     Oracle has not infringed and does not infringe, directly or indirectly, or under the doctrine of equivalents, any valid and enforceable claim of the '228 patent, in connection with the services described in Oasis Research's May 26, 2011 letter including the Identified Oracle Products.

42.     For example, the Identified Oracle Products do not infringe, directly or indirectly, or under the doctrine of equivalents, claims 1–2, 4–29, 54, 55 or 59–86 of the '228 patent for at least the following reason: the Identified Oracle Products do not meet the element of "establishing a customer relationship between a customer and an online service provider providing an online auxiliary storage service, said customer having a customer's computer associated herewith."

43.     As a further example, Oracle does not indirectly infringe claims 1–2, 4–29, 54, 55 or 59–86 of the '228 patent for at least the additional reasons that Oracle does not have specific intent to encourage alleged infringement of those claims and there is no direct infringement of those claim limitations described above induced by Oracle.  As another example, Oracle does not indirectly infringe claims 1–2, 4–29, 54, 55 or 59–86 of the '228 patent for at least the additional reason that the Identified Oracle Products have substantial non-infringing uses that do not meet the above described element.

44.     As an additional example, the Identified Oracle Products do not infringe, directly or indirectly, or under the doctrine of equivalents, claims 3, 30–52, 56-58 or 87–121 of the '228 patent for at least the following reasons: the Identified Oracle Products do not meet the element of "attaching, over the Internet connection, at least a part of the online backup service provider's storage to the customer's computer as a virtual backup storage device" and do not meet the element of "allowing the customer's computer to access the virtual backup storage device substantially as if the virtual backup storage device was a physical backup storage device locally attached to the customer's computer."

45.     As a further example, Oracle does not indirectly infringe claims 3, 30–52, 56-58 or 87–121 of the '228 patent for at least the additional reasons that Oracle does not have specific intent to encourage alleged infringement of those claims and there is no direct infringement of those claim limitations described above induced by Oracle.  As another example, Oracle does not indirectly infringe claims 3, 30–52, 56-58 or 87–121 of the '228 patent for at least the additional reason that the Identified Oracle Products have substantial non-infringing uses that do not meet the above described elements.

46.     As an additional example, the Identified Oracle Products do not infringe, directly or indirectly, or under the doctrine of equivalents, claim 53 or claims 122–169 of the '228 patent for at least the following reason: the Identified Oracle Products do not meet the element of "conditioned at least in part of validating step (f), allowing the customer to access the remote storage area via the second online session substantially as if the remote storage area was a storage device physically and/or locally attached to the customer's computer, including the steps of (1) encrypting data provided by the customer's computer transmitting the encrypted data to the online auxiliary storage service over the second online session, (3) storing the data in the remote storage area provided by the online auxiliary storage service, and (4) permitting the customer's computer to access the data stored in the remote storage area by step (3)."

47.     As a further example, Oracle does not indirectly infringe claim 53 or claims 122–169 of the '228 patent for at least the additional reasons that Oracle does not have specific intent to encourage alleged infringement of those claims and there is no direct infringement of those claim limitations described above induced by Oracle.  As another example, Oracle does not indirectly infringe claim 53 or claims 122–169 of the '228 patent for at least the additional reason that the Identified Oracle Products have substantial non-infringing uses that do not meet the above described element.

48.     As another example, the Identified Oracle Products do not infringe, directly or indirectly, or under the doctrine of equivalents, claims 170–173 of the '228 patent for at least the following reason: the Identified Oracle Products do not comprise "a storage access controller coupled to said mass storage device and said communications handler, said storage access controller validating, based at least in part on said online auxiliary storage service relationships, the authority of said customer computers to access the mass storage device, said

storage access controller conditionally restricting customer computer access to the storage provided by the mass storage device based at least in part on said validation, said storage access controller allowing authorized customer computers to store data to and read data from the mass storage device via said Internet connections."

49.     As a further example, Oracle does not indirectly infringe claims 170–173 of the '228 patent for at least the additional reasons that Oracle does not have specific intent to encourage alleged infringement of those claims and there is no direct infringement of those claim limitations described above induced by Oracle.  As another example, Oracle does not indirectly infringe claims 170–173 of the '228 patent for at least the additional reason that the Identified Oracle Products have substantial non-infringing uses that do not meet the above described element.

50.     These examples of non-infringement are intended to be illustrative and not exhaustive, and Oracle reserves the right to assert other specific claims of non-infringement.

51.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

52.     A judicial declaration is necessary and appropriate so that Oracle may ascertain its rights regarding the '228 patent.

## COUNT IV
### DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,901,228

53.     Oracle repeats and realleges the allegations in paragraphs 1–52 as though fully set forth herein.

54.     The claims of the '228 patent are invalid at least because claims 1–173 of the patent fail to meet the conditions of patentability of and to otherwise comply with 35 U.S.C. §§ 101, 102, 103, and 112.

55.     Claims 1–173 of the '228 patent are invalid under 35 U.S.C. § 101 for failing to fall under any categories of subject mater eligible for patent protection.  For example, claims 1–173 of the '228 patent allegedly claim abstract ideas ineligible for patent protection, including remote storage over a telecommunications connection.  Furthermore, at least claims 1–169 of the '228 patent are not tied to a particular machine or apparatus, but instead purport to cover the use of a non-specific computer with an online connection.  Claims 1–173 of the '228 patent do not transform a particular article into a different state or thing, but merely claim abstract ideas.  Like the risk hedging claims rejected in *Bilski*, claims 1–173 of the '228 patent are not tailored narrowly enough to encompass only a particular application of a principle, rather they attempt to pre-empt the principle itself.

56.     Claims 1–173 of the '228 patent are invalid under 35 U.S.C. §§ 102 and 103 based upon prior art to the '228 patent given Oasis Research's apparent attempt to read the claims onto the Identified Oracle Products.  At a minimum, the claims of the '228 patent are invalid under 35 U.S.C. §§ 102 and 103 based upon at least the following pieces of prior art: America Online, Asigra backup software, Harbor backup software, User-Access backup software, RBackup backup software, Secure Data Network backup software, The WELL, European Patent No. 0537925 ("Bar-On"), U.S. Patent No. 4,982,324 ("McConaughy"), U.S. Patent No. 5,008,936 ("Hamilton"), U.S. Patent No. 5,133,065 ("Cheffetz"), U.S. Patent No. 5,187,750 ("Behera"), U.S. Patent No. 5,276,860 ("Fortier"), U.S. Patent No. 5,550,976 ("Henderson"), and U.S. Patent No. 5,764,972 ("Crouse").  These examples of prior art are

intended to be illustrative and not exhaustive, and Oracle reserves the right to assert other specific pieces of prior art.

