IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORACLE CORPORATION and ORACLE AMERICA, INC., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 11-679 (ER) |
| OASIS RESEARCH, LLC, | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO OASIS'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED, OR ALTERNATIVELY TRANSFER TO THE EASTERN DISTRICT OF TEXAS**

OF COUNSEL:

Steven Cherny
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Mike W. De Vries
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA  90071
(213) 680-8400

Kimberly Schmitt
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA  94104
(415) 439-1400

Harper Batts
Roy Wang
KIRKLAND & ELLIS LLP
950 Page Mill Road
Palo Alto, CA  94304
(650) 859-7000

October 14, 2011

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Mary B. Graham (#2256)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mgraham@mnat.com
  *Attorneys for Oracle Corporation
  and Oracle America, Inc.*

TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ....................................................................................... iii

INTRODUCTION ....................................................................................................1

NATURE AND STAGE OF PROCEEDINGS ..................................................................2

SUMMARY OF THE ARGUMENT ...............................................................................2

STATEMENT OF FACTS ..........................................................................................3

      A.     The Parties ....................................................................................3

      B.     Oracle Filed This Action In Delaware To Resolve Oasis's
            Infringement Allegations Against Oracle ....................................................4

      C.     The Texas Action Involves Different Defendants, Different
            Products, And Different Claims....................................................................4

ARGUMENT ..........................................................................................................6

   I.     ORACLE'S AMENDED COMPLAINT MOOTS OASIS'S
        MOTION TO DISMISS. ...........................................................................6

   II.    ORACLE'S DECLARATORY JUDGMENT CLAIMS SHOULD
        REMAIN IN DELAWARE, WHERE ALL PARTIES ARE
        INCORPORATED, AND SHOULD NOT BE TRANSFERRED
        TO A DISTRICT WITH NO MEANINGFUL CONNECTION TO
        THE PARTIES OR THIS DISPUTE.....................................................................7

      A.     The *Jumara* Public Interest Factors Favor Retention Of The
            Case In Delaware. .........................................................................................9

            1.     *Jumara* Public Interest Factor: "Practical
                    Considerations That Could Make The Trial Easy,
                    Expeditious, Or Inexpensive" Weigh Against
                    Transfer. ...........................................................................................9

            2.     *Jumara* Public Interest Factor:  The "Local Interest
                    In Deciding The Controversy At Home" Factor
                    Weighs In Favor Of Keeping The Action In
                    Delaware. .........................................................................................13

3.      *Jumara* Public Interest Factor: "The Relative Administrative Difficulty In The Two Fora Resulting From Court Congestion" Is Not Relevant To The Transfer Calculus. ............................................................14

4.      The Remaining *Jumara* Public Interest Factors Are Neutral..................................................................................14

B.      The *Jumara* Private Interest Factors Strongly Support Keeping The Action In Delaware. .............................................15

1.      *Jumara* Private Interest Factor: Oracle's Choice Of Forum Is A "Paramount Consideration".......................................15

2.      *Jumara* Private Interest Factor: Oasis's Choice Of Forum "Is Entitled To Little Weight"...........................................16

3.      *Jumara* Private Interest Factor: "Whether The Claims Arose Elsewhere" Weighs In Favor Of Keeping The Action In Delaware. ...................................................16

4.      *Jumara* Private Interest Factor: Because Oasis Chose To Incorporate In Delaware, "Convenience Of The Parties" Weighs In Favor Of Keeping This Action In Delaware. .....................................................17

5.      *Jumara* Private Interest Factor: "Convenience Of The Witnesses" Does Not Support Transfer.................................17

6.      *Jumara* Private Interest Factor: "Location Of Books And Records" Does Not Support Transfer. ...................................18

CONCLUSION....................................................................................................19

TABLE OF AUTHORITIES

Page(s)

CASES

*ADE Corp. v. KLA–Tencor Corp.*,
  138 F.Supp.2d 565 (D. Del. 2001) ................................................................17, 19

*Affymetrix, Inc. v. Synteni, Inc.*,
  28 F.Supp.2d 192 (D. Del. Nov. 18, 1998) ............................................................18

*Ashcroft v. Iqbal*,
  129 S.Ct. 1937 (2009) .............................................................................................6

*Autodesk Can. v. Assimilate, Inc.*,
  No. 08-587, 2009 WL 3151026 (D. Del. Sep. 29, 2009) ........................................13

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................6

*In re Bilski*,
  545 F.3d 943 (Fed. Cir. 2008) *aff'd but criticized sub nom. Bilski v. Kappos*, 130 S.
  Ct. 3218 (U.S. 2010) ...............................................................................................7

*Boston Scientific Corp. v. Johnson & Johnson Inc.*,
  532 F.Supp.2d 648 (D. Del. 2008) ...................................................................10, 11

*Brunswick Corp. v. Precor Inc.*,
  No. 00-691, 2000 WL 1876477 (D. Del. Dec. 12, 2000) ........................................13

*Cashedge, Inc. v. Yodlee, Inc.*,
  No. 06-170, 2006 WL 2038504 (D. Del. Jul. 19, 2006) ....................................12, 13

*Cisco Sys., Inc. v. Synqor, Inc.*,
  No. 11-0086, 2011 WL 1326062 (D. Del. Apr. 1, 2011) ...................................12, 13

*Cypress Semiconductor Corp., et al. v. Integrated Circuit Sys., Inc.*,
  No. 01–199, 2001 WL 1617186 (D. Del. Nov. 28, 2001) .......................................19

*Discovery Commc'ns, Inc. v. Amazon.com Inc.*,
  No. 09-CV-0178 (D. Del. Dec. 18, 2009) .........................................................10, 14

*Dish Network Corp. v. TIVO, Inc.*,
  No. 08-327, 2009 WL 1529836 (D. Del. May 28, 2009) ...................................12, 13

