# Exhibit N

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| Oasis Research, LLC,<br><br>    *Plaintiff,*<br><br>vs.<br><br>Adrive LLC,<br>AT&T Inc.,<br>Carbonite, Inc.,<br>Drive Headquarters Inc.,<br>EMC Corp.,<br>Decho Corp.,<br>Iomega Corp.,<br>GoDaddy.Com, Inc.,<br>Iron Mountain Inc.,<br>Iron Mountain Information Management, Inc.,<br>Netmass, Inc.,<br>Nirvanix, Inc.,<br>Officeware Corp. d/b/a FilesAnywhere.Com,<br>Pro Softnet Corp.,<br>Rackspace US, Inc.,<br>Jungle Disk, LLC,<br>    *and*<br>Softlayer Technologies, Inc.<br><br>    *Defendants.* | Case No. 4:10-cv-00435-MHS-ALM |

**<u>NOTICE OF SUBPOENA TO FRANK REED</u>**

13393050.1

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please be advised that pursuant to Federal Rules of Civil Procedure 45(b)(1), you are hereby notified that defendant, Pro Softnet Corporation, shall serve a subpoena commanding the production of documents to Frank Reed in the form enclosed within this notice.

Dated: July 20, 2011

        Respectfully submitted,

By:   /s/Elizabeth M. Weldon
Ketan S. Vakil (CA Bar No. 191043) admitted *pro hac vice*
kvakil@swlaw.com
Elizabeth M. Weldon (CA Bar No. 223452), admitted *pro hac vice*
eweldon@swlaw.com
Snell & Wilmer L.L.P.
600 Anton Blvd., Suite 1400
Costa Mesa, CA 92626
Telephone: (714) 427-7000
Fax: (714) 427-7799

Attorneys for Defendant PRO SOFTNET CORPORATION

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| OASIS RESEARCH, LLC, <br> *Plaintiff* <br> v. <br> ADRIVE, LLC, ET AL. <br> *Defendant* | ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. Misc. <br><br> (If the action is pending in another district, state where: <br> Eastern District of Texas 4:10-CV-00435) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
 Frank Reed, 4923 West Mary Court, Visalia, California 93277

 ☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
See Attachment A

| Place: <br> Arval & Fresno Legal Services, 2300 Tulare Street, Suite 105, Fresno, CA 93721, 559-268-6344 | Date and Time: <br> August 1, 2011 10:00 a.m. |
|---|---|

 ☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

 The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: July 20, 2011

     *CLERK OF COURT*

                  OR  /s/ E. Weldon

   *Signature of Clerk or Deputy Clerk*       *Attorney's signature*
                        Elizabeth M. Weldon

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Pro Softnet Corporation
                            , who issues or requests this subpoena, are:
Elizabeth M. Weldon, Snell & Wilmer, LLP, 600 Anton Blvd., Suite 1400, Costa Mesa, California 92626, eweldon@swlaw.com, (714) 427-7000


American LegalNet, Inc.
www.FormsWorkFlow.com

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:



## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).



**Attachment A**

For purposes of this attachment "A," the following definitions shall apply:

A. "DOCUMENT" shall be given the fullest interpretation allowable under Rule 34 of the Federal Rules of Civil Procedure, including but not limited to paper and electronic documents and files. Without limiting the foregoing, "DOCUMENT" refers to any physical thing containing information or from which information can be discerned including all electronic media or other tangible forms in which information is stored, and including all written or graphic matter of every kind and description, however produced or reproduced, whether draft or final, original or reproduction, including, but not limited to, manuals, logics, schematic diagrams, diagnostic procedures, test procedures, training materials, price lists, letters, correspondence, e-mail, memoranda, notes, films, transcripts, contracts, agreements, licenses, bids, proposals, memoranda of telephone conversations or personal conversations, microfilm, telegrams, books, newspaper articles, magazines, advertisements, periodicals, bulletins, circulars, pamphlets, statements, notices, reports, rules, regulations, directives, teletype messages, minutes of meetings, interoffice communications, reports, financial statements, ledgers, books of account, proposals, prospectuses, offers, orders, receipts, working papers, desk calendars, appointment books, diaries, time sheets, logs, movies, videotapes, tapes for visual or audio reproduction, magnetic tapes, floppy disks, CD-ROMs, recordings or materials similar to any of the foregoing, however denominated, and including software, diagnostics, computer data, computer files, documents stored in digital form, e-mail stored in electronic form, spreadsheets, web pages, writings, drawings, graphs, charts, photographs, photographic negatives, digital photos, digital video files, digital audio files, data processing results, printouts and computations (both in existence and stored in memory components), and other compilations from which information

can be obtained or translated, if necessary, through detection devices into reasonably usable form. The term "DOCUMENT" includes all copies of a document that contain any additional writing, marginalia, underlining, notes, deletions, modifications, or any other markings or notations, or are otherwise not identical copies of the original.

B. The terms "SECURE DATA NETWORK" and/or "SDN" means Secure Data Network, Inc. and the past and present employees, representatives, agents, and attorneys of Secure Data Network, Inc., and all subsidiaries, parent corporations, predecessors-in-interest, and successors-in-interest of Secure Data Network, Inc.

## DOCUMENTS TO BE PRODUCED

1. All DOCUMENTS that relate to the development, operation, and functionality of SECURE DATA NETWORK's products, including, but not limited to, SECURE DATA NETWORK's backup systems and backup services for computers.

2. All DOCUMENTS that relate to the distribution, sale, or licensing of SECURE DATA NETWORK's products, including, but not limited to, SECURE DATA NETWORK's backup systems and backup services for computers.

3. All advertising and/or marketing materials and other DOCUMENTS related to SECURE DATA NETWORK's products, including, but not limited to, SECURE DATA NETWORK's backup systems and backup services for computers.

13393431