IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ORACLE CORPORATION and<br>ORACLE AMERICA, INC., )<br>)<br>Plaintiffs, )<br>v. )<br>)<br>OASIS RESEARCH, LLC, )<br>)<br>Defendant. )<br>)<br>) | C.A. No. 1:11-cv-00679-ER<br><br>**FILED UNDER SEAL** |

---

**MEMORANDUM IN SUPPORT OF DEFENDANT OASIS RESEARCH, LLC'S
MOTION TO DISMISS COUNTS 1 – 6 AND COUNTS 9 AND 10 OF PLAINTIFFS'
AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

Brian E. Farnan (Bar No. 4089)
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801
(302) 777-0300 (Telephone)
(302) 777-0301 (Facsimile)
bfarnan@farnanlaw.com

Of Counsel:
Alan S. Kellman
Tamir Packin
Jason Berrebi
DESMARAIS LLP
230 Park Avenue
New York, NY  10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)
akellman@desmaraisllp.com
tpackin@desmaraisllp.com
jberrebi@desmaraisllp.com

Filed:  October 31, 2011

# TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................ 1

II.    NATURE AND STAGE OF THE PROCEEDINGS ........................................... 2

III.   SUMMARY OF THE ARGUMENT .................................................................. 2

IV.    FACTUAL BACKGROUND ............................................................................. 3

V.     ARGUMENT ...................................................................................................... 5

    A. Counts One Through Six And Counts Nine And Ten Of Oracle's Amended
       Complaint Present No Definite And Concrete Controversy Of Sufficient Immediacy
       And Reality Sufficient To Sustain Declaratory Judgment Jurisdiction ......................... 5

        1. Oracle Fails To Plead A Real, Immediate Case Or Controversy With Respect To
           Its '354, '228, '651, and '943 Patent Non-Infringement Claims ............................ 6

        2. Oracle's Declaratory-Judgment Claims Concerning Invalidity Fail Because No
           Declaratory Judgment Jurisdiction Exists Over Its Non-Infringement Claims For
           The '354, '228, '651, and '943 Patents. ............................................................... 7

VI.    CONCLUSION ................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

*Applera Corp. v. Michigan Diagnostics, LLC,*
594 F. Supp. 2d 150 (D. Mass. 2009)......................................................................5

*Aralac, Inc. v. Hat Corp. of Am.,*
166 F.2d 286 (3d Cir. 1948) ...................................................................................7

*Benitec Australia, Ltd. v. Nucleonics, Inc.,*
495 F. 3d 1340 (Fed. Cir. 2007) .............................................................................5

*Creative Compounds, LLC v. Starmark Labs.,*
99 U.S.P.Q.2d 1168 (Fed. Cir. 2011) .....................................................................7

*In re LimitNone, LLC,*
551 F.3d 572 (7th Cir. 2008) ..................................................................................1

*MedImmune, Inc. v. Genentech, Inc.,*
549 U.S. 118 (2007) ................................................................................................5

*Prasco, LLC v. Medicis Pharm. Corp.,*
537 F.3d 1329 (Fed. Cir. 2008) ..............................................................................5

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,*
549 U.S. 422 (2007) ................................................................................................1

*Trend Micro Corp. v. WhiteCell Software, Inc.,*
No. 10-02248, 2011 WL 499951 (N.D. Cal. Feb. 8, 2011)......................................5

**Statutes**

28 U.S.C. § 2201(a) .........................................................................................................5

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendant Oasis Research, LLC ("Oasis") respectfully moves to dismiss Counts One through Six and Counts Nine and Ten of Amended Complaint For Declaratory Judgment (D.I. 13) (the "Amended Complaint") filed by Plaintiffs Oracle Corporation and Oracle America, Inc. (collectively "Oracle"), because there is no declaratory-judgment subject-matter jurisdiction with respect to those claims.

## I.    INTRODUCTION

In an apparent effort to manufacture disputes that do not exist and thus waste the parties' and the Court's time, Oracle asserts declaratory-judgment claims against all six patents owned by Oasis, even though Oasis never accused Oracle of infringing four of those patents. Oracle claims that its software-as-a-service ("SAAS") services do not infringe Oasis' SAAS patents, online backup/storage patents, and electronic delivery patents. But Oasis only accused Oracle of infringing patents that include SAAS claims—the '579 patent and the '051 patent. There is no controversy regarding Oracle's SAAS services with respect to Oasis' online backup/storage patent claims or its electronic delivery patent claims. Accordingly, Counts One, Three, Five, and Nine, seeking a declaratory judgment that Oracle's SAAS services do not infringe the '354, '228, '651, or '943 patents should be dismissed for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Because there is no case or controversy between the parties with respect to infringement, Oracle's declaratory-judgment claims of invalidity of the '354, '228, '651, and '943 patents—Counts Two, Four, Six and Ten—should also be dismissed.[1]

