IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ORACLE CORPORATION and<br>ORACLE AMERICA, INC.,<br><br>       Plaintiffs,<br><br>v.<br><br>OASIS RESEARCH, LLC,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 1:11-cv-00679-ER<br><br>**FILED UNDER SEAL** |

**REPLY BRIEF IN SUPPORT OF DEFENDANT OASIS RESEARCH, LLC's MOTION
TO DISMISS COUNTS 1 – 6 AND COUNTS 9 AND 10 OF PLAINTIFFS' AMENDED
COMPLAINT FOR DECLARATORY JUDGMENT**

                             Brian E. Farnan (Bar No. 4089)
                             919 North Market Street, 12th Floor
                             Wilmington, DE 19801
                             (302) 777-0300
                             (302) 777-0301
                             bfarnan@farnanlaw.com

Of Counsel:

Alan S. Kellman
Tamir Packin
Jason Berrebi
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)
akellman@desmaraisllp.com
tpackin@desmaraisllp.com
jberrebi@desmaraisllp.com

Filed: November 21, 2011

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1
II. ARGUMENT .................................................................................................................. 2
    A. Oracle Fails To Establish Subject-Matter Jurisdiction Under "All The Circumstances." .................................................................................................. 2
    B. Oasis Offered To Provide Oracle A Covenant Not To Sue ............................... 7
III. CONCLUSION ............................................................................................................... 7

i

## TABLE OF AUTHORITIES

**Cases**

*ABB Inc. v. Cooper Indus., LLC*,
   624 F.3d 1345 (Fed. Cir. 2011) ............................................................................... 4

*Applera Corp. v. Mich Diagnostics, LLC*,
   594 F. Supp. 2d 150 (D. Mass. 2009) ................................................................... 3, 4

*Dow Jones & Co., Inc. v. Ablaise Ltd.*,
   606 F.3d 1338 (Fed. Cir. 2010) ............................................................................... 7

*Hewlett-Packard Co. v. Acceleron LLC*,
   87 F.3d 1358 (Fed. Cir. 2009) ................................................................................. 6

*Jervis B. Webb Co. v. Southern Sys., Inc.*,
   742 F.2d 1388 (Fed. Cir. 1984) ............................................................................... 2

*MedImmune, Inc. v. Genentech, Inc.*,
   549 U.S. 118 (2007) ................................................................................................. 2

*Micron Tech., Inc. v. MOSAID Techs., Inc.*,
   518 F.3d 897 (Fed. Cir. 2008) ................................................................................. 4

*Plumtree Software, Inc. v. Datamize, LLC*,
   473 F.3d 1152 (Fed. Cir. 2006) ............................................................................... 5

*Prasco, LLC v. Medicis Pharma. Corp.*,
   537 F.3d 1329 (Fed. Cir. 2008) ........................................................................... 5, 6

Oasis Research, LLC ("Oasis") hereby submits this reply brief in support of its motion to dismiss counts one through six and nine and ten of Oracle's Amended Complaint. (D.I. 27)

## I. INTRODUCTION

Rather than focus on "all the circumstances," as required by *MedImmune*, Oracle attempts to base subject-matter jurisdiction on a few, out-of-context words in Oasis' assertion letter. But Oasis' letter as a whole, the claims of Oasis' patents, and the products at issue in this case do not—and cannot—create an objective case or controversy. Oasis' letter focuses on its "software-as-a-service" patents, and accuses Oracle "software-as-a-service" products of infringing Oasis' "software-as-a-service" patents. Under all the circumstances, there is no case or controversy regarding whether Oracle's software-as-a-service products infringe Oasis' non-software-as-a-service patents. To the extent this Court determines otherwise, Oasis has offered to and is prepared to execute a covenant not to sue Oracle on the '354, '228, '651, and '943 patents.

Oracle's argument that the Texas action—an action Oracle alleges has little to do with the current case—creates a case or controversy with Oracle is wrong. The online-backup-and-storage claims at issue in that case do not impact Oracle's software-as-a-service products, nor does Oracle allege that they do. While many of the issues (*e.g.*, claim-construction, validity) and facts (*e.g.*, inventor testimony, common patent specification, common file histories, common prior art) in the two cases overlap significantly—thus warranting transfer for judicial economy— the infringement allegations in the Texas matter could not reasonably have given Oracle any basis to believe that Oasis intended to accuse Oracle's software-as-a-service products of infringing Oasis' online-backup-and-storage claims.

