# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| ORACLE CORPORATION AND ORACLE AMERICA, INC., <br><br>     Plaintiffs, <br><br>     v. <br><br> OASIS RESEARCH, LLC. <br><br>     Defendant. | Civil Action No. 11-CV-679-RGA <br><br> JURY TRIAL DEMANDED |

## OASIS'S ANSWER TO ORACLE'S AMENDED COMPLAINT

Defendant Oasis Research, LLC. ("Oasis") answers Plaintiff Oracle Corporation and Oracle America, Inc.'s amended complaint ("Amended Complaint") as follows:

## NATURE OF THE ACTION

1.    Oasis admits that Amended Complaint paragraph 1 purports to seek declaratory judgment of noninfringement and invalidity of six United States Patents. Denies the remaining allegations of Amended Complaint paragraph 1.

## PARTIES

2.    Admitted.

3.    Admitted.

4.    Oasis is a Delaware Limited Liability Company, formerly with a principal place of business at 104 E. Houston Street, Suite 190, Marshall, Texas 75670. Oasis' current mailing address is 4455 Camp Bowie Boulevard, Suite 114, PMB 74, Fort Worth, TX 76107.

5.    Oasis admits that it is incorporated in Delaware.  To the extent Oracle incorporates other acts in this paragraph alleged elsewhere, Oasis repeats and realleges the answers to those allegations as if fully set forth herein.

## JURISDICTION AND VENUE

6.    Oasis admits that Oracle purports to bring claims for declaratory judgment of noninfringement and invalidity of the '579 patent and certain claims of the '051 patent, and that this Court has jurisdiction over such claims, but denies that Oracle has any factual or legal basis for those claims.

7.    Oasis admits that it is subject to personal jurisdiction in the District of Delaware in this case.  Oasis denies the remaining allegations in Amended Complaint paragraph 7.

8.    Oasis admits that it owns U.S. Patent Nos. 5,771,354; 5,901,228; 6,014,651; 6,327,579; 6,411,943; and 7,080,051.  Oasis admits that counsel for Oasis sent a letter to Oracle on May 26, 2011 that is attached as Exhibit 1 to Oracle's Amended Complaint.  Oasis denies the remaining allegations in Amended Complaint paragraph 8.

9.    Oasis admits that it owns U.S. patents, including U.S. Patent Nos. 5,771,354; 5,901,228; 6,014,651; 6,327,579; 6,411,943; and 7,080,051, and that Oasis has obtained licensing revenues in connection with its assertions of those patents.

10.    Oasis admits that it filed a lawsuit in the Eastern District of Texas involving U.S. Patent Nos. 5,771,354; 5,901,228; 6,411,943; and 7,080,051.  Oasis denies the remaining allegations of Amended Complaint paragraph 10.

11.    Oasis admits that it did not invent the technology claimed in the Patents-in-Suit. Instead, Christopher M. Crawford invented the technology claimed in the Patents-in-Suit.  Oasis admits that it acquired the patents from Intellectual Ventures Computing Platforce Assets LLC. Oasis further admits that Oracle has not compensated Oasis for its unlawful use of the Oasis patents.  Oasis denies the remaining allegations of Amended Complaint paragraph 11.

12.    Oasis denies Amended Complaint paragraph 12.

13.    Oasis admits that Oracle purports to bring claims for declaratory judgment of noninfringement and invalidity of the '579 patent and certain claims of the '051 patent, and that this Court has jurisdiction over such claims, but denies that Oracle has any factual or legal basis for those claims.

## THE PATENTS

14.    Admitted.

15.    Admitted.

16.    Admitted.

17.    Admitted.

18.    Admitted.

19.    Admitted.

## COUNT I

20-28.  Oasis and Oracle agreed to a stipulation that was adopted by the Court on January 5, 2012, whereby Oracle dismissed COUNT I of the Amended Complaint.  No answer from Oasis is therefore required with respect to Amended Complaint paragraphs 20-28.

## COUNT II

29-39.  Oasis and Oracle agreed to a stipulation that was adopted by the Court on January 5, 2012, whereby Oracle dismissed COUNT II of the Amended Complaint.  No answer from Oasis is therefore required with respect to Amended Complaint paragraphs 29-39.