57.     For example, claims 1–2, 4–29, 54, 55, 59–86 and 171–173 are invalid under America Online, which was publicly available in the United States at least as early as November 14, 1992, because the claims are at least obvious in light of America Online.  Under Oasis Research's apparent attempt to read the claims onto the Identified Oracle Products, America Online provided online auxiliary storage and established a customer relationship between a customer and America Online.   America Online also established a telecommunications connection between the customer's computer and America Online, validated the customer's authority to access America Online, made available to the customer's computer via a telecommunications connection at least some of the storage provided by America Online, tracked the customer's access to the online service, and generated billing information based on said tracking.  In light of these exemplary aspects of America Online under Oasis Research's apparent application of the claims, and the knowledge and experience of one of ordinary skill in the art at the time of the alleged invention, claims 1–2, 4–29, 54, 55, 59–86 and 171–173 are invalid under 35 U.S.C. §§ 102 and 103.  To the extent that Oasis Research contends that any limitation of claims 1–2, 4–29, 54, 55, 59–86 and 171–173 is not expressly disclosed in America Online, Oracle alleges that it would have been obvious to one of ordinary skill in the art at the time of the alleged invention that led to the '228 patent to arrive at such limitations.

58.     As an additional example, claims 3, 30–52, 56–58 and 87–121 are invalid under America Online, because the claims are at least obvious in light of America Online.  Under Oasis Research's apparent attempt to read the claims onto the Identified Oracle Products, America Online provided online storage accessible to a customer's computer.  Such access was

conditioned on the receipt of requested payment from the customer.  In light of these exemplary aspects of America Online under Oasis Research's apparent application of the claims, and the knowledge and experience of one of ordinary skill in the art at the time of the alleged invention, claims 3, 30–52, 56–58 and 87–121 are invalid under 35 U.S.C. §§ 102 and 103.  To the extent that Oasis Research contends that any limitation of claims 3, 30–52, 56–58 and 87–121 is not expressly disclosed in America Online, Oracle alleges that it would have been obvious to one of ordinary skill in the art at the time of the alleged invention that led to the '228 patent to arrive at such limitations.

59.     As a further example, claims 53 and 122–169 are invalid under America Online, because the claims are at least obvious in light of America Online.   Under Oasis Research's apparent attempt to read the claims onto the Identified Oracle Products, America Online required customers to register and create logon information.  Upon doing so customers could transmit data to America Online for auxiliary storage.  In light of these exemplary aspects of America Online under Oasis Research's apparent application of the claims, and the knowledge and experience of one of ordinary skill in the art at the time of the alleged invention, claims 53, and 122–169 are invalid under 35 U.S.C. §§ 102 and 103.  To the extent that Oasis Research contends that any limitation of claims 53, and 122–169 is not expressly disclosed in America Online, Oracle alleges that it would have been obvious to one of ordinary skill in the art at the time of the alleged invention that led to the '228 patent to arrive at such limitations.

60.     The claims of the '228 patent are invalid under 35 U.S.C. § 112.  For example, the claims are invalid under 35 U.S.C. § 112(1) for lack of a written description of the alleged invention, and of the manner and process of making and using it, in such full, clear,

concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the alleged invention.

61.     Additionally, under Oasis Research's apparent attempt to read the claims onto the Identified Oracle Products, claims 1–173 of the '228 patent are invalid as indefinite for failing to particularly point out and distinctly claim the subject matter which the applicant allegedly regarded as his invention. The claims do not reasonably apprise a person of ordinary skill in the art of the claims' scope, and thus are invalid under 35 U.S.C. § 112(2).

62.     For example, claim 53 of the '228 patent is invalid as indefinite because it attempts to claim an improper mixture of an apparatus and method. For the same reasons, claims that depend on claim 53 (claims 122–169) are invalid. As an additional example, claim 1 of the '228 patent is invalid under 35 U.S.C. § 112(2) because claim language such as "establishing a customer relationship" does not reasonably apprise a person of ordinary skill in the art of the claim's scope. For the same reasons, claims that depend on claim 1 (claims 2, 4–29, 54–55, and 59–86) are invalid.

63.     As a further example, claim 3 and claim 53 of the '228 patent are invalid under 35 U.S.C. § 112(2) because claim language such as "allowing a customer's computer to access the virtual backup storage device substantially as if the virtual backup storage device was a physical storage device locally attached to the customer's computer" does not reasonably apprise a person of ordinary skill in the art of its scope, and thus such claims are invalid under 35 U.S.C. § 112(2). For the same reasons, claims that depend on claim 3 or claim 53 (claims 30–52, 56–58, and 87–169) are invalid.

64.     As another example, claim 170 of the '228 patent is invalid under 35 U.S.C. § 112(2) because claim language such as "establishes an online auxiliary storage service

relationship" does not reasonably apprise a person of ordinary skill in the art of the claim's scope. For the same reasons, claims that depend on claim 170 (claims 171–173) are invalid.

65.     These examples of invalidity are intended to be illustrative and not exhaustive, and Oracle reserves the right to assert other specific claims of invalidity.

66.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

67.     A judicial declaration is necessary and appropriate so that Oracle may ascertain its rights regarding the '228 patent.

## COUNT V
### DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,014,651

68.     Oracle repeats and realleges the allegations in paragraphs 1–67 as though fully set forth herein.

69.     Oracle has not infringed and does not infringe, directly or indirectly, or under the doctrine of equivalents, any valid and enforceable claim of the '651 patent, in connection with the services described in Oasis Research's May 26, 2011 letter including the Identified Oracle Products.

70.     For example, the Identified Oracle Products do not infringe, directly or indirectly, or under the doctrine of equivalents, claim 1 or claims 6–49 of the '651 patent for at least the following reason: the Identified Oracle Products do not meet the element of "copying, over said link, said second software version from said virtual disk drive to said remote computer system to update said stored first software version."

71.     As a further example, Oracle does not indirectly infringe claim 1 or claims 6–49 of the '651 patent for at least the additional reasons that Oracle does not have specific

intent to encourage alleged infringement of those claims and there is no direct infringement of those claim limitations described above induced by Oracle. As another example, Oracle does not indirectly infringe claim 1 or claims 6–49 of the '651 patent for at least the additional reason that the Identified Oracle Products have substantial non-infringing uses that do not meet the above described element.