*Elan Pharma Int'l Ltd., et al. v. Lupin Ltd., et al.*,
  No. 09-1008, 2010 U.S. Dist. LEXIS 32306 (D.N.J. Mar. 31, 2010) .......................6

*Extricom, Ltd. v. Meru Networks, Inc.*,
  C.A. 10-cv-391 (D. Del. Oct. 12, 2011) ................................................................8, 15, 17, 18

*In re Hoffmann-La Roche Inc.*,
  587 F.3d 1333 (Fed. Cir. 2009)......................................................................................5

*Human Genome Sciences, Inc. v. Genentech, Inc.*,
  C.A. 11-082, 2011 WL 2911797 (D. Del. July 18, 2011) ................................................13, 16

*Invitrogen Corp. v. Incyte Genomics, Inc.*,
  No. Civ. A. 01-692, 2002 WL 883963 (D. Del. May 1, 2002)................................................10

*Jumara v. State Farm Ins. Co.*,
  55 F.3d 873 (3d Cir. 1995)...................................................................................... Passim

*Mallinckrodt, Inc. v. E-Z-Em Inc.*,
  670 F.Supp.2d 349 (D. Del. 2009).......................................................................10, 14, 17

*Medicis Pharma Corp. v. Nycomed U.S. Inc.*,
  No. 10-1099, 2011 WL 2457598 (D. Del. Jun. 16, 2011) ................................................11, 12

*Microsoft Corp. v. Phoenix Solutions, Inc.*,
  741 F. Supp. 2d 1156 (C.D. Cal. 2010) ......................................................................6

*Millipore Corp. v. Univ. Patents, Inc.*,
  682 F. Supp. 227 (D. Del. 1987)..................................................................................16

*Nihon Tsushin Kabmhkiki Kaisha v. Davidson*,
  595 F.Supp.2d 363 (D. Del. 2009).............................................................................18

*Oracle Corp., et al. v. EpicRealm, Inc., et al.*,
  No. 06-414, 2007 WL 901543 (D. Del. Mar. 26, 2007) ................................................ Passim

*Pfizer Inc. v. Apotex Inc.*,
  726 F.Supp.2d 921 (N.D. Ill. 2010) ............................................................................6

*Praxair, Inc. v. ATMI, Inc.*,
  No. 03-1158, 2004 WL 883395 (D. Del. Apr. 20, 2004)......................................................15

*Shutte v. Armco Steel Corp.*,
  431 F.2d 22 (3d Cir. 1970)........................................................................................8

*Sony Elecs., Inc. v. Orion IP, LLC*,
  C.A. 05-255, 2006 WL 680657 (D. Del. Mar. 14, 2006) ....................................................10

*In re TCW/Camil Holding, L.L.C.*,
  No. 03-10717, 2004 WL 1043193 (D. Del. Apr. 30, 2004).................................................16

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008)...........................................................................5, 15

*Teirstein v. AGA Medical Corp.*,
    No. 6:08-cv-14, 2009 U.S. Dist. LEXIS 125002 (E.D. Tex. Feb. 13, 2009)...........................6

*Textron Innovations, Inc. v. The Toro Co.*,
    No. 05-486, 2005 WL 2620196 (D. Del. Oct. 14, 2005) ........................................................14

*In re Verizon Bus. Network Servs. Inc.*,
    635 F.3d 559 (Fed. Cir. 2011)...................................................................................................5

*Winstron Corp., et al. v. Phillip M. Adams & Associates, LLC, et al.*,
    No. C-10-4458, 2011 U.S. Dist. LEXIS 46079 (N.D. Cal. Apr. 28, 2011) ..............................6

*In re Zimmer Holdings, Inc.*,
    609 F.3d 1378 (Fed. Cir. 2010)..........................................................................................5, 11

*Intellectual Ventures I LLC v. Checkpoint Software Techs. Ltd.*,
    CIV. 10-1067, 2011 WL 2490645 (D. Del. June 22, 2011) ...........................................Passim

*L'Athene, Inc. v. EarthSpring LLC*,
    570 F.Supp.2d 588 (D. Del. 2008) ..........................................................................................15

**RULES AND STATUTES**

28 U.S.C. §1404(a) ...............................................................................................................8, 9

35 U.S.C. §§ 102 and 103 ........................................................................................................7

Fed. R. Civ. P. 15 .....................................................................................................................6

## INTRODUCTION

Oasis Research LLC ("Oasis") decided to incorporate itself in Delaware, presumably to take advantage of the benefits and protections of Delaware law. Now that it has been sued by other Delaware corporations that Oasis accused of patent infringement ("Oracle" or "Plaintiffs"), Oasis seeks to avoid the responsibilities associated with its incorporation decision and asks this Court to transfer the matter to the Eastern District of Texas. Oracle filed in this District because of the strong and logical connection between this District and the parties to this action, all of whom are Delaware companies, and Oasis's attempt to avoid defending itself in Delaware should be denied.

Oasis's motion to transfer relies almost entirely on the existence of a previously-filed action in the Eastern District of Texas involving different parties, different products, and fewer than ten percent of the patent claims at issue in this action. But the Texas litigation has no connection to this dispute and provides no basis for transfer. Oracle's choice of venue is entitled to great deference under the controlling case law, particularly where, as here, there is little overlap between the matter filed in this Court and the litigation in the transferee forum. Additionally, the Texas action is at the very early stages and no substantive activity has occurred. The factors that must be considered in deciding a transfer motion weigh decidedly in favor of keeping this action in this District, and Oasis's motion to transfer should be denied.

Oasis also moves to dismiss Oracle's action, arguing that the claims are not sufficiently detailed. Oracle's original Complaint satisfies the pleading requirements set out by numerous courts. However, to put this issue to rest, Oracle has filed an amended complaint providing far more detailed factual allegations than required by any decision of any court. Oasis's motion to dismiss is therefore moot.