---

[1] This motion does not affect the merits of Oasis' motion to transfer pursuant to 28 U.S.C. § 1404(a). (D.I. 9, Def.'s Mot.; D.I. 10, Def.'s Br. in Supp. at 1-2.)  In Oasis' view, the Court need not rule on this motion to dismiss, and instead after granting the transfer motion, should allow the court in Texas—which is familiar with the '354, '228, and '943 patents—to decide whether there is a case or controversy. *See Sinochem Int'l Co.* v. *Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 425 (2007) ("[A] court need not resolve whether it has authority to adjudicate the cause (subject-matter jurisdiction) or personal jurisdiction over the defendant if it determines that, in any event, a foreign tribunal is plainly the more suitable arbiter of the merits of the case."); *In re LimitNone, LLC,* 551 F.3d 572, 576 (7th Cir. 2008) ("[T]he district court was not required to determine its own subject-matter jurisdiction before ordering the case transferred."). Should this Court decide, however, to grant Oasis' Rule 12(b)(1) motion in full before considering transfer, Oasis' arguments regarding transfer based on judicial economy still apply. One of two—instead

## II.    NATURE AND STAGE OF THE PROCEEDINGS

Oracle filed its Complaint on August 8, 2011, seeking a declaration that U.S. Patent Nos. 5,771,354 ("the '354 patent"), 5,901,228 ("the '228 patent"), 6,014,651 ("the '651 patent"), 6,327,579 ("the '579 patent"), 6,411,943 ("the '943 patent"), and 7,080,051 ("the '051 patent") (collectively the "patents-in-suit") are not infringed by its Oracle On Demand and Oracle CRM On Demand services. Oracle also sought a declaration that the patents-in-suit are invalid. Oasis responded to Oracle's Complaint by filing a motion to dismiss all counts of the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because Oracle failed to comply with the pleading standards set forth by the Supreme Court in *Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal*. (D.I. 9, Def.'s Mot.; D.I. 10, Def.'s Br. in Supp. at 1-2.)

Oasis alternatively requested that the claims be transferred to the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a). In an effort to cure the defects raised in Oasis' Rule 12(b)(6) motion, Oracle filed an Amended Complaint on October 14, 2011, thereby mooting Oasis' Rule 12(b)(6) motion. Oasis' motion to transfer pursuant to 28 U.S.C. § 1404 is still pending. (*See* D.I. 9, Def.'s Mot.; *see also* D.I. 17, Scheduling Order.)

To the extent Oasis' request to transfer this case to the Eastern District of Texas is not granted, Oasis requests that Counts One through Six and Counts Nine and Ten of the Amended Complaint be dismissed pursuant to Rule 12(b)(1). Oasis files this motion in lieu of an answer to Oracle's Amended Complaint.

## III.    SUMMARY OF THE ARGUMENT

Counts One through Six and Counts Nine and Ten of Oracle's Amended Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because they relate to patents that Oasis never accused Oracle of infringing and for which Oracle had no basis to

---

of four of six—patents would overlap between this case and the Texas Action, *i.e.*, the '051 patent would still be common to both cases. And the 100-page specification is common to all of the patents regardless of how many are pending in each suit. Moreover, as argued in support of Oasis' motion to transfer, some of the prior art references are common to all six patents. (*See* D.I. 18, Def.'s Reply in Supp. at 4)

believe would be asserted against Oracle's SAAS services.  Accordingly, there is no definite and concrete controversy sufficient to sustain declaratory-judgment jurisdiction over those Counts.

## IV.  FACTUAL BACKGROUND

On May 26, 2011, Oasis sent Oracle a letter identifying itself as the owner of the six patents-in-suit, and inviting Oracle to engage in licensing discussions.  (D.I. 1, Ex. 1.)  Oasis specifically alleged that Oracle's online fee-based SAAS products, including both its Oracle On Demand and Oracle CRM On Demand services, infringed two patents—the '579 and '051 patents.  (*Id.*)  Oasis did not allege that Oracle infringed the other four patents.  (*Id.*)



Oracle's Amended Complaint alleges subject-matter jurisdiction because "[a] substantial controversy exists between Oracle and Oasis Research of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  (D.I. 13, Am. Compl. at ¶ 13.)  Oracle alleges three facts to support that allegation.  First, Oracle provides quotes from Oasis' May 26, 2011 letter to Oracle, discussed above.  (*Id.* at ¶ 8.)  Second, Oracle alleges that Oasis is a patent holding company that does not practice the patents-in-suit.  (*Id.* at ¶ 9.)  And third, Oracle alleges that Oasis has previously filed a patent infringement action, *i.e.*, the Texas Action.  (*Id.* at ¶ 10.)