Because a justiciable controversy exists only as to the infringement and validity of the two software-as-a-service patents that Oasis claimed were infringed by Oracle, Oracle's claims concerning the '354, '228, '651, and '943 patents should be dismissed.

## II.   ARGUMENT

### A.   Oracle Fails To Establish Subject-Matter Jurisdiction Under "All The Circumstances."

As an initial matter, the parties agree that Oracle bears the burden of proving that subject-matter jurisdiction exists under the "all the circumstances" test articulated by the Supreme Court in *MedImmune*, and as applied by the Federal Circuit. The parties also agree that declaratory-judgment subject-matter jurisdiction is proper only when "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Oracle Br. at 5-6 (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)). The parties only dispute the ***application*** of that standard.

Rather than focus on "all the circumstances," Oracle focuses on select circumstances in opposing Oasis' motion to dismiss. Oracle focuses on the existence of another Oasis lawsuit, and on portions of Oasis' letter to Oracle—which are taken out of context—in an effort to impute the controversy regarding the '051 and '579 patents to the '354, '228, '651, and '943 patents. But the existence of a case or controversy must be independently determined for each patent. *See Jervis B. Webb Co. v. Southern Sys., Inc.*, 742 F.2d 1388, 1399 (Fed. Cir. 1984) ("[T]he existence of a case or controversy must be evaluated on a claim-by-claim basis."). Oracle completely ignores the nature of Oasis' patents and the difference between claims directed towards online backup and storage services versus claims directed at software rental services.

*All* of the circumstances demonstrate that an actual case or controversy does not exist with respect to the '354, '228, '651, and '943 patents.

Read in its entirety, Oasis' letter demonstrates that only Oasis' software-a-as-service patents and Oracle's software-as-a-service products are properly at issue in this case. Oasis' letter begins by identifying Oasis Research, LLC and its patent portfolio, which "include[s] patents relating to software-as-a-service ('SAAS')." Oracle Br., at Ex. 1. The letter states that Oracle is benefiting from technologies and features covered by those patents, and continues to explain that Oracle's "SAAS products, including . . . Oracle on Demand and Oracle CRM on Demand . . . infringe at least Oasis' U.S. Patent Nos. 6,327,579 and 7,080,051." *Id.* The letter then ***encloses only the '579 patent and '051 patent***, not all six Oasis-owned patents. *Id.* The patents at issue in Oasis' letter thus are "patents relating to software-as-a-service." *Id.* It is Oracle's—not Oasis'—burden to demonstrate that subject-matter jurisdiction exists beyond those patents, and Oracle fails to do so.

*Applera Corp. v. Mich. Diagnostics, LLC*, 594 F. Supp. 2d 150 (D. Mass. Jan. 27, 2009) is directly on point. In that case the patentee, "sent a letter to Michigan Diagnostics advising Michigan Diagnostics of its extensive patent portfolio and notifying Michigan Diagnostics that it may be infringing patents owned" by the patentee. *Id.* at 158 (quoting Michigan Diagnostics LLC's Answer, Affirmative Defs., and Countercls.). That letter, just like Oasis' letter, included an enclosure listing patents owned by the patentee. *Id.* at 158-159. The patentee then sued Michigan Diagnostics on seven patents, and Michigan Diagnostics filed declaratory-judgment counterclaims of non-infringement on all sixty-two patents identified in the enclosure to the letter. *Id.* at 159-160. The court held that the communications between the parties "have not created a case or controversy as to whether the fifty-five additional Applied Biosystems patents

not sued upon are infringed by Michigan Diagnostics." *Id.* at 160. Citing *MedImmune*, the court further explained, "[t]here is no 'definite and concrete' dispute as to particular patents, except the seven patents as to which Applied Biosystems alleges infringement in its second amended complaint." *Id.* Oracle argues that the filing of a lawsuit on a subset of the patents by Applied Biosystems made it clear that it did not intend to pursue all sixty-two of its patents. Oracle Br. at 10. Based on Oracle's argument, if Oasis had actually sued Oracle on the '579 and '051 patents, there would be less of a case or controversy with respect to the other patents than exists absent such a lawsuit. That is wrong and is found nowhere in the *Applera* court's reasoning.