## COUNT III

40-52.  Oasis and Oracle agreed to a stipulation that was adopted by the Court on January 5, 2012, whereby Oracle dismissed COUNT III of the Amended Complaint.  No answer from Oasis is therefore required with respect to Amended Complaint paragraphs 40-52.

### COUNT IV

53-67.  Oasis and Oracle agreed to a stipulation that was adopted by the Court on January 5, 2012, whereby Oracle dismissed COUNT IV of the Amended Complaint.  No answer from Oasis is therefore required with respect to Amended Complaint paragraphs 53-67.

### COUNT V

68-84.  Oasis and Oracle agreed to a stipulation that was adopted by the Court on January 5, 2012, whereby Oracle dismissed COUNT V of the Amended Complaint.  No answer from Oasis is therefore required with respect to Amended Complaint paragraphs 68-84.

### COUNT VI

85-97.  Oasis and Oracle agreed to a stipulation that was adopted by the Court on January 5, 2012, whereby Oracle dismissed COUNT VI of the Amended Complaint.  No answer from Oasis is therefore required with respect to Amended Complaint paragraphs 85-97.

### COUNT VII

98.  Oasis repeats its answers to Amended Complaint paragraphs 1-97.

99.  Oasis denies Amended Complaint paragraph 99.

100.  At this time, Oasis lacks sufficient knowledge and information required to admit or deny the Amended Complaint paragraph 100, and on that basis denies it.

101.  At this time, Oasis lacks sufficient knowledge and information required to admit or deny the Amended Complaint paragraph 101, and on that basis denies it.

102.    At this time, Oasis lacks sufficient knowledge and information required to admit or deny the Amended Complaint paragraph 102, and on that basis denies it.

103.    At this time, Oasis lacks sufficient knowledge and information required to admit or deny the Amended Complaint paragraph 103, and on that basis denies it.

104.    Oasis denies Amended Complaint paragraph 104 with respect to claim 5 of the '579 patent.  At this time, Oasis lacks sufficient knowledge and information required to admit or deny the remaining allegations of Amended Complaint paragraph 104, and on that basis denies them.

105.    Oasis denies Amended Complaint paragraph 105 with respect to claim 5 of the '579 patent.  At this time, Oasis lacks sufficient knowledge and information required to admit or deny the remaining allegations of Amended Complaint paragraph 105, and on that basis denies them.

106.    Oasis denies Amended Complaint paragraph 106.

107.    Oasis denies Amended Complaint paragraph 107.

108.    Oasis denies Amended Complaint paragraph 108.

## COUNT VIII

109.    Oasis repeats its answers to Amended Complaint paragraphs 1-108.

110.    Oasis denies Amended Complaint paragraph 110.

111.    Oasis denies Amended Complaint paragraph 111.

112.    Oasis denies Amended Complaint paragraph 112.

113.    Oasis denies Amended Complaint paragraph 113.

114.    Oasis denies Amended Complaint paragraph 114.

115.    Oasis denies Amended Complaint paragraph 115.

116.    Oasis denies Amended Complaint paragraph 116.

117.    Oasis denies Amended Complaint paragraph 117.

118.    Oasis denies Amended Complaint paragraph 118.

119.    Oasis denies Amended Complaint paragraph 119.

120.    Oasis denies Amended Complaint paragraph 120.

121.    Oasis denies Amended Complaint paragraph 121.

## COUNT IX

122-130.    Oasis and Oracle agreed to a stipulation that was adopted by the Court on January 5, 2012, whereby Oracle dismissed COUNT IX of the Amended Complaint. No answer from Oasis is therefore required with respect to Amended Complaint paragraphs 122-130.

## COUNT X

131-142.    Oasis and Oracle agreed to a stipulation that was adopted by the Court on January 5, 2012, whereby Oracle dismissed COUNT X of the Amended Complaint. No answer from Oasis is therefore required with respect to Amended Complaint paragraphs 131-142.

## COUNT XI

143.    Oasis repeats its answers to Amended Complaint paragraphs 1-142.

144.    Oasis denies Amended Complaint paragraph 144.

145.    Oasis denies Amended Complaint Paragraph 145 with respect to claims 7 and 8 of the '051 patent. At this time, Oasis lacks sufficient knowledge and information required to admit or deny the remaining allegations of Amended Complaint paragraph 145, and on that basis denies them.