72.     As another example, the Identified Oracle Products do not infringe, directly or indirectly, or under the doctrine of equivalents, claim 2 or claims 6–49 of the '651 patent for at least the following reason: the Identified Oracle Products do not meet the claim element of and do not meet the element of "attaching one of said N virtual disk drives to said remote computer system, including selecting said one virtual disk drive to attach based on the results of said selecting step (d)."

73.     As a further example, Oracle does not indirectly infringe claim 2 or claims 6–49 of the '651 patent for at least the additional reasons that Oracle does not have specific intent to encourage alleged infringement of those claims and there is no direct infringement of those claim limitations described above induced by Oracle. As another example, Oracle does not indirectly infringe claim 2 or claims 6–49 of the '651 patent for at least the additional reason that the Identified Oracle Products have substantial non-infringing uses that do not meet the above described element.

74.     As another example, the Identified Oracle Products do not infringe, directly or indirectly, or under the doctrine of equivalents, claim 3 or claims 7–49 of the '651 patent for at least the following reason: the Identified Oracle Products do not meet the element of "conditioned at least in part on validating step (c), allowing the customer to execute the software program selected in step (d) in the customer computer's processor, including the steps of:

(1) encrypting at least a part of the online service provider software rental program selected in step (d), (2) transmitting the encrypted software rental program to the customer computer, (3) decrypting the software rental program transmitted in step (2), and (4) loading the software rental program decrypted in step (3) into the customer computer processor for execution."

75.     As a further example, Oracle does not indirectly infringe claim 3 or claims 7–49 of the '651 patent for at least the additional reasons that Oracle does not have specific intent to encourage alleged infringement of those claims and there is no direct infringement of those claim limitations described above induced by Oracle.  As another example, Oracle does not indirectly infringe claim 3 or claims 7–49 of the '651 patent for at least the additional reason that the Identified Oracle Products have substantial non-infringing uses that do not meet the above described element.

76.     As another example, the Identified Oracle Products do not infringe, directly or indirectly, or under the doctrine of equivalents, claim 4 or claims 6–49 of the '651 patent for at least the following reason: the Identified Oracle Products do not meet the element of "conditioned at least in part on validating step (c) and determining step (e), allowing the customer to receive the release update selected in step (d), including the steps of: (1) determining if the online service provider release update selected in step (d) is to be provided with automated processing, (2) transmitting the release update to the customer computer, and (3) conditioned at least in part on determining step (1) applying the release update transmitted in step (2)."

77.     As a further example, Oracle does not indirectly infringe claim 4 or claims 6–49 of the '651 patent for at least the additional reasons that Oracle does not have specific intent to encourage alleged infringement of those claims and there is no direct infringement of

those claim limitations described above induced by Oracle.  As another example, Oracle does not indirectly infringe claim 4 or claims 6–49 of the '651 patent for at least the additional reason that the Identified Oracle Products have substantial non-infringing uses that do not meet the above described element.

78.     As another example, the Identified Oracle Products do not infringe, directly or indirectly, or under the doctrine of equivalents, claim 5 or claims 7–49 of the '651 patent for at least the following reason: the Identified Oracle Products do not meet the element of "conditioned at least in part on validating step (c), allowing the customer to receive the software program selected in step (d), including the steps of:  (1) encrypting the software program selected in step (d), (2) transmitting the encrypted software program to the customer computer, (3) decrypting the software program transmitted in step (2), (4) storing the software program decrypted in step (3) on storage accessible by the customer computer."

79.     As a further example, Oracle does not indirectly infringe claim 5 or claims 7–49 of the '651 patent for at least the additional reasons that Oracle does not have specific intent to encourage alleged infringement of those claims and there is no direct infringement of those claim limitations described above induced by Oracle.  As another example, Oracle does not indirectly infringe claim 5 or claims 7–49 of the '651 patent for at least the additional reason that the Identified Oracle Products have substantial non-infringing uses that do not meet the above described element.

80.     As another example, the Identified Oracle Products do not infringe, directly or indirectly, or under the doctrine of equivalents, claims 50–94 of the '651 patent for at least the following reason: the Identified Oracle Products do not meet the element of "a transfer device operatively coupled to said online connection arrangement and to said validator, said

transfer device distributing software to said customer computer, said transfer device communicating the software at least in part over said online connection established by said online connection arrangement conditioned on validation by said validator that said customer computer is eligible to receive said distributed software."

81.     As a further example, Oracle does not indirectly infringe claims 50–94 of the '651 patent for at least the additional reasons that Oracle does not have specific intent to encourage alleged infringement of those claims and there is no direct infringement of those claim limitations described above induced by Oracle.  As another example, Oracle does not indirectly infringe claims 50–94 of the '651 patent for at least the additional reason that the Identified Oracle Products have substantial non-infringing uses that do not meet the above described element.

82.     These examples of non-infringement are intended to be illustrative and not exhaustive, and Oracle reserves the right to assert other specific claims of non-infringement.

83.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

84.     A judicial declaration is necessary and appropriate so that Oracle may ascertain its rights regarding the '651 patent.

## COUNT VI
### DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,014,651

85.     Oracle repeats and realleges the allegations in paragraphs 1–84 as though fully set forth herein.

86.     The claims of the '651 patent are invalid at least because claims 1–94 of the patent fail to meet the conditions of patentability of and to otherwise comply with 35 U.S.C. §§ 101, 102, 103, and 112.

87.     Claims 1–94 of the '651 patent are invalid under 35 U.S.C. § 101 for failing to fall under any categories of subject mater eligible for patent protection.  For example, claims 1–94 of the '651 patent claim abstract ideas ineligible for patent protection, including distributing software over a telecommunications connection.  Furthermore, claims 1–94 of the '651 patent are not tied to a particular machine or apparatus, but instead purport to cover the use of a non-specific computer with a telecommunications connection.  Claims 1–94 of the '651 patent do not transform a particular article into a different state or thing, but merely claim abstract ideas.  Like the risk hedging claims rejected in *Bilski*, claims 1–94 of the '651 patent are not tailored narrowly enough to encompass only a particular application of a principle, rather they attempt to pre-empt the principle itself.