## NATURE AND STAGE OF PROCEEDINGS

On May 26, 2011, Oasis sent a letter to Oracle alleging that Oracle's On Demand and CRM On Demand services infringe six patents. (D.I. 1, Compl. at Ex. 1.) The six patents identified in Oasis's letter are U.S. Patent Nos. 5,771,354 ("the '354 patent"), 5,901,228 ("the '228 patent"), 6,014,651 ("the '651 patent"), 6,327,579 ("the '579 patent"), 6,411,943 ("the '943 patent"), and 7,080,051 ("the '051 patent") (collectively, the "Oasis patents"). On August 2, 2011, in order to resolve Oasis's allegations of infringement, Oracle filed a declaratory judgment complaint in this District—where both Oracle and Oasis are incorporated—seeking declarations that the patents identified in Oasis's letter are not infringed by Oracle's services and that those patents are invalid. (D.I. 1, Compl. at 13 ¶¶ 1, 2.) After securing an extension of time to respond to Oracle's complaint, Oasis filed its motion on September 27, 2011. (D.I. 9, Defendant's Brief in Support of its Motion, "Mot.")

## SUMMARY OF THE ARGUMENT

Consistent with authority from numerous Courts, Oracle's original complaint sufficiently pleads Oracle's claims seeking declarations of noninfringement and invalidity of the Oasis patents. Nevertheless, to move this matter forward, Oracle's amended complaint moots Oasis's motion to dismiss and resolves this issue.

Now that Oasis' motion to dismiss has been mooted, all that remains is Oasis's motion to transfer this action to the Eastern District of Texas, a district that has no connection to this dispute. The law is clear that Oasis bears the burden of persuading the Court to transfer this action from the Plaintiffs' chosen forum and Oasis has failed to meet its burden. Oasis's motion to transfer rests almost entirely on the fact that there is an action in the Eastern District of Texas involving some, but not all, of the same patents (the "Texas Action") as this action. Specifically, the Texas Action involves entirely different defendants with no connection to Oracle, entirely

different products ("online backup/storage services") from the Oracle services that Oasis accused of infringement in its letter (which Oasis described as "software as a service" services), different prior art, and a set of patents that does not include two of the Oasis patents at issue in this action. *Compare* (Ex. 1, Texas Action Compl. ¶¶ 29-55) *with* (D.I. 1, Compl. at Ex. 1, Oasis demand letter). Furthermore, as Oasis itself recently admitted in a pleading filed in the Texas Action, that action barely has progressed beyond some procedural wrangling about whether that action should stay in Texas (an issue that is now before the Federal Circuit). (Ex. 2, Oasis's Opposition to limiting claims in Texas Action at 2-3.) Consequently, the court in that action has not yet developed any substantive experience with the Oasis patents that overlap between that action and this one. The Texas Action provides no basis for disturbing Oracle's choice of forum, and the factors that must be considered in deciding a motion to transfer venue in this District weigh decidedly against transferring this action to the Eastern District of Texas. Oasis's motion to transfer venue should also be denied.

## STATEMENT OF FACTS

### A.     The Parties

Plaintiffs Oracle Corporation and Oracle America, Inc. (collectively "Oracle" or "Plaintiffs") are Delaware corporations organized and existing under Delaware law. Oasis also is organized and exists under Delaware law as a Delaware limited liability company. According to a recent exposé on National Public Radio ("NPR"), Oasis is a patent holding company created solely for the purpose of monetizing the Oasis patents, which Oasis claims to have acquired from a different patent holding company (Intellectual Ventures) that in turn claims to have acquired the patents from the named inventor (Christopher Crawford). (Ex. 3, NPR Article at 6.) Oasis does not appear to have any meaningful operations but exists solely for the purpose of asserting and monetizing patents such as those in suit here. Oasis once claimed to have a "physical

presence" in the Eastern District of Texas—namely, an "office" on the first floor of a building adjacent to the courthouse in Marshall, Texas—but Oasis apparently abandoned that "office" after the NPR exposé revealed it was an empty office in "a corridor of silent, empty offices," existing for the sole purpose of attempting to establish venue in the Eastern District of Texas. (*Id.* at 7.)  Oasis now claims to have a "presence" in Texas by virtue of a post office box in Fort Worth, which is located in the Northern District of Texas, not the Eastern District of Texas. (D.I. 9, Mot. at 3.)

### B. Oracle Filed This Action In Delaware To Resolve Oasis's Infringement Allegations Against Oracle

After receiving Oasis's May 26, 2011 letter, Oracle filed this action seeking a declaratory judgment that Oracle does not infringe the asserted Oasis patents and that those patents are invalid.  The Oracle services at issue in this action are identified in Oasis's letter: Oracle On Demand, a software hosting service, and CRM On Demand, another software hosting service.  (D.I. 1, Compl. at Ex. 1, Oasis demand letter.)  The Oasis patent claims at issue in this action concern a variety of technologies, including software rental, software distribution, and software purchase.

### C. The Texas Action Involves Different Defendants, Different Products, And Different Claims

On August 30, 2010, Oasis filed a patent infringement suit in the Eastern District of Texas against AT&T Corporation and eleven other entities.  (Ex. 1, Texas Action Compl.) That action involves four of the six patents at issue in this action: the '354, '228, '943, and '051 patents.  (*Id.* at ¶ 20, 22, 24, 26.)  None of the defendants in that action is related to, or affiliated with, Oracle.  The products at issue in Texas do not relate in any way to Oracle's services at issue here; rather, they are described by Oasis as "online backup/storage services" products and do not include any "software as a service" offerings.  (*Id.* at ¶¶ 29-55.)