Despite alleging in its Complaint that Oasis' letter establishes a controversy regarding patents that are not directed to SAAS features, Oracle has consistently taken the opposite position:  that SAAS has nothing to do with Oasis' non-SAAS patents, including Oasis' online backup/storage patents.  For example, Oracle alleges in its Amended Complaint that Oracle's SAAS products do not infringe the claims of the '354, '228 patent, or '943 patents—three

patents that Oasis *did not* allege were infringed by Oracle's SAAS products—because Oracle does not provide online backup/storage services.[2]  And Oracle again drew this distinction between SAAS and online backup/storage services in earlier briefing to the Court, arguing that the Texas Action has little relationship to the current case because *the infringement allegations in the Texas Action involve "online backup/storage services," whereas the current case involves "software as a service" services*.  (D.I. 14, Pls.' Answering Br. at 3-4; *see also* D.I. 14, Pls.' Answering Br. at 4 ("The products at issue in Texas do not relate in any way to Oracle's services at issue here; rather, they are described by Oasis as 'online backup/storage services' products and do not include any 'software as a service' offerings."); *Id.* at 10-11 ("The Texas Action involves different defendants with no affiliation to Oracle; entirely different products ('backup products') that are unrelated to the Oracle services at issue in this action (which Oasis describes as 'software as a service' services)...").)

---

[2] For example, the Amended Complaint states that:

- Oracle's SAAS products do not infringe the '354 Patent claims in part because they do not meet the element of "allowing the customer to sign up for backup services..." (D.I. 13, Am. Compl. at ¶ 22.)

- Oracle's SAAS products do not infringe the '228 Patent claims in part because they do not meet the element of "establishing a customer relationship between a customer and an online service provider providing an online auxiliary storage service..." (D.I. 13, Am. Compl. at ¶ 42.)

- Oracle's SAAS products do not infringe the '943 patent in part because they do not meet the element of "establishing a customer relationship between a customer having a computing device and an online service provider providing an offsite data storage service accessible over the Internet for backup, restore and/or archiving..." (D.I. 13, Am. Compl. at ¶ 124.)

## V.    ARGUMENT

### A.    Counts One Through Six And Counts Nine And Ten Of Oracle's Amended Complaint Present No Definite And Concrete Controversy Of Sufficient Immediacy And Reality Sufficient To Sustain Declaratory Judgment Jurisdiction.

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "A party seeking to base jurisdiction on the Declaratory Judgment Act bears the burden of proving that the facts alleged, 'under all the circumstances, show that there is a substantial controversy, between the parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F. 3d 1340, 1343 (Fed. Cir. 2007) (quoting *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007)).

The fear that a party will bring an infringement action is not enough to establish declaratory judgment jurisdiction. *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1338 (Fed. Cir. 2008) ("The existence of a patent is not sufficient to establish declaratory judgment jurisdiction."); *see also Trend Micro Corp. v. WhiteCell Software, Inc.*, No. 10-02248, 2011 WL 499951, at *4 (N.D. Cal. Feb. 8, 2011) ("The fact that [defendant] has positioned itself to be able to sue [plaintiff] on the '744 patent and is keeping open the option of doing so at some indefinite time in the future does not create a real and immediate controversy between [defendant] and [plaintiff]."). Similarly, an injury-in-fact that is not fairly traceable to the patentee is insufficient. *Prasco*, 537 F.3d at 1338. Whether declaratory-judgment jurisdiction exists by an affirmative act by the patentee concerning enforcement of his patent rights is determined on a patent-by-patent basis. *See, e.g., Trend Micro*, 2011 WL 499951 at *3 (finding no actual, imminent controversy between the parties because "[defendant] has not made any claim that [plaintiff] infringes the '744 patent. [Defendant] has not threatened or otherwise communicated with [plaintiff] regarding infringement of that patent."); *see also Applera Corp. v. Michigan Diagnostics, LLC*, 594 F. Supp. 2d 150, 160 (D. Mass. 2009) (finding that "[t]he

communications between the parties have not created a case or controversy" as to additional patents identified as owned by patentee, but not accused of being infringed).

**1.  Oracle Fails To Plead A Real, Immediate Case Or Controversy With Respect To Its '354, '228,'651, and '943 Patent Non-Infringement Claims.**

As an initial matter, Oasis does not contest that this Court has subject-matter jurisdiction over Oracle's claim that it does not infringe the '579 and '051 patents. Oasis accused Oracle's SAAS products of infringing the '579 and '051 patents, and sought a royalty for that infringement. In fact, as a result of Oasis' May 26, 2011 letter the parties sought to enter licensing discussions regarding those patents.