Oracle relies on *Micron Tech., Inc. v. MOSAID Techs., Inc.*, 518 F.3d 897 (Fed. Cir. 2008), for the proposition that declaratory-judgment subject-matter jurisdiction exists for patents even though they were not identified in letters and even if they are unrelated to patents that were identified in letters.[1] Oracle Br. at 8. But Oracle ignores that the *MOSAID* case related to DRAM patents, and Micron was one of the four leading DRAM manufacturers. 518 F.3d at 897. In that context, the court relied heavily on the fact that MOSAID had already sued Micron's ***DRAM competitors*** for infringing its ***DRAM patents***. *Id; see also ABB Inc. v. Cooper Indus., LLC*, 624 F.3d 1345, 1349 (Fed. Cir. 2011) ("[O]ur court recently applied the *MedImmune* standard in finding an infringement controversy where the declaratory defendant had sent veiled warnings to the declaratory plaintiff and had already sued ***other companies that produced the same product accused of infringement***.") (emphasis added). Unlike in *MOSAID*, Oasis has not

---

[1] While MOSAID may not have identified all of the patents by number in earlier letters, it did identify its "DRAM-related patent portfolio" in its licensing letters to Micron, and the patents from that portfolio were the ones involved in the declaratory-judgment litigation. *See* Brief for Micron Tech., Inc., *Micron Tech., Inc. v. MOSAID Techs., Inc.*, 518 F.3d 897 (Fed. Cir. 2008) (No. 2007-1080), 2007 WL 1766492 (licensing letter stated that MOSAID wanted to "explore [Micron's] receptivity to initiating discussions that might lead to MICRON's taking a license under MOSAID's DRAM-related patent portfolio").

4

sued Oracle's SAAS competitors for infringing the '354, '228, '943, or '651 patents. Instead, Oasis sued providers of online backup and storage services—services different from the SAAS services at issue in this case—for infringing the '354, '228, '943, and '051 patents. Accordingly, *MOSAID* does not support a finding of subject-matter jurisdiction for Oracle's declaratory-judgment counts related to the '354, '228, '943, and '651 patents.

Oracle also argues that in *Plumtree Software, Inc. v. Datamize, LLC*, 473 F.3d 1152 (Fed. Cir. 2006), the Federal Circuit found subject-matter jurisdiction in a declaratory-judgment action involving a patent in a letter and "an entirely different Datamize patent not mentioned in any letter." Oracle Br. at 6, n. 4. The two patents in the suit were not "entirely different" at all; instead, the court found that "the three patents all describe a similar technology." *Plumtree*, 473 F.3d at 1159.[2] The court also relied on the fact that "Datamize directly stated in response to an interrogatory [in a different action] that it believed Plumtree was infringing [both] patents." *Id.* at 1160. Oasis' patents span an array of different technologies; indeed most of the claims Oasis seeks to dismiss relate to online-backup-and-storage technology as opposed to software-as-a-service technology. Moreover, in stark contrast to an interrogatory response asserting infringement in the *Plumtree* case, here Oasis has no reason to believe that Oracle's SAAS products infringe the '354, '228, '943, and '651 patents.

---

[2] The Federal Circuit has also made clear that while "[p]rior litigious conduct is one circumstance to be considered in assessing whether the totality of circumstances creates an actual controversy", "one prior suit concerning different products covered by unrelated patents is not the type of pattern of prior conduct that makes reasonable an assumption that [patentee] will also take action against" a declaratory judgment plaintiff. *Prasco, LLC v. Medicis Pharma. Corp.*, 537 F.3d 1329, 1341 (Fed. Cir. 2008). While the patents in Oasis' prior lawsuit are related (and have related fields of prior art), the difference in the infringing products and allegations makes that circumstance entitled to "minimal weight", as in *Prasco* rather than the weight given the court in *Plumtree*. *See Prasco*, 537 F.3d at 1341 (holding that prior suit "is entitled to only minimal weight in analyzing whether such a controversy has been created").