146.    Oasis denies Amended Complaint Paragraph 146 with respect to claims 7 and 8 of the '051 patent. At this time, Oasis lacks sufficient knowledge and information required to admit or deny the remaining allegations of Amended Complaint paragraph 146, and on that basis denies them.

147.    Oasis and Oracle agreed to a stipulation that was adopted by the Court on January 5, 2012, whereby Oasis agreed to not assert claim 9 of the '051 patent against Oracle.  No answer from Oasis is therefore required with respect to Amended Complaint paragraph 147.

148.    Oasis and Oracle agreed to a stipulation that was adopted by the Court on January 5, 2012, whereby Oasis agreed to not assert claim 9 of the '051 patent against Oracle.  No answer from Oasis is therefore required with respect to Amended Complaint paragraph 148.

149.    Oasis lacks sufficient knowledge or information to admit or deny Amended Complaint paragraph 149, and on that basis denies it.

150.    Oasis lacks sufficient knowledge or information to admit or deny Amended Complaint paragraph 150, and on that basis denies it.

151.    Oasis denies Amended Complaint paragraph 151.

152.    Oasis denies Amended Complaint paragraph 152.

153.    Oasis denies Amended Complaint paragraph 153.

## COUNT XII

154.    Oasis repeats its answers to Amended Complaint paragraphs 1-154.

155.    Oasis denies Amended Complaint paragraph 155.

156.    Oasis denies Amended Complaint paragraph 156.

157.    Oasis denies Amended Complaint paragraph 157.

158.    Oasis denies Amended Complaint paragraph 158.

159.    Oasis denies Amended Complaint paragraph 159.

160.    Oasis denies Amended Complaint paragraph 160.

161.    Oasis denies Amended Complaint paragraph 161.

162.    Oasis denies Amended Complaint paragraph 162.

163.    Oasis denies Amended Complaint paragraph 163.

164.    Oasis denies Amended Complaint paragraph 164.

165.   Oasis denies Amended Complaint paragraph 165.

166.   Oasis denies Amended Complaint paragraph 166.

167.   Oasis denies Amended Complaint paragraph 167.

## GENERAL DENIAL

Oasis further denies each and every allegation contained in the Amended Complaint to which Oasis has not specifically responded.

## PRAYER FOR RELIEF

WHEREFORE, Defendant Oasis respectfully requests that this Court enter judgment against Oracle as follows:

a)   denying Oracle the relief sought in its Amended Complaint;

b)   awarding Oasis the relief prayed for in Oasis's Counterclaims;

c)   declaring this case to be exceptional within the meaning of 35 U.S.C. § 285 and awarding Oasis the attorney fees, costs, and expenses it incurs in this action; and

d)   awarding Oasis such further relief at law or in equity as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Oasis hereby demands trial by jury on all claims and issues so triable.

## OASIS'S COUNTERCLAIMS

### The Parties

1.   Defendant OASIS RESEARCH, LLC ("Oasis") is a Delaware Limited Liability Company, formerly with a principal place of business at 104 E. Houston Street, Suite 190, Marshall, Texas 75670.  Oasis' current mailing address is 4455 Camp Bowie Boulevard, Suite 114, PMB 74, Fort Worth, TX 76107.

2.     Plaintiff ORACLE CORPORATION is a Delaware corporation with its principal place of business at 500 Oracle Parkway, Redwood Shores, CA 94065.  Oracle Corporation may be served with process by serving its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

3.     Plaintiff ORACLE AMERICA, INC. is a Delaware corporation with its principal place of business at 500 Oracle Parkway, Redwood Shores, CA 94065.  Oracle America, Inc. may be served with process by serving its registered agent, Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

## Nature of the Action

4.     This is a civil action for the infringement of United States Patent Nos. 6,327,579 ("the '579 Patent") (attached as Exhibit A), and 7,080,051 ("the '051 Patent") (attached as Exhibit B) (collectively, "the Patents-in-Suit") under the Patent Laws of the United States 35 U.S.C. §1 *et seq.*

## Jurisdiction and Venue

5.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331 and 1338(a).