88.     Claims 1–94 of the patent are invalid under 35 U.S.C. §§ 102 and 103 based upon prior art to the '651 patent given Oasis Research's apparent attempt to read the claims onto the Identified Oracle Products.  At a minimum, the claims of the '651 patent are invalid under 35 U.S.C. §§ 102 and 103 based upon at least the following pieces of prior art: America Online, the Andrew File System, Compuserve, Gameline, Neverwinter Nights, online games by Sierra Networks, U.S. Patent No. 4,787,050 ("Suzuki"), and U.S. Patent No. 4,999,806 ("Chernow").  These examples of prior art are intended to be illustrative and not exhaustive, and Oracle reserves the right to assert other specific pieces of prior art.

89.     For example, claims 1–49 are invalidated under 35 U.S.C. §§ 102 and 103 by America Online, which was publicly available in the United States at least as early as

November 14, 1992, because the claims are at least obvious in light of America Online.  Under Oasis Research's apparent attempt to read the claims onto the Identified Oracle Products, America Online distributed software online.  America Online established a customer relationship between a customer and the online computer system through a telecommunications link. America Online validated customer access to its servers, in part by verifying credit card information.  Users could download software for execution on the users' own computer through these servers.  In light of these exemplary aspects of America Online under Oasis Research's apparent application of the claims, and the knowledge and experience of one of ordinary skill in the art at the time of the alleged invention, claims 1–49 are invalid under 35 U.S.C. §§ 102 and 103.  To the extent that Oasis Research contends that any limitation of claims 1–49 is not expressly disclosed in America Online, Oracle alleges that it would have been obvious to one of ordinary skill in the art at the time of the alleged invention to arrive at such limitations.

90.      As an additional example, claims 50–94 are invalid because the claims are at least obvious in light of America Online.  Under Oasis Research's apparent attempt to read the claims onto the Identified Oracle Products, America Online registered customers through use of a credit card and allowed them to choose software to use on a customer's computer.  Contingent in part on validation of the credit card, software could be transferred online to the user's computer for use.  In light of these exemplary aspects of America Online under Oasis Research's apparent application of the claims, and the knowledge and experience of one of ordinary skill in the art at the time of the alleged invention, claims 50–94 are invalid under 35 U.S.C. §§ 102 and 103.  To the extent that Oasis Research contends that any limitation of claims 50–94 is not expressly disclosed in America Online, Oracle alleges that it would have been obvious to one of ordinary skill in the art at the time of the alleged invention to arrive at such limitations.

91.     The claims of the '651 patent are invalid under 35 U.S.C. § 112.  For example, the claims of the '651 patent are invalid under 35 U.S.C. § 112(1) for lack of a written description of the alleged invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the alleged invention.

92.     Additionally, under Oasis Research's apparent attempt to read the claims onto the Identified Oracle Products, claims 1–94 of the '651 patent are invalid as indefinite for failing to particularly point out and distinctly claim the subject matter which the applicant allegedly regarded as his  invention.  The claims do not reasonably apprise a person of ordinary skill in the art of the claims' scope, and thus are invalid under 35 U.S.C. § 112(2).

93.     For example, claims 3, 4 and 5 of the '651 patent are invalid as indefinite because they attempt to claim an improper mixture of an apparatus and method.  For the same reasons, claims that depend on claims 3, 4 or 5 (claims 6–49) are invalid.  As an additional example, claims 3, 4 and 5 of the '651 patent are invalid under 35 U.S.C. § 112(2) because claim language such as "external special purpose remote control security hardware module" does not reasonably apprise a person of ordinary skill in the art of its scope, and thus such claims are invalid under 35 U.S.C. § 112(2).  For the same reasons, claims that depend on claims 3, 4 or 5 (claims 6–49) are invalid.

94.     As a further example, claim 50 of the '651 patent is invalid under 35 U.S.C. § 112(2) because claim language such as "establishes a customer relationship" and "online connection arrangement that establishes a real time online connection" does not reasonably apprise a person of ordinary skill in the art of the claim's scope.  For the same reasons, claims that depend on claim 50 (claims 51–94) are invalid.

95.      These examples of invalidity are intended to be illustrative and not exhaustive, and Oracle reserves the right to assert other specific claims of invalidity.

96.      As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

97.      A judicial declaration is necessary and appropriate so that Oracle may ascertain its rights regarding the '651 patent.

## COUNT VII
### DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,327,579

98.      Oracle repeats and realleges the allegations in paragraphs 1–97 as though fully set forth herein.

99.      Oracle has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '579 patent, in connection with the services described in Oasis Research's May 26, 2011 letter including the Identified Oracle Products.

100.      For example, the Identified Oracle Products do not infringe, directly or indirectly, or under the doctrine of equivalents, claim 1 or claim 2 of the '579 patent for at least the following reason: the Identified Oracle Products do not meet the element of "allowing said remote computer to access said storage resource as of it were a physical storage device physically attached to said remote computer."

101.      As a further example, Oracle does not indirectly infringe claim 1 or claim 2 of the '579 patent for at least the additional reasons that Oracle does not have specific intent to encourage alleged infringement of those claims and there is no direct infringement of those claim limitations described above induced by Oracle.  As another example, Oracle does not indirectly infringe claim 1 or claim 2 of the '579 patent for at least the additional reason that the Identified

Oracle Products have substantial non-infringing uses that do not meet the above described element.

102.    As an additional example, the Identified Oracle Products do not infringe, directly or indirectly, or under the doctrine of equivalents, claim 3 or claim 4 of the '579 patent for at least the following reasons: the Identified Oracle Products do not meet the element of "permitting said on-line help desk service system to remotely control the resources made available in step (b) by performing the following:  (1) redirecting at least some input originating from said help desk service system to said customer computer; (2) redirecting at least some output originating from said customer computer to said help desk service system" and do not meet the element of "establishing a customer relationship between an on-line service provider providing diagnostic and repair services and a customer, said customer having a computer associated therewith."

103.    As a further example, Oracle does not indirectly infringe claim 3 or claim 4 of the '579 patent for at least the additional reasons that Oracle does not have specific intent to encourage alleged infringement of those claims and there is no direct infringement of those claim limitations described above induced by Oracle.  As another example, Oracle does not indirectly infringe claim 3 or claim 4 of the '579 patent for at least the additional reason that the Identified Oracle Products have substantial non-infringing uses that do not meet the above described elements.