The Texas court has not yet been required to become familiar with the substance of the four Oasis patents at issue in the Texas Action.  At the outset of that action, several defendants filed motions to transfer, sever, and/or dismiss the Oasis action.  (Ex. 4, Texas Action Docket.)  On July 25, 2011, the District Judge adopted the Magistrate Judge's recommendation to deny those motions and certain defendants currently are seeking review from the Federal Circuit of the court's denial of the severance and transfer motions.[1]  (*Id.*)  The Texas court has not yet held a *Markman* hearing; nor has any claim construction briefing been submitted.  (*Id.*)  The *Markman* hearing is not scheduled to take place until next year, and trial setting is not scheduled until almost a year from now (October 1, 2012).  (Ex. 5, Texas Action Scheduling Order; Ex. 6, Texas Court Order Extending Claim Construction Deadlines.)  In fact, Oasis itself in August explained to the Texas court that the Texas Action "is at an early stage":

> This case is at an early stage. No claims have been construed. Oasis has not yet had the opportunity to fully analyze the thousands of pages in Defendants' invalidity contentions. Defendants have not responded to Oasis's interrogatories seeking the bases for their noninfringement defenses and counterclaims. And only a single deposition has been taken . . . . [T]he case has not progressed enough to allow Oasis to evaluate its claims in the context of Defendants' defenses and the Court's claim constructions. Simply put, Oasis is not yet in a position to assess the claims differently than it did at the outset of the case.

(Ex. 2, Oasis's Opposition to limiting claims in Texas Action at 2-3.)

---

[1]   Given the Federal Circuit's recent trend toward granting defendants' writs of mandamus regarding transfer out of the Eastern District of Texas, it is conceivable under Oasis's theory that this Court could transfer venue to Texas only to have the Texas court transfer venue of the Texas action elsewhere.  *See, e.g., In re Verizon Bus. Network Servs. Inc.*, 635 F.3d 559 (Fed. Cir. 2011); *In re Zimmer Holdings, Inc.*, 609 F.3d 1378 (Fed. Cir. 2010); *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1334 (Fed. Cir. 2009); *In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008).

## ARGUMENT

**I.   ORACLE'S AMENDED COMPLAINT MOOTS OASIS'S MOTION TO DISMISS.**

Oasis argues that the declaratory judgment claims in Oracle's original complaint do not satisfy the pleading requirements of *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007), and *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1950 (2009). (D.I. 9, Mot. at 7-8.) In an effort to support that argument, Oasis relies on cases outside of this District. (*Id.* at 8.) Oasis ignores the significant number of cases from around the country finding pleadings with the same level of specificity as that found in Oracle's original complaint sufficient to meet the federal pleading requirements. *See, e.g. Microsoft Corp. v. Phoenix Solutions, Inc.*, 741 F. Supp. 2d 1156 (C.D. Cal. 2010) (denying motion to dismiss declaratory judgment claims of non-infringement and invalidity); *Pfizer Inc. v. Apotex Inc.*, 726 F.Supp.2d 921 (N.D. Ill. 2010) (denying motion to dismiss counterclaims of non-infringement and invalidity); *Teirstein v. AGA Medical Corp.*, No. 6:08-cv-14, 2009 U.S. Dist. LEXIS 125002 (E.D. Tex. Feb. 13, 2009) (denying motion to dismiss counterclaims of invalidity); *Elan Pharma Int'l Ltd., et al. v. Lupin Ltd., et al.*, No. 09-1008, 2010 U.S. Dist. LEXIS 32306 (D.N.J. Mar. 31, 2010) (denying motion to dismiss counterclaims of non-infringement and invalidity); *Winstron Corp., et al. v. Phillip M. Adams & Associates, LLC, et al.*, No. C-10-4458, 2011 U.S. Dist. LEXIS 46079 (N.D. Cal. Apr. 28, 2011) (denying motion to dismiss declaratory judgment claims of invalidity). Nor does Oasis identify any decision from the District of Delaware requiring the level of specificity demanded by Oasis, and Oracle is not aware of any such decision.

Although Oracle believes its original complaint meets the federal pleading requirements, Oracle does not want this issue to become a distraction. Accordingly, pursuant to Rule 15 of the Federal Rules of Civil Procedure, Oracle has filed an amended complaint that

includes far more detail than has been required by any decision by any court to date.  (D.I. 13, Amended Compl.)   With respect to Oracle's claims for a declaration of noninfringement, Oracle's amended complaint specifically identifies particular limitations of each of the claims of the Oasis patents that Oracle contends are among the limitations not found in the Oracle On Demand or Oracle CRM On Demand services at issue.   With respect to its claims for a declaratory judgment of invalidity, Oracle identifies for the claims that Oracle seeks to invalidate:  (1) the particular sections of Title 35 upon which Oracle's invalidity claims are based; (2) examples of specific invalidating prior art references and combinations of references, as well as exemplary disclosures from particular prior art references; (3) the claims that are invalidated under 35 U.S.C. §§ 102 and 103 in light of the particular prior art references identified; and (4) specific invalidity arguments related to *In re Bilski*, written description, enablement, and indefiniteness, as appropriate.   *In re Bilski*, 545 F.3d 943 (Fed. Cir. 2008) *aff'd but criticized sub nom. Bilski v. Kappos*, 130 S. Ct. 3218 (U.S. 2010).  The level of specificity and factual detail provided in Oracle's amended complaint exceed what any court has required, and Oasis can no longer contend that it is unaware of any factual or legal bases for Oracle's claims.  Oracle expects that Oasis will respond with similar level of detail when it answers the Amended Complaint and if it files counterclaims.  Regardless, Oracle's amended complaint moots Oasis's motion to dismiss and the sufficiency of Oracle's amended complaint is not at issue here.

## II.    ORACLE'S DECLARATORY JUDGMENT CLAIMS SHOULD REMAIN IN DELAWARE, WHERE ALL PARTIES ARE INCORPORATED, AND SHOULD NOT BE TRANSFERRED TO A DISTRICT WITH NO MEANINGFUL CONNECTION TO THE PARTIES OR THIS DISPUTE.