But the letter and surrounding circumstances demonstrate that there was never an actual controversy with respect to the other patents-in-suit. Oasis did not accuse Oracle of infringing those patents, and Oracle's Amended Complaint demonstrates the difference between Oasis' SAAS patents and those other patents. Oasis has never asserted that Oracle's SAAS products infringe any of the claims of the '354 patent, the '228 patent, and the '943 patent, which are directed at online backup/storage services. Even Oracle argues that "software as a service" services—at issue in this action—are different from and unrelated to "online backup/storage services" claimed in Oasis' other patents. (D.I. 14, Pls.' Answering Br. at 3-4; *see also* D.I. 14, Pls.' Answering Br. at 4 ("The products at issue in Texas do not relate in any way to Oracle's services at issue here; rather, they are described by Oasis as 'online backup/storage services' products and do not include any 'software as a service' offerings."); D.I. 14, Pls.' Answering Br. at 10-11 ("The Texas Action involves different defendants with no affiliation to Oracle; entirely different products ('backup products') that are unrelated to the Oracle services at issue in this action (which Oasis describes as 'software as a service' services)…").)

Rather than presenting an actual controversy, Oracle's Amended Complaint highlights the lack of controversy with respect to those claims. The Amended Complaint repeatedly alleges that Oracle's SAAS services do not infringe those patents because they are not online backup/storage services. (*See* D.I. 13, Am. Compl. at ¶ 22 (Oracle's SAAS services are not

"backup services"); *Id.* at ¶ 42 (Oracle's SAAS services are not "online auxiliary storage service[s]"); *Id.* at ¶ 124 (Oracle's SAAS services are not "offsite data storage service[s] accessible over the Internet for backup, restore and/or archiving").) But Oasis has never alleged that Oracle's SAAS services—the products/services at issue in this case (and accused of infringing the '579 and '051 patents in pre-suit correspondence)—are online backup/storage services. Because Oasis has not accused those services of infringing any of its online backup/storage patent claims, there is no actual case or controversy with respect to the '354, '228, and '943 patents.

The '651 patent, relates to a different invention—electronic software distribution services. Oracle's Amended Complaint again fails to show how that patent is related to Oracle's SAAS services.

Simply put, the case or controversy between the parties is limited to whether or not Oracle's SAAS services infringe the '051 and '579 patents. Under all of the circumstances, there is no case or controversy with respect to the Oracle SAAS services' non-infringement of the '354, '228, '651, and '943 patents.

> **2.    Oracle's Declaratory-Judgment Claims Concerning Invalidity Fail Because No Declaratory Judgment Jurisdiction Exists Over Its Non-Infringement Claims For The '354, '228, '651, and '943 Patents.**

Oracle's declaratory judgment claims concerning invalidity in Counts Two, Four, Six and Ten also fail because Oasis cannot establish declaratory judgment jurisdiction for its infringement claims concerning those patents. Absent an underlying legal cause of action, there is no dispute sufficient to establish a legal adverse interest as to the validity of a patent. *See Creative Compounds, LLC v. Starmark Labs.*, 99 U.S.P.Q.2d 1168, *33 (Fed. Cir. 2011) (vacating summary judgment of invalidity because the district court lacked declaratory judgment jurisdiction); *Aralac, Inc. v. Hat Corp. of Am.*, 166 F.2d 286, 295 (3d Cir. 1948) ("Where a person is not engaged in possible infringing conduct and with no intention of doing so, he lacks an interest in a controversy to support an action for declaratory judgment relief to test the validity

of a patent."). Accordingly, Oracle's declaratory judgment claims concerning invalidity of the '354, '228, '651, and '943 patents in Counts Two, Four, Six, and Ten should also be dismissed.

## VI.    CONCLUSION

For all of the foregoing reasons, Oasis respectfully requests that this Court enter an order dismissing Counts One through Six and Counts Nine and Ten of Oracle's Amended Complaint.

Dated:  October 31, 2011

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
919 North Market Street, 12th Floor
Wilmington, DE  19801
(302) 777-0300 (Telephone)
(302) 777-0301 (Facsimile)

*Counsel for Defendant*

Of Counsel:

Alan S. Kellman
Tamir Packin
Jason Berrebi
DESMARAIS LLP
230 Park Avenue
New York, NY  10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)
akellman@desmaraisllp.com
tpackin@desmaraisllp.com
jberrebi@desmaraisllp.com