5

Despite the nature of Oasis' letter, Oasis' patents, and the products at issue in the case, Oracle argues that there is a "cloud of uncertainty" with respect to the '354, '228, '943, and '651 patents. Any such "cloud" is purely subjective and cannot exist when considering all the circumstances. The test for subject-matter jurisdiction is objective, as the cases relied on by Oracle emphasize. *See Hewlett-Packard Co. v. Acceleron LLC*, 87 F.3d 1358, 1363 (Fed. Cir. 2009). And the subjective "cloud of uncertainty" claimed by Oracle with respect to the '354, '228, '943, and '651 patents is analogous to the subjective "paralyzing uncertainty" claimed by the declaratory-judgment plaintiff in *Prasco*, which was held to be insufficient to create subject-matter jurisdiction. 537 F.3d at 1338 (Fed. Cir. 2008).[3]

Oracle also argues that Oasis' status as a non-practicing entity reinforces the existence of subject-matter jurisdiction. But Oracle only cites a single case to support that proposition. In *Hewlett-Packard Co. v. Acceleron LLC*, the non-practicing entity's licensing letter identified the patent and explained that it "relates to Blade Servers." 587 F.3d at 1360. Moreover, the non-practicing entity imposed short deadlines to respond to its letters, insisted that the other party not file suit, and failed to accept a 120-day standstill proposal—all facts that were taken into account. *See id.* at 1363. In contrast, Oasis' online backup and storage claims do not relate to Oracle's on Demand or CRM on Demand products. Accordingly, under the "objective" test emphasized by the Federal Circuit in *Acceleron*, *see id.*, Oracle could not have viewed Oasis'

---

[3] Oracle also mischaracterizes the facts of *Prasco* arguing, "the patent owners in *Prasco* were not even aware of the existence of the product in the declaratory judgment action until after the complaint was served." Oracle Br. at 9. But the complaint at issue was an amended complaint, and the patentee's knowledge as of the filing of the original complaint was irrelevant. *See Prasco*, 537 F.3d at 1337 ("[I]t is the Amended Complaint that is currently under consideration, and it is the facts alleged in this complaint that form the basis for our review."). In fact, in denying subject-matter jurisdiction the court considered the fact that patentee did know about the competitor product and refused to provide a covenant not to sue with respect to that product. *Id.* at 1341. The *Prasco* decision also demonstrates that the *MedImmune* test is an objective test that cannot be met by a purely subjective or speculative fear of future harm. *Id.* at 1338-39.

6

letter as an assertion that Oracle's SAAS products infringe the '354, '228, '943, or '651 patents. Moreover, as discussed below, unlike Acceleron, Oasis did agree to provide Oracle with a covenant not to sue on those patents.

### B. Oasis Offered To Provide Oracle A Covenant Not To Sue.

Oracle acknowledges in a footnote that Oasis indicated it may be amenable to providing Oracle with a covenant not to sue with respect to the patents at issue in this motion to dismiss. But Oasis has done more than that. In response to Oracle's request for a covenant not to sue, Oasis offered to provide a covenant "not to sue Oracle and its customers, manufacturers, and distributors for direct or indirect infringement of any claim of the '354, '228, '651, and '943 patents arising from making, having made, using, selling, offering for sale, importing, exporting, and/or otherwise transferring or disposing of any past Oracle on Demand and/or Oracle CRM on Demand products or services, or Oracle on Demand and/or Oracle CRM on Demand products or services that exist as of the date of this covenant." Even if subject-matter jurisdiction existed at the time of Oracle's Amended Complaint—which it did not—that jurisdiction would be divested by such a covenant. *See Dow Jones & Co., Inc. v. Ablaise Ltd.*, 606 F.3d 1338, 1348–49 (Fed. Cir. 2010). Nonetheless, Oracle opposes Oasis' motion and represents to the Court that "no agreement has been reached" on such a covenant. Oracle Br. at 10, n. 7. Oasis is prepared to execute such a covenant if this Court finds that absent such a covenant, all of the circumstances support a finding of subject-matter jurisdiction.

### III. CONCLUSION

For all of the foregoing reasons, Oasis respectfully requests that this Court dismiss counts one through five, nine and ten of Oracle's Amended Complaint.

Dated: November 21, 2011

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

*Counsel for Defendant*

Of Counsel:

Alan S. Kellman
Tamir Packin
Jason Berrebi
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)
akellman@desmaraisllp.com
tpackin@desmaraisllp.com
jberrebi@desmaraisllp.com