6.     This Court has personal jurisdiction over Oracle Corporation and Oracle America, Inc. (collectively "Oracle") by virtue of, *inter alia*, Oracle's filing of the Amended Complaint against Oasis in this Court.

7.     Venue is proper in this judicial district as to Oracle pursuant to 28 U.S.C. §§1391 and 1400.

## The Patents-In-Suit

8.     On December 4, 2001, the '579 Patent, titled "Online Computer Services Including Help Desk, Anti-Virus and/or Application Service Features," was duly and legally

9

issued by the United States Patent and Trademark Office. Oasis is the assignee of all rights, title, and interest in the '579 Patent, and it possesses all rights to sue and recover for any current or past infringement of the '579 Patent.

9.      On July 18, 2001, the '051 Patent, titled "Internet Download Systems and Methods Providing Software To Internet Computer Users For Local Execution," was duly and legally issued by the United States Patent and Trademark Office. Oasis is the assignee of all rights, title, and interest in the '051 Patent, and it possesses all rights to sue and recover for any current or past infringement of the '051 Patent.

## Count I
### Infringement of U.S. Patent No. 6,327,579

10.     Oasis realleges and incorporates by reference the allegations set forth in Paragraphs 1-9 above as if fully set forth herein.

11.     Oracle, either alone or in conjunction with others, has directly infringed and continues to directly infringe claim 5 of the '579 Patent, either literally and/or under the doctrine of equivalents, by having made, made on its behalf, designed, offered for sale, sold, provided, used, maintained and supported its online fee-based SaaS products, including but not limited to Oracle CRM on Demand, and other similar online fee-based SaaS products, in this District and elsewhere in the United States.

12.     Oracle has received actual notice of infringement of the '579 patent at least as early as May 26, 2011 by virtue of the letter attached as Exhibit 1 to Oracle's Amended Complaint.

13.     Oracle has willfully infringed and continues to willfully infringe the '579 patent.

## Count II
### Infringement of U.S. Patent No. 7,080,051

14.     Oasis realleges and incorporates by reference the allegations set forth in Paragraphs 1-12 above as if fully set forth herein.

15.     Oracle, either alone or in conjunction with others, has directly infringed and continues to directly infringe, claims 7 and 8 of the '051 Patent, either literally and/or under the doctrine of equivalents, by having made, made on its behalf, designed, offered for sale, sold, provided, used, maintained and supported its online fee-based SaaS products, including but not limited to Oracle CRM on Demand, and other similar online fee-based SaaS products with the ability to access a database used by at least one other Internet computer user and/or the ability to route data to another Internet computer user, in this District and elsewhere in the United States.

16.     Oracle has received actual notice of infringement of the '051 patent at least as early as May 26, 2011 by virtue of the letter attached as Exhibit 1 to Oracle's Amended Complaint.

17.     Oracle has willfully infringed and continues to willfully infringe the '051 patent.

### Prayer For Relief

Wherefore, Defendant Oasis respectfully requests that this Court enter judgment against ORACLE CORPORATION and ORACLE AMERICA, INC. as follows:

a)     for judgment that Oracle has infringed U.S. Patent No. 6,327,579;

b)     for judgment that Oracle has infringed U.S. Patent No. 7,080,051;

c)     for damages to be paid by Oracle adequate to compensate Oasis for past infringement and any continuing or future infringement up until the date such judgment is entered, including pre and post judgment interest, costs and disbursements as justified under 35 U.S.C. § 284;

d)      for judgment that Oracle has willfully infringed the '579 patent and trebling all damages awarded to Oasis for such infringement under 35 U.S.C. § 284;

e)      for judgment that Oracle has willfully infringed the '051 patent and trebling all damages awarded to Oasis for such infringement under 35 U.S.C. § 284;and

f)      for such further relief at law or in equity as the Court deems just and proper.

### Demand For Jury Trial

Oasis hereby demands a trial by jury on all claims and issues so triable.

FARNAN LLP

DATED: January 18, 2012

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

*Counsel for Defendant*
*Oasis Research, LLC*

*Of Counsel:*

John M. Desmarais
jdesmarais@desmaraisllp.com
Alan S. Kellman
akellman@desmaraisllp.com
Jason Berrebi
jberrebi@desmaraisllp.com
Dmitriy Kheyfits
dkheyfits@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)