104.    As an additional example, the Identified Oracle Products do not infringe, directly or indirectly, or under the doctrine of equivalents, claims 5–13 of the '579 patent for at least the following reasons: the Identified Oracle Products do not meet the element of "establishing a customer relationship between a customer and an application service provider

providing a software rental service" and do not comprise "a validator that validates the customer's authority to access application services based at least in part on the stored data format" and do not comprise "the communications facility including a component transmitter that conditionally transmits at least one software component of said selected software application to said customer's computer for execution."

105.    As a further example, Oracle does not indirectly infringe claims 5–13 of the '579 patent for at least the additional reasons that Oracle does not have specific intent to encourage alleged infringement of those claims and there is no direct infringement of those claim limitations described above induced by Oracle.  As another example, Oracle does not indirectly infringe claims 5–13 of the '579 patent for at least the additional reason that the Identified Oracle Products have substantial non-infringing uses that do not meet the above described elements.

106.    These examples of non-infringement are intended to be illustrative and not exhaustive, and Oracle reserves the right to assert other specific claims of non-infringement.

107.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

108.    A judicial declaration is necessary and appropriate so that Oracle may ascertain its rights regarding the '579 patent.

<u>COUNT VIII</u>
DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,327,579

109.    Oracle repeats and realleges the allegations in paragraphs 1–108 as though fully set forth herein.

110.     The claims of the '579 patent are invalid at least because claims 1–13 of the patent fail to meet the conditions of patentability of and to otherwise comply with 35 U.S.C. §§ 101, 102, 103, and 112.

111.     Claims 1–13 of the '579 patent are invalid under 35 U.S.C. § 101 for failing to fall under any categories of subject mater eligible for patent protection.  For example, claims 1–13 of the '579 patent claim abstract ideas ineligible for patent protection, including online services over a telecommunications connection.  Furthermore, at least claims 1–12 of the '579 patent are not tied to a particular machine or apparatus, but instead purport to cover the use of a non-specific computer with an Internet connection.  Claims 1–13 of the '579 patent do not transform a particular article into a different state or thing, but merely claim abstract ideas.  Like the risk hedging claims rejected in *Bilski*, claims 1–13 of the '579 patent are not tailored narrowly enough to encompass only a particular application of a principle, rather they attempt to pre-empt the principle itself.

112.     Claims 1–13 of the '579 patent are invalid under 35 U.S.C. §§ 102 and 103 based upon prior art to the '579 patent given Oasis Research's apparent attempt to read the claims onto the Identified Oracle Products.  At a minimum, the claims of the '579 patent are invalid under 35 U.S.C. §§ 102 and 103 based upon at least the following pieces of prior art: Andrew File System, America Online, Compuserve, Co-Session software, Neverwinter Nights, PC Anywhere software, online games by Sierra Networks, U.S. Patent No. 4,999,806 ("Chernow"), and U.S. Patent No. 5,287,505 ("Calvert").  These examples of prior art are intended to be illustrative and not exhaustive, and Oracle reserves the right to assert other specific pieces of prior art.

113.     For example, claim 1 and claim 2 of the '579 patent are invalidated under 35 U.S.C. §§ 102 and 103 by America Online, which was publicly available in the United States at least as early as November 14, 1992, because the claims are at least obvious in light of America Online.  Under Oasis Research's apparent attempt to read the claims onto the Identified Oracle Products, America Online allowed users to connect to its servers over a telecommunications link and access storage provided by America Online.  America Online also sold anti-virus software through its services that could be executed on users' computers.  In light of these exemplary aspects of America Online under Oasis Research's apparent application of the claims, and the knowledge and experience of one of ordinary skill in the art at the time of the alleged invention, claim 1 and claim 2 are invalid under 35 U.S.C. §§ 102 and 103.  To the extent that Oasis Research contends that any limitation of claim 1 or claim 2 is not expressly disclosed in America Online, Oracle alleges that it would have been obvious to one of ordinary skill in the art at the time of the alleged invention to arrive at such limitations.

114.     As an additional example, claim 3 and claim 4 of the '579 patent are invalidated under 35 U.S.C. §§ 102 and 103 by Co-Session software, publicly available at least as early as September 6, 1990, because the claims are at least obvious in light of the Co-Session prior art reference.  Under Oasis Research's apparent attempt to read the claims onto the Identified Oracle Products, Co-Session discloses a means of diagnosing problems with remote computers through the use of a communications network.  Co-Session also discloses the ability to redirect inputs from a user's computer to a remote computer and redirect output from a remote computer to a user's computer.  In light of these exemplary aspects of Co-Session under Oasis Research's apparent application of the claims, and the knowledge and experience of one of ordinary skill in the art at the time of the alleged invention, claim 3 and claim 4 are invalid under

35 U.S.C. §§ 102 and 103. To the extent that Oasis Research contends that any limitation of claim 3 or claim 4 is not expressly disclosed in the Co-Session prior art reference, Oracle alleges that it would have been obvious to one of ordinary skill in the art at the time of the alleged invention to arrive at such limitations.

115.     As a further example, claims 5–13 are invalidated under 35 U.S.C. §§ 102 and 103 by America Online, because the claims are at least obvious in light of America Online. Under Oasis Research's apparent attempt to read the claims onto the Identified Oracle Products, America Online allowed users to register for access with a user identifier, password and credit card number, and allowed customers to select applications they wanted to use in return for a fee. In light of these exemplary aspects of America Online under Oasis Research's apparent application of the claims, and the knowledge and experience of one of ordinary skill in the art at the time of the alleged invention, claims 5–13 are invalid under 35 U.S.C. §§ 102 and 103. To the extent that Oasis Research contends that any limitation of claims 5–13 is not expressly disclosed in America Online, Oracle alleges that it would have been obvious to one of ordinary skill in the art at the time of the alleged invention to arrive at such limitations.

116.     The claims of the '579 patent are invalid under 35 U.S.C. § 112. For example, the claims are invalid under 35 U.S.C. § 112(1) for lack of a written description of the alleged invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the alleged invention.

117.     Additionally, under Oasis Research's apparent attempt to read the claims onto the Identified Oracle Products, claims 1–13 of the '579 patent are invalid as indefinite under 35 U.S.C. § 112(2) for failing to particularly point out and distinctly claim the subject matter

which the applicant allegedly regarded as his invention. The claims do not reasonably apprise a person of ordinary skill in the art of the claims' scope, and thus are invalid under 35 U.S.C. § 112(2).