Oasis bears a heavy burden in seeking to transfer this action out of the District of Delaware, where all parties are incorporated and Oracle chose to file suit.  Although Oasis

contends that the issue presented is "whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum" (D.I. 9, Mot. at 10), the Third Circuit has made clear that "[t]he burden of establishing the need for transfer . . . rests with the movant, [and] . . . *the plaintiff's choice of venue should not be lightly disturbed*." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995) (emphasis added) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)); *see also Intellectual Ventures I LLC v. Checkpoint Software Techs. Ltd.*, CIV. 10-1067, 2011 WL 2490645, at *2 (D. Del. June 22, 2011) (J. Stark); *Extricom, Ltd. v. Meru Networks, Inc.*, C.A. 10-cv-391 (D. Del. Oct. 12, 2011) (J. Stark) (Ex. 7, Order at 2).   Indeed, as explained by the District of Delaware: "This Court has acknowledged that *this burden is a heavy one*: unless the balance of convenience of the parties is *strongly* in favor of defendant, the plaintiff's choice of forum should prevail." *Intellectual Ventures*, 2011 WL 2490645, at *2 (quoting *Shutte*, 431 F.2d at 25 (internal quotation marks omitted) (emphasis in original)); *Oracle Corp., et al. v. EpicRealm, Inc., et al.*, No. 06-414, 2007 WL 901543, at *6 (D. Del. Mar. 26, 2007) (J. Robinson).

Oasis has not come close to carrying its heavy burden of establishing that this action should be transferred to the Eastern District of Texas.   Courts in the Third Circuit, including in this District, apply the multi-factor analysis outlined in *Jumara*, to evaluate whether an action should be transferred pursuant to 28 U.S.C. §1404(a).   The *Jumara* test requires consideration of a number of public and private interest factors.   "The public interests have included:  the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity

cases." *Id.* at 879-80 (internal citations omitted).   "The private interests have included: plaintiff's forum preference as manifested in the original choice, the defendant's preference, whether the claim arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition, the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora, and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." *Id*. at 879 (internal citations omitted).

Oasis relies on only one of the *Jumara* factors to support its transfer motion, arguing that this action should be moved to the Eastern District of Texas solely because of the pending Texas Action.  As explained below, the Texas Action provides no basis for disturbing Oracle's choice to file suit in the District, where all of the parties are incorporated, because it is early-stage litigation involving some but not all of the patents at issue in this action, different defendants, and different products.  Moreover, the other *Jumara* factors weigh strongly in favor of keeping Oracle's action in this District.

**A.     The *Jumara* Public Interest Factors Favor Retention Of The Case In Delaware.**

The single *Jumara* factor on which Oasis focuses, "practical considerations that could make the trial easy, expeditious, or inexpensive," does not weigh in favor of transferring this action to Texas.  Rather, that factor specifically, and the *Jumara* public interest factors in general, weigh in favor of keeping this action in Delaware.

**1.     *Jumara* Public Interest Factor:   "Practical Considerations That Could Make The Trial Easy, Expeditious, Or Inexpensive" Weigh Against Transfer.**

Oasis contends that this action should be transferred to Texas because of the existence of the Texas Action.  (D.I. 9, Mot. at 2.)  However, Delaware courts routinely have

denied transfer motions in cases like this one where there is a pending litigation in another jurisdiction that involves different parties, products, or claims at issue.  *See, e.g., Boston Scientific Corp. v. Johnson & Johnson Inc.*, 532 F.Supp.2d 648 (D. Del. 2008) (J. Robinson) (denying transfer to the District of New Jersey where the pending litigation involved the same patents and products, but different parties);  *Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F.Supp.2d 349, 358 (D. Del. 2009) (J. Farnan) (denying transfer to the Eastern District of Texas "is required in the interests of justice" where pending litigation involved the same parties, different patents, different products, different fields of prior art); *Sony Elecs., Inc. v. Orion IP, LLC*, C.A. 05-255, 2006 WL 680657 (D. Del. Mar. 14, 2006) (CJ. Sleet) (severing a common party to both actions and denying transfer to the Eastern District of Texas of Declaratory Judgment claims as to remaining plaintiffs not involved in the Texas action); *Invitrogen Corp. v. Incyte Genomics, Inc.*, No. Civ. A. 01-692, 2002 WL 883963, at *3 (D. Del. May 1, 2002) (J. Robinson) (denying motion to transfer where record did not reflect that cases filed elsewhere, involving the same patents, were close to trial or resolution); *Discovery Commc'ns, Inc. v. Amazon.com Inc.*, No. 09-CV-0178, (D. Del. Dec. 18, 2009) (J. Robreno) (denying severance and transfer to the Western District of Washington of counterclaims involved the same accused product, but different patents) (Ex. 8, *Discovery Commc'ns* Transcript at pages 31-32).  In fact, Judge Robinson denied a motion to transfer a different Oracle declaratory judgment action against another Delaware patent holder from this District to the Eastern District of Texas, where another action involving the same patents but different parties and products was pending.  *EpicRealm*, 2007 WL 901543, at *2 (J. Robinson).

The Texas Action involves different defendants with no affiliation to Oracle; entirely different products ("backup products") that are unrelated to the Oracle services at issue

- 10 -

in this action (which Oasis describes as "software as a service" services); and different prior art. *See supra* at Statement of Facts.  The Texas Action does not even involve two of the six patents at issue in this action, and involves fewer than ten percent of the patent claims at issue in this action.  *Id.*[2]  Hence, there is no significant overlap between this action and the Texas Action. Accordingly, no efficiencies would be gained by transferring this action to that court.