118.    For example, claim 4 and claim 5 of the '579 patent are invalid under 35 U.S.C. § 112(2) because claim language such as "establishing a customer relationship" does not reasonably apprise a person of ordinary skill in the art of its scope, and thus such claims are invalid under 35 U.S.C. § 112(2). For the same reasons, claims that depend on claim 4 or claim 5 (claims 6–10) are invalid. As another example, claim 13 of the '579 patent is invalid under 35 U.S.C. § 112(2) because claim language such as "a communications facility that establishes an Internet connection" does not reasonably apprise a person of ordinary skill in the art of the claim's scope, and thus is invalid under 35 U.S.C. § 112(2).

119.    These examples of invalidity are intended to be illustrative and not exhaustive, and Oracle reserves the right to assert other specific claims of invalidity.

120.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

121.    A judicial declaration is necessary and appropriate so that Oracle may ascertain its rights regarding the '579 patent.

**COUNT IX**
**DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,411,943**

122.    Oracle repeats and realleges the allegations in paragraphs 1–121 as though fully set forth herein.

123.    Oracle has not infringed and does not infringe, directly or indirectly, or under the doctrine of equivalents, any valid and enforceable claim of the '943 patent, in

connection with the services described in Oasis Research's May 26, 2011 letter including the Identified Oracle Products.

124.    For example, the Identified Oracle Products do not infringe, directly or indirectly, or under the doctrine of equivalents, claims 1–48 of the '943 patent for at least the following reason: the Identified Oracle Products do not the element of "establishing a customer relationship between a customer having a computing device and an online service provider providing an offsite data storage service accessible over the Internet for backup, restore and/or archiving, said online service provider registering a customer identifier based at least in part on a communication between said online service provider and said customer."

125.    As a further example, Oracle does not indirectly infringe claims 1–48 of the '943 patent for at least the additional reasons that Oracle does not have specific intent to encourage alleged infringement of those claims and there is no direct infringement of those claim limitations described above induced by Oracle.  As another example, Oracle does not indirectly infringe claims 1–48 of the '943 patent for at least the additional reason that the Identified Oracle Products have substantial non-infringing uses that do not meet the above described element.

126.    As an additional example, the Identified Oracle Products do not infringe, directly or indirectly, or under the doctrine of equivalents, claim 49 of the '943 patent for at least the following reason: the Identified Oracle Products do not comprise "a processor that (a) makes available, to the customers' computing devices via the Internet, at least some data stored in the data storage arrangement, (b) validates the customers' authority to access the online data storage system, (c) conditionally authorizes and/or restricts access by the customers' computing devices to the data stored in the data storage arrangement, (d) receives data sent by the customers' computing devices over the Internet based on at least one of (i) an incremental backup, (ii) a full

backup, and (iii) a backup based on a list of file names, and (e) stores, for backup, restore and/or archival purposes, said received data in said data storage arrangement."

127.     As a further example, Oracle does not indirectly infringe claim 49 of the '943 patent for at least the additional reasons that Oracle does not have specific intent to encourage alleged infringement of the claim and there is no direct infringement of the claim limitations described above induced by Oracle.  As another example, Oracle does not indirectly infringe claim 49 of the '943 patent for at least the additional reason that the Identified Oracle Products have substantial non-infringing uses that do not meet the above described element.

128.     These examples of non-infringement are intended to be illustrative and not exhaustive, and Oracle reserves the right to assert other specific claims of non-infringement.

129.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

130.     A judicial declaration is necessary and appropriate so that Oracle may ascertain its rights regarding the '943 patent.

## COUNT X
### DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,411,943

131.     Oracle repeats and realleges the allegations in paragraphs 1–130 as though fully set forth herein.

132.     The claims of the '943 patent are invalid at least because claims 1–49 of the patent fail to meet the conditions of patentability of and to otherwise comply with 35 U.S.C. §§ 101, 102, 103, and 112.

133.     Claims 1–49 of the '943 patent are invalid under 35 U.S.C. § 101 for failing to fall under any categories of subject mater eligible for patent protection.  For example,

claims 1–49 of the '943 patent claim abstract ideas ineligible for patent protection, including remote storage over a telecommunications connection.  Furthermore, at least claims 1–48 of the '943 patent are not tied to a particular machine or apparatus, but instead purport to cover a computer with an Internet connection.  Claims 1–49 of the '943 patent do not transform a particular article into a different state or thing, but merely claim abstract ideas.  Like the risk hedging claims rejected in *Bilski*, claims 1–49 of the '943 patent are not tailored narrowly enough to encompass only a particular application of a principle, rather they attempt to pre-empt the principle itself.

134.     Claims 1–49 of the '943 patent are invalid under 35 U.S.C. §§ 102 and 103 based upon prior art to the '943 patent given Oasis Research's apparent attempt to read the claims onto the Identified Oracle Products.  At a minimum, the claims of the '943 patent are invalid under 35 U.S.C. §§ 102 and 103 based upon at least the following pieces of prior art: America Online, Asigra backup software, Compuserve, Harbor backup software, The Norton Backup, RBackup backup software, Secure Data Network backup software, User-Access backup software, The WELL, U.S. Patent No. 5,187,750 ("Behera"), U.S. Patent No. 5,276,860 ("Fortier"), U.S. Patent No. 5,550,976 ("Henderson"), and U.S. Patent No. 5,764,972 ("Crouse").  These examples of prior art are intended to be illustrative and not exhaustive, and Oracle reserves the right to assert other specific pieces of prior art.

135.     For example, claims 1–49 are invalidated under 35 U.S.C. §§ 102 and 103 by America Online, which was publicly available in the United States at least as early as November 14, 1992, because the claims are at least obvious in light of America Online.  Under Oasis Research's apparent attempt to read the claims onto the Identified Oracle Products, America Online established a customer relationship with customers through a registration

process and subsequently allowed them to sign in and access online storage provided by America Online.  America Online tracked users' access of its services and billed customers based on the users' use of the services.  In light of these exemplary aspects of America Online under Oasis Research's apparent application of the claims, and the knowledge and experience of one of ordinary skill in the art at the time of the alleged invention, claims 1–49 are invalid under 35 U.S.C. §§ 102 and 103.  To the extent that Oasis Research contends that any limitation of claims 1–49 is not expressly disclosed in America Online, Oracle alleges that it would have been obvious to one of ordinary skill in the art at the time of the alleged invention to arrive at such limitations.

136.     The claims of the '943 patent are invalid under 35 U.S.C. § 112.  For example, the claims are invalid under 35 U.S.C. § 112(1) for lack of a written description of the alleged invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the alleged invention.