Furthermore, because this action does not significantly overlap with the Texas Action, there is not a significant risk of "inconsistent results," as Oasis contends.  In any event, decisions from this District make clear that transfer requests should not be granted based on speculation about the potential for inconsistent rulings in the future.  *See, e.g., Boston Scientific*, 532 F. Supp. 2d at 656 (J. Robinson) ("BSC's claims that maintaining the present actions will 'open the door to inconsistent rulings' regarding claim construction and validity regarding the asserted patents is, at this time, entirely speculative.").[3]

Under the substantial authority identified above, the Texas Action provides no basis to disturb Oracle's choice of forum and to transfer this action to the Eastern District of Texas.  Indeed, apparently no case in this District has transferred an action to another district based on allegedly "related" litigation in a circumstance like this.  Oasis cites *Medicis Pharma*

---

[2]   The Texas court recently required Oasis to limit the number of claims it is asserting in that action to 31 claims.  (Ex. 4, Texas Action Docket at Docket Entry 289.)  In this action, in contrast, approximately 400 claims are at issue by virtue of Oasis's allegations of infringement against Oracle.

[3]   Indeed, the Federal Circuit recently granted a petition for writ of mandamus directing a court in the Eastern District of Texas to transfer an action out of that district despite the existence of a pending litigation there involving one of the same patents, but different products and defendants.  *See Zimmer*, 609 F.3d at 1382.  While the *Zimmer* decision applied a different transfer analysis than applied in the Third Circuit, that decision makes clear that the Federal Circuit believed the risk of "inconsistent results" in that case was insufficient to keep the action in the Eastern District of Texas.  If such a risk is insufficient to keep a case in the Eastern District of Texas, it is certainly insufficient to justify transferring an action to the Eastern District of Texas.

*Corp. v. Nycomed U.S. Inc.*, No. 10-1099, 2011 WL 2457598 (D. Del. Jun. 16, 2011), in support

of its position, but that case involved a co-pending action that involved the *same* parties and

products. *Id.* at *1. Likewise, *Cashedge, Inc. v. Yodlee, Inc.*, No. 06-170, 2006 WL 2038504

(D. Del. Jul. 19, 2006) (J. Farnan), involved the same parties and the patents in the California

action were asserted as prior art to the patents in the Delaware action. *Id.* at *2. *Dish Network

Corp. v. TIVO, Inc.*, No. 08-327, 2009 WL 1529836 (D. Del. May 28, 2009) (J. Farnan) involved

a circumstance where the transferee forum handled a previous suit involving the *same* parties

and a redesigned product that, prior to redesign, was found to infringe the *same* patents in the

previous suit. *Id.* at *2. Finally, *Cisco Sys., Inc. v. Synqor, Inc.*, No. 11-0086, 2011 WL

1326062 (D. Del. Apr. 1, 2011) (J. Bartle), is also distinguishable.  In that case, after fifteen

suppliers—with whom Cisco had signed a joint defense agreement—lost an infringement action

to the plaintiff Synqor, Cisco filed for a declaratory judgment that its products containing the

infringing suppliers' products were not infringing. *Id.* at *1. Cisco's claims were transferred to

Texas in the interest of judicial economy because the case involved the *same* prior art, patents,

and even patent claims. *Id.* at *3. Here, the Texas Action involves *different* parties, *different*

products, a *different* set of patents than at issue in this action, and *less than ten percent* of the

patent claims at issue in this action.  Accordingly, the Texas Action provides no basis for

transferring this action to the Eastern District of Texas under any applicable authority.

   Moreover, contrary to Oasis's contention, the Texas Action has not progressed to

a point that the Texas court can be said to have any "institutional knowledge" of the subset of

patents that overlap between this action and that one.  No substantive event has transpired in the

Texas action:  no summary judgment motions have been filed; no claim construction briefs have

been filed; and no *Markman* hearing has been held.  (D.I. 9, Mot. at 13.)  Indeed, as noted above,

Oasis admitted in a recent (August 2011) filing in the Texas Action that that action is "at an early stage." (Ex. 2, Oasis's Opposition to limiting claims in Texas Action at 2-3.) Now, little more than a month later, Oasis cannot reasonably contend that the Texas Action has progressed to such a point that the court in that action has developed sufficient institutional knowledge relating to the four overlapping patents-in-suit to warrant transfer. The limited progress in the Texas Action is in marked contrast to the advanced progress established in cases relied on by Oasis where an action was transferred from this District to a district where other litigation was pending or had occurred. *Dish Network*, 2009 WL 1529836, at *2 (jury trial involving same parties, patents, and claims had already occurred); *Cashedge*, 2006 WL 2038504, at *2 (*Markman* hearing and tutorial already occurred); *Cisco Sys., Inc.,* 2011 WL 1326062, at *3 (court issued an injunction in a previous matter involving the same patents, and underlying products); *Brunswick Corp. v. Precor Inc.*, No. 00-691, 2000 WL 1876477, at *3 (D. Del. Dec. 12, 2000) (concurrent case was on appeal after verdict); *Human Genome Sciences, Inc. v. Genentech, Inc.*, C.A. 11-082, 2011 WL 2911797 (D. Del. July 18, 2011) (J. Stark) (four prior litigations—two still pending—over nine years regarding the same patents, same products, and same parties).

Hence, the Texas Action provides no basis to transfer this action to the Eastern District of Texas. The instant action between Oracle and Oasis is a completely different action involving completely different issues, parties, and products, and a significant number of patents and patent claims that are not at issue in the Texas Action.

2.   ***Jumara* Public Interest Factor:  The "Local Interest In Deciding The Controversy At Home" Factor Weighs In Favor Of Keeping The Action In Delaware.**

Because of the parties' incorporation in Delaware, Delaware's interests are substantial and must be accorded at least equal weight to those of other Districts. *See, e.g., Autodesk Can. v. Assimilate, Inc.*, No. 08-587, 2009 WL 3151026, at *9 (D. Del. Sep. 29, 2009)

(J. Stark) ("Delaware clearly has a substantial interest in addressing lawsuits brought against Delaware corporations."); *Mallinckrodt*, 670 F.Supp. at 357 (same); *EpicRealm*, 2007 WL 901543, at *4 (J. Robinson) (". . . the State has an interest in litigation regarding companies incorporated within its jurisdiction.").  This factor weighs in favor of keeping this action in Delaware where all parties are incorporated.