137.     Additionally, under Oasis Research's apparent attempt to read the claims onto the Identified Oracle Products, claims 1–49 of the '943 patent are invalid as indefinite under 35 U.S.C. § 112(2) for failing to particularly point out and distinctly claim the subject matter which the applicant allegedly regarded as his  invention.  The claims do not reasonably apprise a person of ordinary skill in the art of claims' scope, and thus are invalid under 35 U.S.C. § 112(2).

138.     For example, claim 1 of the '943 patent is invalid under 35 U.S.C. § 112(2) because claim language such as "[a] method of providing an offsite backup, restore and/or archiving data storage service to customers over the Internet by making backup and/or archival data storage provided by an online service provider available and accessible to the

customers' computing devices via an Internet connection for use in backup up, archiving and/or restoring data from and/or to data storage local to or disposed within said customers' computing devices" and "establishing a customer relationship" does not reasonably apprise a person of ordinary skill in the art of the claims' scope, and thus is invalid under 35 U.S.C. § 112(2). For the same reasons, the claims that depend on claim 1 (claims 2–48) are invalid.

139.     As an additional example, claim 49 of the '943 patent is invalid under 35 U.S.C. § 112(2) because claim language such as "a data storage arrangement including data storage capacity for backing up customer data" and "establishing customer relationships" do not reasonably apprise a person of ordinary skill in the art of the claim's scope.

140.     These examples of invalidity are intended to be illustrative and not exhaustive, and Oracle reserves the right to assert other specific claims of invalidity.

141.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

142.     A judicial declaration is necessary and appropriate so that Oracle may ascertain its rights regarding the '943 patent.

## COUNT XI
### DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 7,080,051

143.     Oracle repeats and realleges the allegations in paragraphs 1–142 as though fully set forth herein.

144.     Oracle has not infringed and does not infringe, directly or indirectly, or under the doctrine of equivalents, any valid and enforceable claim of the '051 patent, in connection with the services described in Oasis Research's May 26, 2011 letter including the Identified Oracle Products.

145.     For example, the Identified Oracle Products do not infringe, directly or indirectly, or under the doctrine of equivalents, claims 1–8 of the '051 patent for at least the following reasons: the Identified Oracle Products do not meet the element of "transmitting software over the Internet from said software provider system to said computers for execution, said execution being initiated without requiring user interaction after said software transmitting has completed" and do not meet the element of "sending software from the service to a computer of the user in step (a) for execution, said execution being initiated without requiring user interaction after the software has been sent" and do not meet the element of "downloading available software to the computer user's computer storage device" and do not meet the element of "sending software for execution to the computer of said user communicating with the service over the Internet, said execution being initiated without requiring user interaction after the software has been sent" and do not meet the element of "conditioned on step (e), downloading the software update to said Internet computer user" and do not meet the element of "executing software that installs said downloaded software update on a computer associated with said Internet computer user" and do not meet the element of "sending software over the Internet to an Internet computer user for execution, said execution being initiated without requiring user interaction after the software has been sent" and do not meet the element of "executing requested rental software in a computer associated with the Internet computer user" and do not meet the element of "executing requested rental software in a computer associated with the Internet computer user."

146.     As a further example, Oracle does not indirectly infringe claims 1–8 of the '051 patent for at least the additional reasons that Oracle does not have specific intent to encourage alleged infringement of those claims and there is no direct infringement of those claim

limitations described above induced by Oracle.  As another example, Oracle does not indirectly infringe claims 1–8 of the '051 patent for at least the additional reason that the Identified Oracle Products have substantial non-infringing uses that do not meet the above described elements.

147.     As an additional example, the Identified Oracle Products do not infringe, directly or indirectly, or under the doctrine of equivalents, claim 9 of the '051 patent for at least the following reason: the Identified Oracle Products do not meet the element of "establishing a customer/provider relationship between a computer user and a provider of online backup, online storage, online processing over the Internet."

148.     As a further example, Oracle does not indirectly infringe claim 9 of the '051 patent for at least the additional reasons that Oracle does not have specific intent to encourage alleged infringement of the claim and there is no direct infringement of the claim limitations described above induced by Oracle.  As another example, Oracle does not indirectly infringe claim 9 of the '051 patent for at least the additional reason that the Identified Oracle Products have substantial non-infringing uses that do not meet the above described element.

149.     As a further example, the Identified Oracle Products do not infringe, directly or indirectly, or under the doctrine of equivalents, claims 10–22 of the '051 patent for at least the following reason: the Identified Oracle Products do not comprise "a software downloader that downloads data from said data storage repository to computer users via said communications facility, said data at least in part comprising software for execution, said execution being initiated without requiring user interaction after the download has completed."

150.     As a further example, Oracle does not indirectly infringe claims 10–22 of the '051 patent for at least the additional reasons that Oracle does not have specific intent to encourage alleged infringement of those claims and there is no direct infringement of those claim

limitations described above induced by Oracle.  As another example, Oracle does not indirectly infringe claims 10–22 of the '051 patent for at least the additional reason that the Identified Oracle Products have substantial non-infringing uses that do not meet the above described elements.

151.    These examples of non-infringement are intended to be illustrative and not exhaustive, and Oracle reserves the right to assert other specific claims of non-infringement.

152.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

153.    A judicial declaration is necessary and appropriate so that Oracle may ascertain its rights regarding the '051 patent.

**COUNT XII**
**DECLARATION OF INVALIDITY OF U.S. PATENT NO. 7,080,051**

154.    Oracle repeats and realleges the allegations in paragraphs 1–153 as though fully set forth herein.

155.    The claims of the '051 patent are invalid at least because claims 1–22 fail to meet the conditions of patentability of and to otherwise comply with 35 U.S.C. §§ 101, 102, 103, and 112.

156.    Claims 1–22 of the '051 patent are invalid under 35 U.S.C. § 101 for failing to fall under any categories of subject mater eligible for patent protection.  For example, claims 1–22 of the '051 patent claim abstract ideas ineligible for patent protection, including online storage over a telecommunications connection.  Furthermore, at least claims 1–9 of the '051 patent are not tied to a particular machine or apparatus, but instead purport to cover a computer with an Internet connection.  Claims 1–22 of the '051 patent do not transform a

particular article into a different state or thing, but merely claim abstract ideas.  Like the risk hedging claims rejected in *Bilski*, claims 1–22 of the '051 patent are not tailored narrowly enough to encompass only a particular application of a principle, rather they attempt to pre-empt the principle itself.