> **3.      *Jumara* Public Interest Factor:  "The Relative Administrative Difficulty In The Two Fora Resulting From Court Congestion" Is Not Relevant To The Transfer Calculus.**

Oasis does not argue that congestion in this District favors transfer and provides no evidence that the action would proceed more rapidly in Texas.  In any event, this Court recently recognized that, "[n]otwithstanding the heavy caseload carried by the judges in this District, and the ongoing judicial vacancy, the Court is not persuaded that administrative difficulties due to court congestion favor transfer."  *Intellectual Ventures*, 2011 WL 2490645, at *12 (citing *Textron Innovations, Inc. v. The Toro Co.*, No. 05-486, 2005 WL 2620196, at *3 (D. Del. Oct. 14, 2005) (J. Sleet) ("[T]he court is not persuaded that any disparity in court congestion, to the extent there is any, will be so great as to weigh strongly in favor of a transfer.")).  And this Court also recognized that the assistance of judges from jurisdictions outside of this District will further prevent any undue congestion.  *Discovery Commc'ns*, No. 09-CV-0178 (D. Del. Dec. 18, 2009) (J. Robreno); (Ex. 8, *Discovery Commc'ns* Transcript at page 33.)  Hence, Oasis has not established that this factor weighs in favor of transfer.

> **4.      The Remaining *Jumara* Public Interest Factors Are Neutral.**

Although the Third Circuit included "enforceability of the judgment" as a criterion for determining transfer, neither Oracle nor Oasis alleges an enforceability issue here. In such cases, this Court does not weigh this factor.  *See Intellectual Ventures*, 2011 WL 2490645, at *11.

- 14 -

Moreover, if the parties do not raise a public policy concern, the courts do not address it as a factor. *Id.* at *12. Because the parties have not raised any public policy issues, this factor is also not at issue.

Finally, this is not a diversity case. Instead, as the Federal Circuit has observed, "[p]atent claims are governed by federal law, and as such both [courts are] capable of applying patent law to infringement claims." *Id.* at *12 (quoting *In re TS Tech.*, 551 F.3d at 1320 (internal quotation marks omitted)). Hence, this factor is likewise neutral to the transfer analysis.

### B.    The *Jumara* Private Interest Factors Strongly Support Keeping The Action In Delaware.

Oasis contends that the private interest factors do not weigh in favor of or against transfer. (D.I. 9, Mot. at 13.) To the contrary, the *Jumara* private interest factors strongly support keeping Oracle's action in this District rather than transferring it to the Eastern District of Texas, a district with essentially no connection to this dispute.

### 1.    *Jumara* Private Interest Factor:  Oracle's Choice Of Forum Is A "Paramount Consideration"

Oasis admits that "Oracle's choice of forum [] weighs against transfer." (D.I. 9, Mot. at 13.) Consistent with Oasis's admission, the Third Circuit has emphasized that "the plaintiff's choice of venue ***should not be lightly disturbed***." *Jumara*, 55 F.3d at 879 (emphasis added); *see also Extricom*, C.A. 10-cv-391 (D. Del. Oct. 12, 2011) (J. Stark) (Ex. 7, Order at 2). Indeed, the District of Delaware has stated that transfer is often inappropriate "[u]nless the defendant . . . operates essentially exclusively in a region that does not include Delaware." *See Praxair, Inc. v. ATMI, Inc.*, No. 03-1158, 2004 WL 883395, at *1 (D. Del. Apr. 20, 2004) (J. Robinson) (emphasis added). When transfer is sought by a defendant with a connection to Delaware, that defendant "must prove that litigating in Delaware would pose a unique or unusual burden on [its] operations." *Intellectual Ventures*, 2011 WL 2490645, at *3 (quoting *L'Athene*,

*Inc. v. EarthSpring LLC*, 570 F.Supp.2d 588, 592 (D. Del. 2008) (J. Robinson)); *see also In re TCW/Camil Holding, L.L.C.*, No. 03-10717, 2004 WL 1043193, at *1 (D. Del. Apr. 30, 2004) (J. Robinson).   Consistent with these legal principles, "[i]t is black letter law that a ***plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request***." *Intellectual Ventures*, 2011 WL 2490645, at *4 (emphasis added); *EpicRealm*, 2007 WL 901543, at *3 (J. Robinson) (same).

Oracle's choice of forum should not be disturbed.  It would be inappropriate to transfer this action to the Eastern District of Texas, which has no connection to this dispute.

### 2. *Jumara* Private Interest Factor:  Oasis's Choice Of Forum "Is Entitled To Little Weight"

Oasis contends its choice of forum weighs in favor of transfer.  (D.I. 9, Mot. at 14.)  It is wrong.  This Court has held that, in cases where a defendant argues in favor of an alternative forum, the defendant's choice of forum is "entitled to little weight."  *Intellectual Ventures*, 2011 WL 2490645, at *6.  Here, Oasis has no connection to its preferred forum.  It has apparently abandoned the fictitious "office" it claimed to have in Marshall, Texas, so now its only alleged connection with the entire state of Texas is a post-office box in Fort Worth—which is in a different district.  This factor does not weigh in favor of transfer.

### 3. *Jumara* Private Interest Factor:  "Whether The Claims Arose Elsewhere" Weighs In Favor Of Keeping The Action In Delaware.

Because Oracle is incorporated in this District, its claims arise in this District.  *Genentech*, 2011 WL 2911797, at *7 (citing *Millipore Corp. v. Univ. Patents, Inc.*, 682 F. Supp. 227, 234 (D. Del. 1987) (J. Roth) ("As a declaratory judgment plaintiff, [plaintiff's] claim arguably arose in this District since any injury resulting from Defendants asserting their patent rights would be felt here in Delaware, where [plaintiff] is located as a result of being formed

here.")).  Oasis does not contend that Oracle's claims arise in the Eastern District of Texas, nor could it.  Therefore, this factor also weighs in favor of keeping the action in Delaware.