157.     Claims 1–8 of the patent are invalid under 35 U.S.C. §§ 102 and 103 based upon prior art to the '051 patent given Oasis Research's apparent attempt to read the claims onto the Identified Oracle Products.  At a minimum, the claims of the '051 patent are invalid under 35 U.S.C. §§ 102 and 103 based upon at least the following pieces of prior art: America Online, Gameline, Compuserve, Neverwinter Nights, Sierra Networks gaming software, U.S. Patent No. 4,658,093 ("Hellman"), U.S. Patent No. 4,787,050 ("Suzuki"), U.S. Patent No. 4,999,806 ("Chernow"), and U.S. Patent No. 5,051,822 ("Rhoades").  These examples of prior art are intended to be illustrative and not exhaustive, and Oracle reserves the right to assert other specific pieces of prior art.

158.     For example, claims 1–8 are invalidated under 35 U.S.C. §§ 102 and 103 by America Online, which was publicly available in the United States at least as early as November 14, 1992, because the claims are at least obvious in light of America Online.  Under Oasis Research's apparent attempt to read the claims onto the Identified Oracle Products, America Online provided a means for customers to select software to use for a fee through America Online.  The selected software could be downloaded to the customer's computer for execution on the customer's computer.  In light of these exemplary aspects of America Online under Oasis Research's apparent application of the claims, and the knowledge and experience of one of ordinary skill in the art at the time of the alleged invention, claims 1–8 are invalid under 35 U.S.C. §§ 102 and 103.  To the extent that Oasis Research contends that any limitation of

claims 1–8 is not expressly disclosed in America Online, Oracle alleges that it would have been obvious to one of ordinary skill in the art at the time of the alleged invention to arrive at such limitations.

159.    As an additional example, claim 9 is also invalidated under 35 U.S.C. §§ 102 and 103 by America Online, because the claim is at least obvious in light of America Online.  Under Oasis Research's apparent attempt to read the claim onto the Identified Oracle Products, America Online provided online storage for its customers, contingent on the customers logging in to the online service.  Customers could download or upload data to the online storage, and customers' use of America Online was tracked for billing purposes.   In light of these exemplary aspects of America Online under Oasis Research's apparent application of the claims, and the knowledge and experience of one of ordinary skill in the art at the time of the alleged invention, claim 9 is invalid under 35 U.S.C. §§ 102 and 103.  To the extent that Oasis Research contends that any limitations of claim 9 is not expressly disclosed in America Online, Oracle alleges that it would have been obvious to one of ordinary skill in the art at the time of the alleged invention to arrive at such limitations.

160.    As a further example, claims 10–22 are also invalidated under 35 U.S.C. §§ 102 and 103 by America Online, because the claim is at least obvious in light of America Online.  Under Oasis Research's apparent attempt to read the claims onto the Identified Oracle Products, America Online allowed users to log on and download files from a data storage repository maintained by America Online.  Customers would pay for use of the service with a credit card, and customers' use of the service was contingent on payment.   In light of these exemplary aspects of America Online under Oasis Research's apparent application of the claims, and the knowledge and experience of one of ordinary skill in the art at the time of the alleged

invention, claims 10–22 are invalid under 35 U.S.C. §§ 102 and 103.  To the extent that Oasis Research contends that any limitation of claims 10–22 is not expressly disclosed in America Online, Oracle alleges that it would have been obvious to one of ordinary skill in the art at the time of the alleged invention to arrive at such limitations.

161.    The claims of the '051 patent are invalid under 35 U.S.C. § 112.  For example, the claims are invalid under 35 U.S.C. § 112(1) for lack of a written description of the alleged invention, and of the manner and process of making and using it, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the alleged invention.

162.    Additionally, under Oasis Research's apparent attempt to read the claims onto the Identified Oracle Products, claims 1–22 of the '051 patent are invalid as indefinite under 35 U.S.C. § 112(2) for failing to particularly point out and distinctly claim the subject matter which the applicant allegedly regarded as his invention.  The claims do not reasonably apprise a person of ordinary skill in the art of the claims' scope, and thus are invalid under 35 U.S.C. § 112(2).

163.    For example, claim 3 of the '051 patent is invalid as indefinite because it attempts to claim an improper mixture of an apparatus and method.  As another example, claim 9 of the '051 patent is invalid under 35 U.S.C. § 112(2) because claim language such as "establishing a customer/provider relationship between a computer user and a provider of online backup, online storage, online processing over the Internet" does not reasonably apprise a person of ordinary skill in the art of its scope, and thus such a claim is invalid under 35 U.S.C. § 112(2).

164.    As a further example, claim 10 of the '051 patent is invalid under 35 U.S.C. § 112(2) because claim language such as "a data storage repository containing data for

downloading" and "a commercial data downloader that downloads data from said data storage repository to computer users via said communications facility conditioned at least in part by said security arrangement" does not reasonably apprise a person of ordinary skill in the art of the claim's scope, and thus is invalid under 35 U.S.C. § 112(2).  For the same reasons, claims that depend on claim 10 (claims 11–22) are invalid.

165.    These examples of invalidity are intended to be illustrative and not exhaustive, and Oracle reserves the right to assert other specific claims of invalidity.

166.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

167.    A judicial declaration is necessary and appropriate so that Oracle may ascertain its rights regarding the '051 patent.

## PLAINTIFFS' DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b)(1), Plaintiffs Oracle Corporation and Oracle America, Inc. demand a trial by jury of all issues triable by jury in this matter.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Oracle respectfully requests that judgment be entered in favor of Oracle and prays that the Court grant the following relief to Oracle:

1.    A declaration that Oracle has not infringed, either directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the Patents-in-Suit;

2.    A declaration that one or more claims of the Patents-in-Suit is invalid for failing to meet the conditions of patentability required by 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, and 112;

3.      An order declaring that Oracle is a prevailing party and that this is an exceptional case, awarding Oracle its costs, expenses, disbursements and reasonable attorney fees under 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and

4.      Such other and further relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*
Mary B. Graham (#2256)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mgraham@mnat.com
    *Attorneys for Oracle Corporation*
    *and Oracle America, Inc.*

OF COUNSEL:

Steven Cherny
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022

Mike W. De Vries
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA  90071

Kimberly Schmitt
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA  94104

Harper Batts
Roy Wang
KIRKLAND & ELLIS LLP
950 Page Mill Road
Palo Alto, CA  94304

October 14, 2011
4539859

- 45 -