> **4.** ***Jumara* Private Interest Factor:   Because Oasis Chose To Incorporate In Delaware, "Convenience Of The Parties" Weighs In Favor Of Keeping This Action In Delaware.**

Oasis chose to incorporate in Delaware and to accept the benefits derived from incorporating in Delaware.  Accordingly, Oasis is prevented from "complain[ing] once another corporation brings suit against it in Delaware."  *Mallinckrodt,* 670 F.Supp.2d at 357 (J. Farnan); *see also Praxair*, 2004 WL 883395, at *2 ("By availing themselves of the advantages of Delaware's corporate laws, defendants have voluntarily exposed themselves to the risk of suit in Delaware."); *EpicRealm*, 2007 WL 901543, at *4 ("[Defendant's] complaints about litigating here are outweighed by the fact that [it] has enjoyed the benefits and protections of Delaware . . ."); *Extricom*, C.A. 10-cv-391 (D. Del. Oct. 12, 2011) (J. Stark) (Ex. 7, Order at n.9) ("Though [Defendant] presents multiple arguments in support of its motion, they fail to meet the defendant's burden.  Specifically, and as a threshold consideration, [Defendant] is incorporated in Delaware . . .").  Indeed, "absent some showing of a unique or unexpected burden, a company should not be successful in arguing that litigation in its state of incorporation is inconvenient." *ADE Corp. v. KLA–Tencor Corp.*, 138 F.Supp.2d 565, 573 (D. Del. 2001) (J. McKelvie) (emphasis added).  Oasis does not contend it will suffer a unique or unexpected burden by having to litigate this matter in the state of its incorporation.  This factor also weighs in favor of keeping this action in this District.

> **5.** ***Jumara* Private Interest Factor:   "Convenience Of The Witnesses" Does Not Support Transfer.**

Oasis suggests that this factor *may* weigh in favor of transfer.  (D.I. 9, Mot. at 14.) Oasis claims that Christopher Crawford, the named inventor of the Oasis patents who apparently

resides in Colorado, has agreed to subject himself to the subpoena power of the Eastern District of Texas.  (*Id.*)  However, Oasis has not argued that Mr. Crawford will not testify in this District and any assertion that Mr. Crawford would take such a position would be suspect.  Indeed, in connection with this motion, Oracle requested any agreements between Oasis and Mr. Crawford in order to evaluate the sufficiency of Oasis's allegation that the "*Jumara* factor concerning witness convenience may weigh in favor of transfer."  (Ex. 9, Letter from De Vries to Kellman.) Oasis refused to provide any such agreements.  (Ex. 10, Letter from Kellman to De Vries.) There is no evidence that Mr. Crawford would *not* testify in Delaware, and therefore this factor does not weigh in favor of transferring this action to Texas, but is at best neutral to the transfer analysis.[4]

> **6.**     ***Jumara* Private Interest Factor: "Location Of Books And Records" Does Not Support Transfer.**

This Court repeatedly has recognized that "recent technological advances have reduced the weight of this factor to virtually nothing."  *Affymetrix, Inc. v. Synteni, Inc.*, 28 F.Supp.2d 192, 208 (D. Del. Nov. 18, 1998); *see also Nihon Tsushin Kabmhkiki Kaisha v. Davidson*, 595 F.Supp.2d 363, 373 (D. Del. 2009) (J. Farnan).  In particular, "[w]ith new technologies for storing and transmitting information, the burden of gathering and transmitting

---

[4]     A court in this District recently explained that this factor should, in any event, be given little weight because 1) litigation statistics indicate that 2,680 out of 2,766 patent cases filed between a twelve-month period in 2009-2010 never made it to trial, 2) if a case does go to trial, it is likely that "third-party fact witnesses with material, non-cumulative evidence will voluntarily appear at trial," 3) if such witnesses will not appear at trial, their "testimony can always be compelled through a deposition," and 4) "the risk that this case will go to trial and that a crucial witness will be outside of this Court's subpoena power and refuse to appear at trial voluntarily is a risk borne by all parties to this case."  *Intellectual Ventures*, 2011 WL 2490645, at *10.  Indeed, Chief Judge Sleet very recently denied transfer where "five of six of [Defendant's] potential prior art witnesses reside in California and, therefore, would be within the subpoena power of the California court."  *Extricom*, C.A. 10-cv-391 (D. Del. Oct. 12, 2011) (Ex. 7, Order at n.9).

documents 3,000 miles is probably not significantly more than it is to transport them 30 miles."

*ADE Corp.*, 138 F.Supp.2d at 571; *see also Cypress Semiconductor Corp., et al. v. Integrated Circuit Sys., Inc.*, No. 01–199, 2001 WL 1617186, at *3 (D. Del. Nov. 28, 2001) (J. Robinson). Accordingly, this factor does not weigh for or against transfer of the instant action.

## **CONCLUSION**

For the foregoing reasons, Oracle respectfully requests that this Court 1) deny Oasis's motion to dismiss as moot in light of Oracle's amended complaint, and 2) deny Oasis's alternative motion to transfer the action to the Eastern District of Texas in light of the public and private interest factors outlined in *Jumara*.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*
Mary B. Graham (#2256)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
mgraham@mnat.com
   *Attorneys for Oracle Corporation
   and Oracle America, Inc.*

OF COUNSEL:

Steven Cherny
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022
(212) 446-4800

Mike W. De Vries
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, CA  90071
(213) 680-8400

Kimberly Schmitt
KIRKLAND & ELLIS LLP
555 California Street
San Francisco, CA  94104
(415) 439-1400

- 19 -

Harper Batts
Roy Wang
KIRKLAND & ELLIS LLP
950 Page Mill Road
Palo Alto, CA  94304
(650) 859-7000

October 14, 2011
4538726